T. MATTHEW PHILLIPS, ESQ.
Calif. State Bar No. 165833
4894 W. Lone Mountain Rd., No. 132
Las Vegas, Nevada 89130
Tel: (323) 314-6996
TMatthewPhillips@aol.com
*Appellants' Counsel*

# UNITED STATES COURT *of* APPEALS

## NINTH CIRCUIT

| | |
|---|---|
| 1.  JASON D'SOUZA | Court of Appeals:  24-2537 |
| 2.  KRISTINA EISENACHER | [2:23-cv-08230-SVW-E] |
| 3.  ROB EMERT | |
| 4.  JENNIFER GARNICA | APPELLANTS' |
| 5.  KRISTEN JOSEPH | EXCERPTS *of* RECORD, |
| 6.  RHONDA REYNA | [Circuit Rule 30-1]. |
| 7.  PATRICIA BOONE | |
| 8.  MARK FIDELMAN | |
| 9.  DAVID KING | |
| 10. ALISA ROTHMAN | |
| | |
| *Plaintiffs* | |
| | |
| vs. | |
| | |
| HON. PATRICIA GUERRERO | |
| *In Her Honor's Official Capacity* | |
| *as Council Chair for the* | |
| *Judicial Council of California* | |
| | |
| *Defendants* | |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INDEX

Document                                                                    Page No.

*Order*, [(Doc. #25); (03/18/24, (entered 03/20/24)] . . . . . . . . . . .    4

*Reply Brief*, [(Doc. #19); (02/12/24)] . . . . . . . . . . . . . . . . . . . . . .    6

*Request for Judicial Notice*, [(Doc. #18); (01/30/24)] . . . . . . . . . .    27

*Opposition to Motion to Dismiss*, [(Doc. #17); (01/30/24)] . . . . . . .    45

*Motion to Dismiss*, [(Doc. #16); (01/16/24)] . . . . . . . . . . . . . . . . .    85

*First Amended Complaint*, [(Doc. #8); (10/10/23)] . . . . . . . . . . . .    98

*Notice of Appeal*, (04/17/24) . . . . . . . . . . . . . . . . . . . . . . . . . . . .    113

*Lower Court Docket Sheet* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    117

/ / / /

/ / / /

/ / / /

Dated: **July 3, 2024**              *Respectfully Submitted,*

_T. Matthew Phillips_

T. Matthew Phillips, Esq.
Calif. State Bar No. 165833
Email: TMatthewPhillips@aol.com
Phone: (323) 314-6996
*Appellants' Counsel.*

\*       \*       \*

# Order

(Doc. #25); (03/18/24)

(entered 03/20/24)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-08230-SVW-E | Date | March 18, 2024 |
|---|---|---|---|
| Title | Jason DSouza et al v. Hon. Patricia Guerrero | | |

Present: The Honorable    STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | April Lassiter-Benson | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| T. Matthew Phillips | Matthew L. Green |

**Proceedings:**    MOTION to Dismiss First Amended Complaint/MOTION to Dismiss for Lack of Jurisdiction filed by Defendant [16]

The motion is granted.

| | : | 05 |
|---|---|---|
| Initials of Preparer | | PMC |

# Reply Brief

(Doc. #19); (02/12/24)

1    MATTHEW L. GREEN, Bar No. 227904
matthew.green@bbklaw.com
2    BEST BEST & KRIEGER LLP
655 West Broadway, 15th Floor
3    San Diego, California  92101
Telephone:  (619) 525-1300
4    Facsimile:   (619) 233-6118

5    Attorneys for Defendant
HON. PATRICIA GUERRERO, Chief Justice
6    of California and Chair of the Judicial Council
of California

7

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                    WESTERN DIVISION

11

| | |
|---|---|
| 12  JASON D'SOUZA; et al., | Case No. 2:23-cv-08230-SVW-E |
| 13          Plaintiffs, | Judge: Hon. Stephen V. Wilson |
| 14     v. | REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT |
| 15  HON. PATRICIA GUERRERO, In Her Honor's Official Capacity as | |
| 16  Council Chair for the Judicial Council of California, | Date:       February 26, 2024<br>Time:      1:30 p.m. |
| 17          Defendant. | Courtroom:  First Street Courthouse 350 W. First Street |
| 18 | Courtroom 10A, 10th Floor Los Angeles, CA 90012 |

19

20

21

22

23

24

25

26

27

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

**TABLE OF CONTENTS**

Page

I.    REPLY ................................................................................................. 6

II.   ARGUMENT ...................................................................................... 7

      A.    PLAINTIFFS' ACTION IS FORECLOSED BECAUSE CHIEF
            JUSTICE GUERRERO IS A STATE OFFICIAL ......................... 7

            1.    Binding Ninth Circuit Precedent Recognizes That The
                  Judicial Council Is A State Entity. .................................. 8

            2.    Plaintiffs' Attack Of *Wolfe* Also Ignores Other Binding
                  Circuit Caselaw Regarding The Eleventh Amendment. ...... 8

            3.    The Judicial Council Is Unequivocally A State Entity. ......... 11

                  a.    Intent. ...................................................... 11

                  b.    Control. .................................................... 12

                  c.    Treasury. .................................................. 13

      B.    JUDICIAL IMMUNITY PRECLUDES PLAINTIFFS'
            CHALLENGE AGAINST ADVERSE CHILD CUSTODY
            ORDERS .................................................................................. 16

      C.    THE *ROOKER-FELDMAN* DOCTRINE ALSO PROHIBITS
            PLAINTIFFS' ACTION ........................................................... 18

III.  CONCLUSION .................................................................................. 19

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

REPLY MEM. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
2:23-CV-08230-SVW-E

1

# TABLE OF AUTHORITIES

**Page**

2

**Federal Cases**

*Bradley v. Fisher*
13 Wall. 335 (1872)............................................................17

*Doe & Assoc. Law Offices v. Napolitano*
252 F.3d 1026 (9th Cir. 2001) ...........................................18

*Hart v. Massanari*
266 F.3d 1155 (9th Cir. 2001) .............................................8

*Hess v. Port Authority Trans-Hudson Corp.*
513 U.S. 30 (1994) .....................................................7, 8, 9

*Kohn v. State Bar of California*
87 F.4th 1021 (9th Cir. 2023)......................................*passim*

*Mireles v. Waco*
502 U.S. 9 (1991) ...............................................................17

*Monell v. Department of Social Services*
436 U.S. 658 (1978) .........................................................6, 7

*Monell, Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*
616 F.3d 963 (9th Cir. 2010) .............................................16

*Pierson v. Ray*
386 U.S. 547 (1967) ...........................................................17

*Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*
506 U.S. 139 (1993) .............................................................9

*Schmidt v. Contra Costa County*
693 F.3d 1122 (9th Cir. 2012)............................................11

*Seminole Tribe of Florida v. Florida*
517 U.S. 44 (1996) ...............................................................9

*In re Thomas*
508 F.3d 1225 (9th Cir. 2007)............................................17

*Will v. Michigan Dept. of State Police*
491 U.S. 58 (1989) .............................................................16

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

REPLY MEM. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
2:23-CV-08230-SVW-E

*Wolfe v. Strankman*
    392 F.3d 358 (9th Cir. 2004) ....................................................................*passim*

*Worldwide Church of God v. McNair*
    805 F.2d 888 (9th Cir. 1986) ................................................................... 18

**State Cases**

*Sara M. v. Superior Court*
    36 Cal.4th 998 (Cal. 2005) ..................................................................... 12

*Silverbrand v. County of Los Angeles*
    46 Cal.4th 106 (Cal. 2009) ..................................................................... 11

**Federal Statutes**

42 U.S.C. § 1983 ............................................................................... 6, 7, 16

**State Statutes**

Cal. Gov. Code, § 811.9 ............................................................................ 15

Cal. Gov. Code, § 825 ............................................................................... 15

Cal. Gov. Code, § 900.3 ............................................................................ 14

Cal. Gov. Code, § 940.3 ............................................................................ 14

Cal. Gov. Code, § 965 ............................................................................... 14

Cal. Gov. Code, § 995 ............................................................................... 15

Cal. Gov. Code, § 996 ............................................................................... 15

Cal. Gov. Code, § 11045 ........................................................................... 15

Cal. Gov. Code, § 68070 ........................................................................... 11

Cal. Gov. Code, § 68500 ......................................................................... 8, 13

Cal. Gov. Code, § 68502.5 ......................................................................... 13

Cal. Gov. Code, § 68506 ........................................................................... 13

Cal. Gov. Code, § 70391 ........................................................................... 11

Cal. Gov. Code, § 77100 ........................................................................... 13

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REPLY MEM. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
2:23-CV-08230-SVW-E

Cal. Gov. Code, § 77101 ...................................................................... 13

Cal. Gov. Code, § 77200 ...................................................................... 13

Cal. Gov. Code, § 77204 .................................................................. 14, 15

Cal. Gov. Code, § 77206 ...................................................................... 13

**Rules**

Cal. Rules of Ct., Rule 10.1 ................................................................. 12

Cal. Rules of Ct., Rule 10.2 ................................................................. 12

Cal. Rules of Ct., Rule 10.3 ................................................................. 12

Cal. Rules of Ct., Rule 10.101 ............................................................. 13

Cal. Rules of Ct., Rule 10.202 ........................................................ 15, 16

**Constitutional Provisions**

Eleventh Amendment ...................................................................*passim*

Cal. Const. art. VI, § 6 ............................................................... 8, 11, 12

Best Best & Krieger LLP
Attorneys at Law
655 West Broadway, 15th Floor
San Diego, California 92101

REPLY MEM. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
2:23-CV-08230-SVW-E

Defendant the Honorable Patricia Guerrero, Chief Justice of California and Chair of the Judicial Council of California ("Judicial Council"), respectfully submits the following reply memorandum in support of her motion to dismiss the First Amended Complaint ("FAC") filed by Plaintiffs Jason D'Souza, Kristina Eisenacher, Rob Emert, Jennifer Garnica, Kristen Joseph, Rhonda Reyna, Patricia Boone, Mark Fidelman, David King, and Alisa Rothman (collectively, "Plaintiffs").

## I.    **REPLY**

As detailed in Chief Justice Guerrero's moving papers, Plaintiff's 42 U.S.C. § 1983 action asserts a single claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) based on the Judicial Council's purported policy of failing to train California superior court judges regarding parents' fundamental rights. According to Plaintiffs, they are "challeng[ing] the statewide, continuous and ongoing, unconstitutional 'policies' of judicial policymakers, which Plaintiffs contend is the cause-in-fact of rampant judicial kidnappings of Plaintiffs' children – and multitudes of children statewide." (Dkt. No. 17 at 2:17-20.) The FAC seeks damages for these so-called "judicial kidnappings," as well as injunctive relief compelling the Judicial Council to provide training to state court judges concerning parental rights. (Dkt. No. 8 ¶¶ 4-13, 16-17, 61-62, 65(d)-(e); Dkt. No. 17 at 2:17-20.)

Chief Justice Guerrero moved to dismiss the FAC on the grounds (1) that she is a state official and is thus neither a "person" within the meaning of 42 U.S.C. § 1983, nor subject to *Monell* liability; (2) that the Eleventh Amendment forecloses the damages action because Chief Justice Guerrero is a state official; (3) that no liability under 42 U.S.C. § 1983 lies against Chief Justice Guerrero based on trial courts' purportedly erroneous child custody orders entered against Plaintiffs; (4) that the doctrine of judicial immunity bars the action to the extent the FAC attacks the underlying child custody orders; and (5) that the *Rooker-Feldman* doctrine similarly precludes the action insofar as the FAC challenges child custody orders. (Dkt. No. 16 ¶¶ 1-5.)

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

1    Plaintiffs devote the bulk of their opposition to arguing that the Judicial
2 Council is not a state entity, and hence Chief Justice Guerrero is not a state official,
3 and that a viable 42 U.S.C. § 1983 claim under *Monell* therefore lies against Chief
4 Justice Guerrero. (Dkt. No. 17 at 3:1-9:4, 14:6-27.) Despite Plaintiffs' improper
5 request that this Court disregard binding precedent, it is uncontroverted that the Ninth
6 Circuit has recognized that the Judicial Council is "clearly a state agency." *Wolfe v.*
7 *Strankman*, 392 F.3d 358, 364 (9th Cir. 2004), *overruled on other grounds by Munoz*
8 *v. Superior Court of Los Angeles County*, --- F.4th ---. 2024 WL 89380, at *2-3 (9th
9 Cir. Jan. 9, 2024); (*see* Dkt. No. 17 at 3:1-9:4). That Chief Justice Guerrero is a state
10 official is fatal to Plaintiffs' entire action. Plaintiffs' remaining arguments concerning
11 judicial immunity and the *Rooker-Feldman* doctrine are also unavailing. The Court
12 should therefore grant Chief Justice Guerrero's motion to dismiss the FAC with
13 prejudice.

**II.    ARGUMENT**

### A.    PLAINTIFFS' ACTION IS FORECLOSED BECAUSE CHIEF JUSTICE GUERRERO IS A STATE OFFICIAL

17    As reflected in their opposition, Plaintiffs' action is predicated entirely on the
18 mistaken notion that the Judicial Council is not a state entity, and Chief Justice
19 Guerrero is thus not a state official. (Dkt. No. 17 at 3:1-9:4, 14:6-27.) To support
20 their theory, Plaintiffs rely solely on *Hess v. Port Authority Trans-Hudson Corp.*, 513
21 U.S. 30 (1994), in which the Supreme Court held that the Port Authority Trans-
22 Hudson Corporation (PATH) – a bistate entity created under the Constitution's
23 Interstate Compact Clause – is not cloaked with Eleventh Amendment immunity. 513
24 U.S. at 32-33, 35. The Supreme Court reasoned that PATH is "[a] discrete entity
25 created by constitutional compact among three sovereigns, … is financially self-
26 sufficient[,] [] generates its own revenues, and [] pays its own debts[,]" and that
27 "[r]equiring [it] to answer in federal court … does not touch the concerns – the States'
28 solvency and dignity – that underpin the Eleventh Amendment." *Id.* at 52. Plaintiffs'

Best Best & Krieger LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

REPLY MEM. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
2:23-CV-08230-SVW-E

reliance on *Hess* is misplaced for multiple reasons.

### 1. Binding Ninth Circuit Precedent Recognizes That The Judicial Council Is A State Entity.

It is well-settled that "[c]ircuit law … binds all courts within a particular circuit, including the court of appeals itself." *Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001). The Ninth Circuit has explained binding precedent as follows:

> A district judge may not respectfully (or disrespectfully) disagree with his learned colleagues on his own court of appeals who have ruled on a controlling legal issue, or with Supreme Court Justices writing for a majority of the Court.[] Binding authority within this regime cannot be considered and cast aside; it is not merely evidence of what the law is. Rather, caselaw on point *is* the law. If a court must decide an issue governed by a prior opinion that constitutes binding authority, the later court is bound to reach the same result, even if it considers the rule unwise or incorrect. Binding authority must be followed unless and until overruled by a body competent to do so. *Id.* at 1171 (footnote omitted and emphasis in original).

Here, the question of whether the Judicial Council is a state entity was expressly considered and decided by the Ninth Circuit in *Wolfe*. 392 F.3d at 364 (noting "[w]hether the Judicial Council is a proper party to a suit brought under § 1983 therefore depends on whether it is a state agency[]"). Given "[t]he Judicial Council directs and administers the California courts[]" under the mandate of the California Constitution, the Ninth Circuit appropriately concluded "it is clearly a state agency." *Id.* (citing Cal. Const. art. VI, § 6(d); Cal. Gov. Code §§ 68500, *et seq*.). Regardless of Plaintiffs' criticism thereof, this Court is bound by *Wolfe* and its holding that the Judicial Council is a state entity.

### 2. Plaintiffs' Attack Of *Wolfe* Also Ignores Other Binding Circuit Caselaw Regarding The Eleventh Amendment.

While this Court need not revisit the wisdom of *Wolfe*, Plaintiffs' principal criticism of *Wolfe* is that the Ninth Circuit never mentioned *Hess* nor the "state

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

REPLY MEM. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
2:23-CV-08230-SVW-E

1    treasury criterion" discussed therein, "which asks 'whether a judgment against the

2    entity must be satisfied out of a State's treasury[.]'" (Dkt. No. 17 at 7:7-14; *id.* at

3    3:15-18.) Although immaterial to the disposition of Chief Justice Guerrero's motion

4    to dismiss, Plaintiffs' critique of *Wolfe* is unavailing.

5           As an initial matter, *Hess* is inapposite given the nature of the entity at issue

6    therein. PATH is a discrete, bistate entity established under the Constitution's

7    Interstate Compact Clause, which entities the Supreme Court recognized "occupy a

8    significantly different position in our federal system than do the States themselves."

9    *Hess*, 513 U.S. at 35, 40. Moreover, "[PATH] was conceived as a financially

10   independent entity, with funds primarily derived from private investors[,]" where

11   "[t]olls, fees, and investment income account for [PATH]'s secure financial

12   position." *Id.* (internal quotation marks and citations omitted). As detailed *infra*, the

13   Judicial Council bears no similarity whatsoever to PATH.

14          Furthermore, the Supreme Court has since clarified that "[t]he Eleventh

15   Amendment does not exist solely in order to 'preven[t] federal-court judgments that

16   must be paid out of a State's treasury[.]'" *Seminole Tribe of Florida v. Florida*, 517

17   U.S. 44, 58 (1996) (quoting *Hess*, 513 U.S. at 48). Rather, "[the Eleventh

18   Amendment] also serves to avoid 'the indignity of subjecting a State to the coercive

19   process of judicial tribunals at the instance of private parties[.]'" *Id.* (quoting *Puerto

20   Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146

21   (1993)).

22          Additionally, the proper test for determining whether an entity is a state agency

23   cloaked with Eleventh Amendment immunity was recently considered by an en banc

24   panel of the Ninth Circuit in *Kohn v. State Bar of California*, 87 F.4th 1021 (9th Cir.

25   2023), which Plaintiffs inexplicably ignore. In *Kohn*, the Ninth Circuit rejected the

26   notion that courts "should continue to prioritize the treasury factor." 87 F.4th at 1028.

27          The Ninth Circuit instead adopted a three-factor test for determining whether

28   an entity is an arm of the State. 87 F.4th at 1031. Under this test, courts must consider

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

REPLY MEM. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
2:23-CV-08230-SVW-E

the following factors: "(1) the [s]tate's intent as to the status of the entity, including the functions performed by the entity; (2) the [s]tate's control over the entity; and (3) the entity's overall effects on the state treasury." *Id.* at 1030 (internal quotation marks and citations omitted). The Ninth Circuit further described the three factors as follows:

> The first factor of intent turns on whether state law expressly characterizes the entity as a governmental instrumentality rather than as a local governmental or non-governmental entity; whether the entity performs state governmental functions; whether the entity is treated as a governmental instrumentality for purposes of other state law; and state representations about the entity's status. [Citation.] The second factor depends on how members of the governing body of the entity are appointed and removed, as well as whether the state can "directly supervise and control [the entity's] ongoing operations." [Citation.] And, the third factor, though relevant, is not dispositive. While [the plaintiff] argues that this factor is the most important, … the Eleventh Amendment "does not require a focus solely on the financial impact of the entity on the [s]tate" because the Eleventh Amendment is equally concerned with "the dignity interests of the state." *Id.*

Applying these three factors, the Ninth Circuit held that the State Bar of California ("State Bar") is "an arm of the state and entitled to sovereign immunity." *Id.* at 1032. The Ninth Circuit reached this conclusion despite there being "no dispute that California law makes the State Bar responsible for its own debts and liabilities," and that "California would not be liable for a judgment against the State Bar." *Id.* at 1036. The Ninth Circuit reasoned that "th[e] third factor is not dispositive[;]" that "[g]iven that the intent and control factors strongly favor the conclusion that California 'structured' the State Bar to 'enjoy the special constitutional protection of the [s]tate[ ] [itself],' the third factor, placed in its proper context, cannot overcome the first two[;]" and that the Ninth Circuit "[saw] no reason to disturb [its] nearly forty-year-old determination that the California State Bar is an arm of the state and

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

1  entitled to immunity in federal court." *Id.* at 1037.

2           3.     The Judicial Council Is Unequivocally A State Entity.

3       The application of the Eleventh Amendment to the Judicial Council is even

4  more compelling than the State Bar, as the intent, control, and treasury factors all

5  strongly support the Judicial Council's immunity.

6                 a.     Intent.

7       Starting with the intent factor, the Judicial Council was created by the

8  California Constitution, and its constitutionally prescribed role is as follows:

9
10
11
12
13  > To improve the administration of justice the council shall survey judicial business and make recommendations to the courts, make recommendations annually to the Governor and Legislature, adopt rules for court administration, practice and procedure, and perform other functions prescribed by statute. The rules adopted shall not be inconsistent with statute. Cal. Const. art. VI, § 6(d).

14

15       Not only does "[t]he Judicial Council direct[] and administer[] the California

16  courts[,]" *Wolfe.* 392 F.3d at 364, but it is also "the entity charged by the California

17  Constitution with adopting statewide rules for court administration, practice, and

18  procedure." *Silverbrand v. County of Los Angeles*, 46 Cal.4th 106, 125 (Cal. 2009);

19  *see also* Cal. Gov. Code, § 70391 (noting the Judicial Council is "the policymaking

20  body for the judicial branch"). The California Legislature has provided that "[t]he

21  Judicial Council is encouraged to adopt rules to provide for uniformity in rules and

22  procedures throughout all courts in a county and statewide." Cal. Gov. Code,

23  § 68070(b). Such rules are "adopted [in] the California Rules of Court, which have

24  the force of statute to the extent that they are not inconsistent with legislative

25  enactments and constitutional provisions." *Schmidt v. Contra Costa County*, 693 F.3d

26  1122, 1133 (9th Cir. 2012) (internal quotation marks and citations omitted).

27       That the Judicial Council is a state entity and performs government functions

28  typically performed by state governments is also underscored by the California Rules

Best Best & Krieger LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

REPLY MEM. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
2:23-CV-08230-SVW-E

of Court themselves. The Rules of Court expressly provide that "[t]he Judicial Council … is a state entity established by the California Constitution and chaired by the Chief Justice of California." Cal. Rules of Ct., rule 10.1(a)(1). The Rules of Court also identify the Judicial Council's purpose, which is to "set[] the direction for improving the quality of justice and advancing the consistent, independent, impartial, and accessible administration of justice by the judicial branch for the benefit of the public." *Id.* Indeed, the Judicial Council "establishes policies and sets priorities for the judicial branch of government." *Id.*, rule 10.1(a)(2); *see also id.* rule 10.1(a)(3), Appendix D (setting forth Judicial Council Governance Policies).

California courts have also appropriately recognized that the Judicial Council is a state entity. The California Supreme Court has specifically described the Judicial Council as "an agency in the judicial branch of state government." *Sara M. v. Superior Court*, 36 Cal.4th 998, 1013 (Cal. 2005). The intent factor therefore clearly favors the conclusion that the Judicial Council is a state entity.

b. Control.

"The second factor of control considers, first, how the directors and officers of the entity are appointed." *Kohn*, 87 F.4th at 1035 (internal quotation marks and citations omitted). The composition of the Judicial Council is prescribed by the California Constitution. Cal. Const. art. VI, § 6(d). The Judicial Council consists of the Chief Justice; another justice of the California Supreme Court, three justices of the California Courts of Appeal, ten judges of the California superior court, two nonvoting court administrators, and other nonvoting members, each of which is appointed by the Chief Justice; four members of the State Bar appointed by its Board of Trustees; and one member from each house of the Legislature appointed by that house. *Id.*; Cal. Rules of Ct., rules 10.2(a)(1), 10.3. The California Constitution also authorizes the Judicial Council to appoint an Administrative Director, who serves as the secretary of the Judicial Council and is a nonvoting member of the Council. Cal. Const. art. VI, § 6(c); Cal. Rules of Ct., rule 10.2(b)(4).

Best Best & Krieger LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

REPLY MEM. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
2:23-CV-08230-SVW-E

1    The authority to appoint officers, assistants, and other employees at the
2 Judicial Council is also dictated by the Legislature. Namely, the Legislature has
3 granted such authority to the Judicial Council. Cal. Gov. Code § 68500. The
4 appointment and composition of the members of the Judicial Council, along with its
5 staff, therefore takes place entirely at the state level.

6    The State's control over the Judicial Council, and the entire judicial branch,
7 also extends far beyond its composition. One notable example is the budget process.
8 The Legislature has tasked the Judicial Council with budget and fiscal management
9 of California's courts. Cal. Gov. Code §§ 68502.5, 77206. Following a lengthy,
10 internal review and approval process each year, the Judicial Council forwards a
11 proposed budget for the California's entire judicial branch to the Governor for
12 inclusion in the Governor's proposed State Budget. *Id.* § 68502.5; Cal. Rules of Ct.,
13 rule 10.101. Thus, while the Judicial Council participates in preparing the State's
14 judicial branch's budget, which includes the Council's own funding, the Governor
15 and Legislature are ultimately responsible for approval of the budget and funding the
16 judicial branch. *See* Cal. Gov. Code § 68506 (requiring salaries and expenses
17 incurred by the Judicial Council to be audited by the State Controller); *see also id.*
18 §§ 77100, 77101 (recognition by Legislature that the expenditure of state funds for
19 California's trial courts is "in the public interest and necessary …"); *id.* § 77200
20 (placing "sole responsibility for the funding of court operations" on the State). The
21 control factor therefore also clearly weights in favor of recognizing the Judicial
22 Council is a state entity.

23              c.    <u>Treasury</u>.

24    The final factor is the Judicial Council's "financial relationship to California
25 and its overall effects on California's treasury." *Kohn*, 87 F.4th at 1035 (citations
26 omitted). "In analyzing this third factor ... the relevant issue is a [s]tate's overall
27 responsibility for funding the entity or paying the entity's debts or judgments, not
28 whether the [s]tate would be responsible to pay a judgment in the particular case at

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

issue." *Id.* (internal quotation marks, citations, and emphasis omitted). Although "this third factor is not dispositive[,]" and when "placed in its proper context, cannot overcome the first two[,]" *Id.* at 1037, the treasury factor also favors the Judicial Council's immunity.

California Government Code section 965 governs the payment of judgments entered against a "judicial branch entity" or judge. *See* Cal. Gov. Code § 900.3 (defining "judicial branch entity" as "a public entity and [] any superior court, court of appeals, the Supreme Court, [or] the Judicial Council[] …]; *id.* § 940.3 (same). Section 965 provides in relevant part:

> … [C]laims, settlements, or judgments arising out of the activities of a judicial branch entity … or a judge thereof may be paid if the Judicial Council authorizes payment and the Administrative Director of the Courts certifies that sufficient funds for that payment exist from funds allocated to settlement, adjustment, and compromise of actions and claims. If sufficient funds for payment of settlements or judgments do not exist, the Administrative Director of the Courts shall report the settlements and judgments to the chairperson of either the Senate Committee on Appropriations or the Assembly Committee on Appropriations, who shall cause to be introduced legislation appropriating funds for the payment of the settlements or judgments. … *Id.* § 965.

California Government Code section 77204(a) further grants the Judicial Council with the following authority:

> The Judicial Council shall have the authority to allocate funds appropriated annually to the State Trial Court Improvement and Modernization Fund for the purpose of paying legal costs resulting from lawsuits or claims involving … the Judicial Council, or a member or employee of the Judicial Council … and arising out of (1) the actions or conduct of a trial court, trial court bench officer, or trial court employee, (2) a challenge to a California rule of court, form, local trial court rule, or policy, or (3) the actions or conduct of the Judicial Council

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

REPLY MEM. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
2:23-CV-08230-SVW-E

or the Administrative Office of the Court affecting one or more trial courts and for which the state is named as a defendant or alleged to be the responsible party. *See also* Cal. Gov. Code §§ 77204(b) (defining "legal costs"), 77209 (establishing the State Trial Court Improvement and Modernization Fund maintained by the State Treasury).

Based on the foregoing, the State is unequivocally responsible for funding judgments entered against the Judicial Council or Chief Justice Guerrero. Plaintiffs' assertions that the Judicial Council is "financially self-sufficient" and "pays its own debts" are thus clearly erroneous. (*See* Dkt. No. 17 at 4:13-5:7.)

Plaintiffs' remaining attacks against the Judicial Council being a state entity are also meritless. Plaintiffs argue that the Judicial Council is a private entity because Chief Justice Guerrero is being represented by an outside law firm, as opposed to the State Attorney General, and the Judicial Council has a Dun & Bradstreet number and can therefore obtain loans. (*Id.* at 5:17-6:16.)

Regarding the former, California's Government Claims Act mandates that the Judicial Council "provide for representation, defense, and indemnification" for judges and justices of the California Courts of Appeal and California Supreme Court. Cal. Gov. Code § 811.9(a); Cal. Rules of Ct., rule 10.202(b); *see also* Cal. Gov. Code §§ 825(a), 995 (governing public entities' defense of their employees). In doing so, "[t]he Judicial Council shall provide for that representation or defense through the county counsel, the Attorney General, *or other counsel*. *Id.* § 811.9(a) (emphasis added); *see also id.* § 11045(e) (excluding the courts and any agency in the judicial branch of government from those state agencies who must obtain the Attorney General's consent to obtain outside counsel); *id.* § 996 (permitting public entities to provide defense of their employees by their own counsel or employing other counsel).[1] The California Rules of Court similarly allow the Judicial Council's Legal

---

[1]      Even when county counsel or the Attorney General are requested to provide representation or defense for a judge, they are not required to do so. Cal. Gov. Code § 811.9(a).

REPLY MEM. IN SUPP. OF MOT. TO DISMISS FIRST AM. COMPL. 2:23-CV-08230-SVW-E

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

1   Services office to select any counsel to represent any judge or justice named as a

2   defendant in a lawsuit. Cal. Rules of Ct., rule 10.202(b)(3). Not only is a private law

3   firm's representation of Chief Justice Guerrero in this matter therefore

4   inconsequential, but the Judicial Council's duty to provide for the representation,

5   defense, and indemnification of the Chief Justice further supports the State's control

6   over the Judicial Council and Chief Justice.

7       As to Plaintiffs' latter contention, they claim the fact that the Judicial Council

8   can obtain loans means it is a private entity. Plaintiffs, however, do not and cannot

9   explain how the ability to obtain a loan equates to being a private entity, let alone

10  how it impacts consideration of the intent, control, and treasury factors. Indeed, the

11  State of California itself appears on the last page of Plaintiffs' Dun & Bradstreet

12  report. (Dkt. No. 17, Ex. 1.) That the Judicial Council is listed by Dun & Bradstreet,

13  along with the State, has no bearing on whether it is a state entity.

14      Accordingly, all three factors outlined in *Kohn* confirm the Ninth Circuit's

15  holding 20 years ago in *Wolfe* that the Judicial Council is a state entity, and hence

16  Chief Justice Guerrero is a state official. Dismissal of Plaintiffs' action is therefore

17  warranted on the grounds that Chief Justice Guerrero is not a "person" within the

18  meaning of 42 U.S.C. § 1983, *Will v. Michigan Dept. of State Police*, 491 U.S. 58,

19  71 (1989); that no liability can lie against Chief Justice Guerrero under *Monell*,

20  *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d

21  963, 968 (9th Cir. 2010); and that Chief Justice Guerrero is entitled to Eleventh

22  Amendment immunity. *Wolfe*, 392 F.3d at 364; (*see* Dkt. No. 16-1 at 4:20-7:25.)

23      **B.   JUDICIAL IMMUNITY PRECLUDES PLAINTIFFS'**
24      **CHALLENGE AGAINST ADVERSE CHILD CUSTODY**
        **ORDERS**

25      Chief Justice Guerrero also moved to dismiss the FAC on judicial immunity

26  grounds insofar as Plaintiffs are attacking adverse child custody orders. (Dkt. No. 16-

27  1 at 8:26-9:28.) According to Plaintiffs, judicial immunity does not apply because

28  they are not challenging any "judicial acts" taken by Chief Justice Guerrero and are

1    instead "challeng[ing] statewide child-custody 'policies' set by Judicial Council."

2    (Dkt. No. 17 at 1:6-13.) The critical flaw in Plaintiffs' argument is that the theory of

3    their case would gut the doctrine of judicial immunity.

4        Plaintiffs do not dispute that judges are absolutely immune from suit for their

5    "judicial acts." Under Plaintiffs' theory, however, rather than directly suing a judge

6    in response to an adverse ruling, a disgruntled state court litigant can bypass judicial

7    immunity by suing the Chief Justice and alleging that the purportedly erroneous

8    ruling was the result of the Judicial Council's failure to properly train judges in the

9    particular area of law at issue. Plaintiffs also apparently believe that their theory

10   entitles them to damages arising from a judge's allegedly erroneous order. (Dkt. No.

11   8 ¶ 17 (praying for monetary damages "for each day [Plaintiffs] and their children

12   were wrongfully dispossessed of their fundamental rights"). Permitting dissatisfied

13   litigants to sue the Chief Justice under Plaintiffs' theory of liability cannot stand

14   because it would eviscerate the doctrine of judicial immunity.

15       "Although unfairness and injustice to a litigant may result on occasion, 'it is a

16   general principle of the highest importance to the proper administration of justice that

17   a judicial officer, in exercising the authority vested in him, shall be free to act upon

18   his own convictions, without apprehension of personal consequences to himself.'"

19   *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (quoting *Bradley v. Fisher*, 13 Wall. 335, 347

20   (1872)). A judge's errors should be corrected on appeal, not by subsequent civil

21   litigation because civil liability "would contribute not to principled and fearless

22   decisionmaking but to intimidation." *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *In re

23   Thomas*, 508 F.3d 1225, 1227 (9th Cir. 2007) (per curiam). Thus, regardless of how

24   Plaintiffs characterize their suit against Chief Justice Guerrero, their action is nothing

25   more than an attempted end run around directly suing the judges who issued the

26   adverse child custody orders. Principles of judicial immunity therefore foreclose such

27   an action.

28   / / /

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

REPLY MEM. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
2:23-CV-08230-SVW-E

## C. THE *ROOKER-FELDMAN* DOCTRINE ALSO PROHIBITS PLAINTIFFS' ACTION

Finally, Chief Justice Guerrero moved to dismiss the FAC under the *Rooker-Feldman* doctrine, which prohibits federal courts from hearing de facto appeals of state court decisions. (Dkt. No. 16-1 at 10:1-11:17.) Similar to their contention concerning judicial immunity, Plaintiffs claim they are "challenging statewide judicial 'policy' which led to unconstitutional judicial kidnappings." (Dkt. No. 17 at 10:2-3; *see also id.* at 10:27-11:16, 11:21-13:21.) Plaintiffs also contend that *Rooker-Feldman* only applies to "final state-court judgments," and that a custody order is not a final judgment. (*Id.* at 11:17-20.) Plaintiffs' arguments are unavailing.

Just as Plaintiffs' theory of liability would enable them to circumvent judicial immunity, so too does their theory with regard to the *Rooker-Feldman* doctrine. While Plaintiffs purport to only attack a Judicial Council policy, the FAC specifically seeks monetary damages "for each day [Plaintiffs] and their children were wrongfully dispossessed of their fundamental rights." (Dkt. No. 8 ¶ 17; *see also id.* ¶¶ 62, 65(d).) Plaintiffs' statement that they are merely attacking a Judicial Council policy, and not the underlying child custody orders, is therefore specious.

Regarding Plaintiff's contention that *Rooker-Feldman* is limited to final judgments, the Ninth Circuit has held otherwise. Contrary to Plaintiff's assertion, *Rooker-Feldman* applies to state court interlocutory orders and non-final judgments. *Doe & Assoc. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001); *see also Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.3 (9th Cir. 1986) (recognizing *Rooker-Feldman* "should apply to state judgments even though state court appeals are not final"). Because Plaintiffs complain of alleged legal wrongs committed in state court, and they seek relief from the underlying orders in the form of monetary damages, Plaintiffs' action runs afoul of the *Rooker-Feldman* doctrine.

/ / /

/ / /

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

REPLY MEM. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
2:23-CV-08230-SVW-E

## III. **CONCLUSION**

For the reasons set forth above, and in the initial moving papers, the Court should grant Chief Justice Guerrero's motion to dismiss the FAC with prejudice.

Dated: February 12, 2024                     BEST BEST & KRIEGER LLP


By: /s/ Matthew L. Green
_____
MATTHEW L. GREEN
Attorneys for Defendant
HON. PATRICIA GUERRERO,
Chief Justice of California and Chair
of the Judicial Council of California

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

1 | D'Souza, et al. v. Guerrero
United States District Court, Central District of California,
2 | Western Division, Case No. 23-cv-08230-SVW-E

3 | **PROOF OF SERVICE**

4 | I, Lisa Atwood, declare:

5 | I am a citizen of the United States and employed in San Diego County, California.

6 | I am over the age of eighteen years and not a party to the within-entitled action. My

7 | business address is 655 West Broadway, 15th Floor, San Diego, California 92101. On

8 | February 12, 2024, I served a copy of the within document(s):

9 |

10 | REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

11 | FIRST AMENDED COMPLAINT

12 |

13 | ☒   **By Electronic Service**. Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF system sends an e-mail

14 | notification of the filing to the parties and counsel of record who are registered with the Court's EC/ECF system.

15 |

16 |

17 | I declare that I am employed in the office of a member of the bar of this court at

18 | whose direction the service was made.

19 | Executed on February 12, 2024, at San Diego, California.

20 |

21 | _____

22 | Lisa Atwood

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

- 1 -

25508.00152\41844328.1

# Request for Judicial Notice

(Doc. #18); (01/30/24)

T. MATTHEW PHILLIPS, ESQ.
Calif. State Bar No. 165833
4894 W. Lone Mountain Rd., No. 132
Las Vegas, Nevada 89130
Tel: (323) 314-6996
TMatthewPhillips@aol.com
*Plaintiff's Counsel*

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT *of* CALIFORNIA

| | |
|---|---|
| 1. **JASON D'SOUZA** | Case No.: **2:23-cv-08230-SVW-E** |
| 2. **KRISTINA EISENACHER** | PLAINTIFFS' REQUEST |
| 3. **ROB EMERT** | *for* JUDICIAL NOTICE |
| 4. **JENNIFER GARNICA** | *of* U.S. SUPREME COURT |
| 5. **KRISTEN JOSEPH** | POINTS & AUTHORITIES |
| 6. **RHONDA REYNA** | *on the* CONSTITUTIONAL |
| 7. **PATRICIA BOONE** | RIGHT *to* PARENT, |
| 8. **MARK FIDELMAN** | [*Filed in Conjunction with* |
| 9. **DAVID KING** | *Plaintiffs' Opposition to* |
| 10. **ALISA ROTHMAN** | *Motion to Dismiss*]. |
| | |
| *Plaintiffs* | |
| | |
| vs. | ***Hon. Judge Stephen V. Wilson*** |
| | |
| **HON. PATRICIA GUERRERO** | <u>Next Hearing</u>: |
| ***In Her Honor's Official Capacity*** | **Feb. 26, 2024 (1:30 p.m.)** |
| ***as Council Chair for the*** | First Street Courthouse |
| ***Judicial Council of California*** | 350 W. First Street |
| | L.A. Calif., 90012 |
| ***Defendants*** | Courtroom 10A |

# TABLE *of* AUTHORITIES

<u>Case Law:</u>                                                                          <u>Page No.:</u>

*Meyer v. Nebraska*—262 U.S. 390 (1923) . . . . . . . . . . . . . . . . . . . . . .   1, 8

*Moore v. East Cleveland*—431 U.S. 494 (1977) . . . . . . . . . . . . . . .   4

*Parham v. J. R.*—442 U.S. 584 (1979) . . . . . . . . . . . . . . . . . . . . . .   5, 6

*Pierce v. Society of Sisters*—268 U.S. 510 (1925) . . . . . . . . . . . . . .   2, 8

*Prince v. Commonwealth of Mass.*—321 U.S. 158 (1944) . . . . . . . .   2, 5

*Quilloin v. Walcott*—434 U.S. 246 (1978) . . . . . . . . . . . . . . . . . . . .   5, 9

*Reno v. Flores*—507 U.S. 292 (1993) . . . . . . . . . . . . . . . . . . . . . . . .   10, 11

*Roberts v. United States Jaycees*—468 U.S. 609 (1984) . . . . . . . . .   7, 8

*Rotary Int'l v. Rotary Club of Duarte*—481 U.S. 537 (1987) . . . . .   7

*Santosky v. Kramer*—455 U.S. 745 (1982) . . . . . . . . . . . . . . . . . . . .   6, 7

*Smith v. Org. of Foster Families*—431 U.S. 816 (1977) . . . . . . . . .   4, 5, 9

*Stanley v. Illinois*—405 U.S. 645 (1972) . . . . . . . . . . . . . . . . . . . . .   3

*Troxel v. Granville*—530 U.S. 57 (2000) . . . . . . . . . . . . . . . . . . . . .   10 – 12

*Wisconsin v. Yoder*—406 U.S. 205 (1972) . . . . . . . . . . . . . . . . . . . .   4

*    *    *

## REQUEST *for* JUDICIAL NOTICE

### I.     U.S. SUPREME COURT POINTS & AUTHORITIES—

Constitutional Right to Parent—P & A:  Plaintiff asks the court to judicially notice U.S. Supreme Court points & authorities—on the constitutional right to parent, under F.R.E. § 201(b)(2).  These SCOTUS authorities "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," [*see* F.R.E. § 201(b)(2)].

Taking Judicial Notice:  This court, *respectfully*, "must" take judicial notice, "if a party requests it and the court is supplied with the necessary information," [*see* F.R.E. § 201(c)(2)].

Timing of the Request:  Courts may take judicial notice at any stage of the proceedings, [*see* F.R.E. § 201(d)].


### MEYER V. NEBRASKA – (1923)

*Meyer v. Nebraska*—262 U.S. 390 (1923):  One hundred years ago, SCOTUS first recognized the right to parent as a "liberty" interest that the 14th Amendment guarantees.  Mr. Meyer, a school-teacher was convicted on a criminal statute for teaching the German language, in a parochial school, to a 10-year-old.  SCOTUS held that the statute invaded the "liberty" interest that the 14th Amendment guarantees.

SCOTUS ruled that the 14th Amendment, "denotes not merely freedom from  bodily restraint, but also ***the right of the individual*** to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to marry, establish a home and ***bring up children***, to worship God according to the dictates of his own conscience, and generally to enjoy those privileges long recognized at common law as essential to the orderly pursuit of happiness by free men," [*Meyer v. State of Nebraska*, 262 U.S. 390, 399 (1923); (bold italics added)].

"Corresponding to the right of control, it is the natural duty of the parent to give his children education suitable to their station in life," [*id.* at 400]. "***His right thus to teach*** and ***the right of parents*** to engage him so to instruct their children, we think, ***are within the liberty of the Amendment***," [*id.* at 400; (bold italics added)].

### PIERCE V. SOCIETY OF SISTERS – (1925)

*Pierce v. Society of Sisters*—268 U.S. 510 (1925):  SCOTUS held that the 14th Amendment "liberty" interest excludes any general power of the State to standardize its children—by forcing them to accept instruction from public teachers only.

"***The child is not the mere creature of the State***; those who nurture him and direct his destiny have the right, coupled with the high duty, to recognize and prepare him for additional obligations," [*Pierce v. Society of Sisters,* 268 U.S. 510, 535 (1925); (bold italics added)].

### PRINCE V. MASSACHUSETTS – (1944)

*Prince v. Massachusetts*—321 U.S. 158 (1944):  SCOTUS struck-down a state statute, which provided that no minor shall sell, in public places, any newspapers, magazines or periodicals.

"It is cardinal with us that the ***custody, care and nurture of the child reside first in the parents***, whose primary function and freedom include preparation for obligations the state can neither supply nor hinder . . . And it is in recognition of this that these decisions have respected the ***private realm of family life*** which ***the state cannot enter***," [*Prince v. Commonwealth of Mass.,* 321 U.S. 158, 166 (1944); (bold italics added)].

/ / / /

**STANLEY V. ILLINOIS – (1972)**

*Stanley v. Illinois*—405 U.S. 645 (1972): Under state law—children of unmarried fathers, upon death of the mother—were declared wards of the state—with no hearing on the father's fitness and no proof of child neglect by the father. The *Illinois Supreme Court* held that a father could be separated from his children upon mere proof that he and the dead mother were not married. But SCOTUS reversed, holding that unmarried fathers have a 14th Amendment liberty interest in raising their children.

"[*T*]*he State registers no gain towards its declared goals when it separates children from the custody of fit parents*," [*Stanley v. Illinois*, 405 U.S. 645 (1972); (bold italics added)].

"Under the Due Process Clause of the Fourteenth Amendment *petitioner was entitled to a hearing on his fitness* as a parent *before his children were taken from him*," [*id*. at 645; (bold italics added)].

"The private interest here, that of a man in the children he has sired and raised, undeniably warrants deference and, absent a powerful countervailing interest, protection," [*id*., at 651]. "*The State's interest in caring for Stanley's children is de minimis if Stanley is shown to be a fit father*," [*id*., at 658].

SCOTUS ruled that, under the Due Process Clause of the 14th Amendment, father was "*entitled to a hearing on [his] fitness*" as a parent—before the state may take-away his children and place them into guardianships, [*id*., at 647–658; (bold italics added)].

Under the Due Process Clause, the state cannot "justify refusing a father a hearing when the issue at stake is the dismemberment of his family," [*id*. at 658]. "[A]ll Illinois parents are *constitutionally entitled to a hearing on their fitness* before their children are removed from their custody," [*id*., at 658; (bold italics added)].

**WISCONSIN V. YODER – (1972)**

*Wisconsin v. Yoder*—406 U.S. 205 (1972):  Members of the Amish community were convicted for violating the State's compulsory school attendance law.  SCOTUS reversed these convictions under the Free Exercise Clause of the First Amendment.

"The values of parental direction of the religious upbringing and education of  their children in their early and formative years have a high place in our society," [*Wisconsin v. Yoder*, 406 U.S. 205, at 213–214 (1972)]. "Even more markedly than in *Prince*, therefore, this case involves the ***fundamental interest of parents***, as contrasted with that of the State, ***to guide the religious future and education of their children***," [*id.*, at 232; (bold italics added)].  "This ***primary role of the parents*** in the upbringing of their children is now established beyond debate as an enduring American tradition," [*id.*, at 232; (bold italics added)].

**SMITH V. ORGANIZATION OF FOSTER FAMILIES – (1977)**

*Smith v. Organization of Foster Families*—431 U.S. 816 (1977):  This case raised the novel question of whether foster homes are entitled to the same constitutional deference as biological families.  SCOTUS ruled that, "***The liberty interest in family privacy*** has its source, and its contours are ordinarily to be sought, not in state law, but in ***intrinsic human rights***, as they have been understood in "this Nation's history and tradition." " [*Smith v. Organization of Foster Families*, 431 U.S. 816, 845 (1977), citing *Moore v. East Cleveland*, 431 U.S. 494, at 503 (1977); (bold italics added)].

"If a State were to attempt to force the breakup of a natural family, over the objections of the parents and their children, ***without some showing of unfitness*** and for the sole reason that to do so was thought to be in the ***children's best interest***, I should have little doubt that the State would

have ***intruded impermissibly*** on "***the private realm of family life which the state cannot enter***," " [*Smith*, *supra*, at 862-863, citing <u>Prince v. Massachusetts</u>, 321 U. S. 158, 166 (1944); (bold italics added)].

### QUILLOIN V. WALCOTT – (1978)

<u>Quilloin v. Walcott</u>—434 U.S. 246 (1978):  Georgia law required only the mother's consent for the adoption of an illegitimate child.  An unmarried father tried to halt adoption of his illegitimate child.  However, the father had taken no steps to support or legitimate the child over a period of 11 years; so too, the father had never been a member of the child's family unit.  As a result, SCOTUS upheld the adoption.

"We have recognized on numerous occasions that ***the relationship between parent and child is constitutionally protected***," [<u>Quilloin v. Walcott</u>, 434 U.S. 246, 255 (1978) ; (bold italics added)].  "We have little doubt that the Due Process Clause would be offended, "if a State were to attempt to force the breakup of a natural family, over the objections of the parents and their children, ***without some showing of unfitness*** and for the sole reason that to do so was thought to be in the ***children's best interest***," " [<u>Quilloin</u>, *supra*, at 255; citing <u>Smith v. Organization of Foster Families</u>, 431 U.S. 816, 862-863 (1977); (bold italics added)].

### PARHAM V. J.R. – (1979)

<u>Parham v. J. R.</u>—442 U.S. 584 (1979):  SCOTUS validated the State's procedures for admitting children to mental hospitals.  "The law's concept of the family rests on a presumption that parents possess what a child lacks in maturity, experience, and capacity for judgment required for making life's difficult decisions.  More important, historically it has recognized that ***natural bonds of affection lead parents to act*** in the ***best interests*** of

1 their children," [*Parham v. J. R.*, 442 U.S. 584, 602 (1979); (bold italics
2 added)].

3 "***The statist notion that governmental power should supersede
4 parental authority*** in all cases ***because some parents abuse and neglect
5 children is repugnant to American tradition***," [*Parham v. J. R.*, 442 U.S.
6 584, 602 (1979)]. "Simply because the decision of a parent is not agreeable to
7 a child or because it involves risks does not automatically transfer the power
8 to make that decision from the parents to some agency or officer of the state,"
9 [*id.*, at 603]. "[W]e conclude that our precedents permit the parents to retain
10 a substantial, if not the dominant, role in the decision, ***absent a finding of
11 neglect or abuse***, and that the ***traditional presumption that the parents
12 act in the best interests of their child*** should apply," [*id.* at 604; (bold
13 italics added)].

14

15 **SANTOSKY V. KRAMER – (1982)**
16 *Santosky v. Kramer*—455 U.S. 745 (1982):  Under New York law, the
17 state could terminate, over parental objection, the rights of parents in their
18 children—upon a finding that the child is permanently neglected.

19 "The ***fundamental liberty interest of natural parents*** in the care,
20 custody, and management of their child does not evaporate simply because
21 they have not been model parents or have lost temporary custody of their
22 child to the State," [*Santosky v. Kramer*, 455 U.S. 745 (1982); (bold italics
23 added)].  "Even when blood relationships are strained, parents retain a vital
24 interest in preventing the irretrievable destruction of their family life," [*id.*,
25 at 753].

26  "Before a State may sever completely and irrevocably the rights of
27 parents in their natural child, due process requires that the State support
28 its allegations by at least ***clear and convincing evidence***," [*id.*, at 746;

1  (bold italics added)].  "***[U]ntil the State proves parental unfitness, the***
2  ***child and his parents share a vital interest in preventing erroneous***
3  ***termination of their natural relationship***," [*id*., at 760); (bold italics
4  added)].

5  "[T]he *parens patriae* interest favors **preservation**, **not severance**,
6  of natural familial bonds, [*id*., at 767–768); (bold italics added)].  "Nor is it
7  clear that the State constitutionally could terminate a parent's rights
8  ***without showing parental unfitness***," [*id*., at footnote 10; (bold italics
9  added)].  "Any *parens patriae* interest in terminating the natural parents'
10 rights arises only at the dispositional phase, after the parents have been
11 found unfit," [*id*., at footnote 17].

12
13 ### ROTARY INT'L V. ROTARY CLUB OF DUARTE – (1987)

14 <u>*Rotary Int'l v. Rotary Club of Duarte*—481 U.S. 537 (1987)</u>:  *Rotary*
15 *Int'l* excluded women from membership, while Rotary Duarte admitted
16 women; as a result, *Rotary Int'l* terminated *Rotary Duarte's* membership in
17 the international organization.  By requiring California Rotary Clubs to
18 admit women, California's anti-discrimination statute *does not* violate the
19 First Amendment.  So too, the statute did not interfere unduly with club
20 members' freedom of private association.

21 "We have emphasized that ***the First Amendment protects*** those
22 relationships, including ***family relationships***, that presuppose "deep
23 attachments and commitments to the necessarily few other individuals with
24 whom one shares not only a special community of thoughts, experiences, and
25 beliefs, but also distinctively personal aspects of one's life." " [<u>*Rotary Int'l v.*</u>
26 <u>*Rotary Club of Duarte*</u>, 481 U.S. 537, 545 (1987), citing, <u>*Roberts v. United*</u>
27 <u>*States Jaycees*</u>, 468 U.S. 609, 619-620 (1984)].

28

**ROBERTS V. UNITED STATES JAYCEES – (1984)**

*Roberts v. United States Jaycees*—468 U.S. 609 (1984): "Our decisions have referred to constitutionally protected "freedom of association" in two distinct senses. In one line of decisions, the Court has concluded that choices to enter into and maintain ***certain intimate human relationships*** *must be secured **against undue intrusion by the State*** because of the role of such relationships in safeguarding the individual freedom that is central to our constitutional scheme. In this respect, ***freedom of association*** receives protection as ***a fundamental element of personal liberty***," [*id.*. at 617–618; (bold italics added)].

"In another set of decisions, the Court has recognized a ***right to associate for the purpose of engaging in*** those ***activities protected*** by the ***First Amendment*** -- speech, assembly, petition for the redress of grievances, and ***the exercise of religion***," [*id.*. at 618; (bold italics added)].

"The ***Constitution guarantees freedom of association*** … as an indispensable means of preserving other individual liberties," [*id.*. at 618].

"The Court has long recognized that, because the Bill of Rights is designed to secure individual liberty, it must afford the formation and preservation of certain kinds of ***highly personal relationships*** a substantial measure of sanctuary from ***unjustified interference by the State***. *E.g., Pierce v. Society of Sisters*, 268 U. S. 510, 268 U. S. 534-535 (1925); *Meyer v. Nebraska*, 262 U. S. 390, 262 U. S. 399 (1923)," [*id.*, at 618; (bold italics added)].

"[W]e have noted that certain kinds of personal bonds have played a critical role in the culture and traditions of the Nation by cultivating and transmitting shared ideals and beliefs; they thereby foster diversity and act as ***critical buffers between the individual and the power of the State***," [*id.*, at 618–619; (bold italics added)].

1   "[T]he *constitutional shelter afforded such relationships* reflects
2   the realization that individuals draw much of their emotional enrichment
3   from close ties with others. *Protecting these relationships from*
4   *unwarranted state interference* therefore safeguards the ability
5   independently to define one's identity that is *central to any concept of*
6   *liberty*. *See, e.g., Quilloin v. Walcott*, 434 U. S. 246, 434 U. S. 255 (1978);
7   *Smith v. Organization of Foster Families*, 431 U. S. 816, 431 U. S. 844
8   (1977)," [*see, id.*, at 619; (bold italics added)].

9   "The personal affiliations that exemplify these considerations, and that
10  therefore suggest some relevant limitations on the relationships that might
11  be entitled to this sort of constitutional protection, are those that attend the
12  *creation and sustenance of a family -- marriage*, *e.g., Zablocki v.*
13  *Redhail, supra*; *childbirth*, *e.g., Carey v. Population Services International*,
14  *supra*; *the raising and education of children*, *e.g., Smith v. Organization*
15  *of Foster Families, supra*; and *cohabitation with one's relatives*, *e.g.,*
16  *Moore v. East Cleveland, supra*." [*see, id.*, at 619; (bold italics added)].

17  "*Family relationships*, by their nature, involve deep attachments and
18  commitments to the necessarily few other individuals with whom one shares
19  not only a special community of thoughts, experiences, and beliefs, but also
20  *distinctively personal aspects of one's life*.  Among other things,
21  *therefore*, they are distinguished by such attributes as relative smallness, a
22  high degree of selectivity in decisions to begin and maintain the affiliation,
23  and seclusion from others in critical aspects of the relationship.  As a general
24  matter, only relationships with these sorts of qualities are likely to reflect
25  the considerations that have led to an understanding of *freedom of*
26  *association* as an intrinsic element of *personal liberty*," [*id.*, at 619–620;
27  (bold italics added)].

28

**RENO V. FLORES – (1993)**

*Reno v. Flores*—507 U.S. 292 (1993): Immigration and Naturalization Service regulation provided that alien juveniles—detained on suspicion of being deportable— may be released only to a parent, legal guardian, or other related adult. SCOTUS held that the regulation accords with the Due Process Clause and the Immigration and Nationality Act.

SCOTUS held that the Due Process Clause provides heightened protection against government interference with fundamental rights and liberty interests, [*Reno v. Flores*, 507 U.S. 292, 301-302 (1993)].

" "***The best interests of the child***," a venerable phrase familiar from divorce proceedings, is a proper and feasible criterion for making the decision as to which of two parents will be accorded custody. ***But it is not traditionally the sole criterion—much less the sole constitutional criterion***—for other, less narrowly channeled judgments involving children, where their interests conflict in varying degrees with the interests of others," [*Reno v. Flores*, 507 U.S. 292, 304 (1993); (bold italics added)].

" ***"[T]he best interests of the child" is not the legal standard*** that governs parents' or guardians' exercise of their custody: So long as certain minimum requirements of child care are met, the interests of the child may be subordinated to the interests of other children, or indeed even to the interests of the parents or guardians themselves," [*id.*, at 304; (bold italics added)].

**TROXEL V. GRANVILLE – (2000)**

*Troxel v. Granville*—530 U.S. 57 (2000): The State of Washington had allowed "any person" to petition for visitation rights, and further allowed family courts to grant visitation where it served a child's "best interests." The grandparents, (the Troxels), successfully petitioned for visitation with

the children of their deceased son.  The mother, (Granville), objected to the amount of visitation ordered.  The Washington Supreme Court held that state law unconstitutionally infringed on the mother's fundamental right to parent.  SCOTUS affirmed, holding that the Washington law, as applied, exceeded the bounds of the Due Process Clause.

"First, the Troxels did not allege, and no court has found, that Granville was an unfit parent.  ***There is a presumption that fit parents act in their children's best interests***," [*Troxel vs. Granville*, 530 U.S. 57, citing *Parham v. J. R.*, 442 U.S. 584, 602; (bold italics added)].

"[T]here is normally ***no reason for the State to inject itself into the private realm of the family*** to further question fit parents' ability to make the best decisions regarding their children," [*Troxel vs. Granville*, 530 U.S. 57 (2000), citing *Reno v. Flores*, 507 U.S. 292, at 304 (1993); (bold italics added)].

According to the Washington Supreme Court, "***the Constitution permits a State to interfere with the right of parents to rear their children only to prevent harm or potential harm to a child***," [*id*. at 57; (bold italics added)].  The state statute was too broad; it allowed "any person" to petition, with the only requirement being whether visitation served the child's "best interests."  In other words, states may interfere with the right to parent only to prevent harm to a child.

"[T]he State lacks a compelling interest  in second-guessing a ***fit parent's decision*** regarding visitation with third parties," [*id*. at 58].

"The ***liberty interest*** at issue in this case—the interest of parents in the ***care, custody, and control of their children***—is perhaps the oldest of the fundamental liberty interests recognized by this Court," [*Troxel vs. Granville*, 530 U.S. 57, 65 (2000)].

SCOTUS noted that "the Troxels did not allege, and no court has found, that Granville was an unfit parent.  That aspect of the case is important, for

1    *there is a presumption that fit parents act in the best interests of*
2    *their children*," [*id*. at 68; (bold italics added)].

3         "In effect, the judge placed on Granville, the *fit custodial parent*, the
4    burden of disproving that visitation would be in the best interest of her
5    daughters," [*id*., at 69].  "In that respect, the  court's presumption failed to
6    provide any protection for Granville's fundamental constitutional right to
7    make decisions concerning the rearing of her own daughters," [*id*. at 69–70].
8    "Needless to say, however, our world is far from perfect, and in it the decision
9    whether such an intergenerational relationship would be beneficial in any
10   specific case is for the parent to make in the first instance.  And, if *a fit*
11   *parent's* decision of the kind at issue here becomes subject to judicial review,
12   the court must accord at least some special weight to the parent's own
13   determination," [*id*. at 70].

14        "The Washington Superior Court failed to accord the determination
15   of Granville, a *fit custodial parent*, any material weight," [*id*. at 72].  "As
16   we have explained, the Due Process Clause does not permit a State to
17   infringe on the fundamental right of parents to make child rearing decisions
18   simply because a state judge believes a "better" decision could be made," [*id*.
19   at 72–73].

20        "We have long recognized that a parent's interests in the nurture,
21   upbringing, companionship, care, and custody of children are generally
22   *protected by the Due Process Clause of the Fourteenth Amendment*,"
23   [*id*. at 77].

24   / / / /
25   / / / /
26   / / / /

27
28

## II.  LEGAL SUMMARY—

<u>Legal Summary</u>:  The above SCOTUS authorities are highly probative. Indeed, these authorities squarely support Plaintiffs' legal position—*i.e.*,

(a)  that "right to parent" is a federally protected civil right, [14th Amendment, Due Process Clause];

(b)  that courts may not restrict or terminate the fundamental "right to parent" absent a showing of "unfitness"—pursuant to a properly noticed fitness hearing—in which the court finds clear and convincing evidence of child abuse or child neglect, abandonment or endangerment; but here, as it turns out, Plaintiffs were never declared "unfit";

(c)  the State has never accused Plaintiffs of being "unfit," *i.e.*, no allegations of child abuse or child neglect, abandonment or endangerment;

(d)  the "best interests" resides with two "fit" parents; and here, Plaintiffs have never been deemed "unfit"; *therefore*, courts have no discretion to enter the "private realm," *i.e.*, no discretion to determine the "best interests" of a minor child;

(e)  where, as here, there are two "fit" parents, Equal Protection demands that the parties share equal and undivided one-half custodial interests—but the State denies these rights to Plaintiffs—who now seek compensation in the guise of monetary damages and injunctive relief.

////

////

////

### III.   LEGAL CONCLUSION—

<u>Legal Conclusion</u>:  Plaintiffs ask this court to please grant the request for judicial notice, as per F.R.E. § 200.

Dated: **Jan. 30, 2024**       *Respectfully Submitted,*

*T. Matthew Phillips*
_____

T. Matthew Phillips, Esq.
Calif. State Bar No. 165833
Telephone: (323) 314-6996
TMatthewPhillips@aol.com
*Plaintiffs' Counsel*

\*     \*     \*

## CERTIFICATE-OF-SERVICE

I am an individual over the age of eighteen and not a party to the within action. My business address is 4894 W. Lone Mtn. Rd., No. 132, Las Vegas, Nev. 89130. My phone number is (323) 314-6996.

On **Jan. 30, 2024**, I served the following:

**Request for Judicial Notice of U.S. Supreme Court Points & Authorities;**

on an interested party in the above-entitled action by

__X__ via e-mail transmission, (U.S. e-filing system)

_____ personal service on the person below listed,

_____ depositing it in the U.S. Mail, postage prepaid,

and addressed to the person below listed,

> **MATTHEW L. GREEN, Bar No. 227904**
> **BEST BEST & KRIEGER LLP**
> **655 West Broadway, 15th Floor**
> **San Diego, California 92101**
> **Telephone: (619) 525-1300**
> **Facsimile: (619) 233-6118**
> **matthew.green@bbklaw.com**

I declare under penalty of perjury under Nevada law, the foregoing is true and correct.

Dated: **Jan. 30, 2024**

/s/ T. *Matthew Phillips* .
Declarant

*Proof of Service*

# Opposition to Motion to Dismiss

(Doc. #17); (01/30/24)

1  T. MATTHEW PHILLIPS, ESQ.

2  Calif. State Bar No. 165833

3  4894 W. Lone Mountain Rd., No. 132

   Las Vegas, Nevada 89130

4  Tel: (323) 314-6996

5  TMatthewPhillips@aol.com

6  *Plaintiff's Counsel*

7              **UNITED STATES DISTRICT COURT**

8            **CENTRAL DISTRICT *of* CALIFORNIA**

9  _____

10                                    )   **Case No.:  2:23-cv-08230-SVW-E**
   1.  **JASON D'SOUZA**              )
11 2.  **KRISTINA EISENACHER**        )   ***Hon. Judge Stephen V. Wilson***
12 3.  **ROB EMERT**                  )
13 4.  **JENNIFER GARNICA**           )   PLAINTIFFS'
   5.  **KRISTEN JOSEPH**             )   OPPOSITION *to*
14 6.  **RHONDA REYNA**               )   MOTION *to* DISMISS.
15 7.  **PATRICIA BOONE**             )
16 8.  **MARK FIDELMAN**              )
17 9.  **DAVID KING**                 )
   10. **ALISA ROTHMAN**              )
18                                    )
19            ***Plaintiffs***         )
20                                    )
21             **vs.**                 )
                                       )
22 **HON. PATRICIA GUERRERO**          )   <u>Next Hearing</u>:
23 ***In Her Honor's Official Capacity*** ) **Feb. 26, 2024 (1:30 p.m.)**
24 ***as Council Chair for the***      )   First Street Courthouse
25 ***Judicial Council of California*** )   350 W. First Street
                                       )   L.A. Calif., 90012
26                                    )   Courtroom 10A
27            ***Defendants***         )
                                       )
28 _____)

# TABLE *of* CONTENTS

Heading:                                                    Page No.:

I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2

II.     JUDICIAL IMMUNITY DOES NOT APPLY . . . . . . . . . . . . . .    2

III.    ELEVENTH AMENDMENT IMMUNITY DOES NOT APPLY. . .    4

IV.     ROOKER-FELDMAN DOES NOT APPLY  . . . . . . . . . . . . . . . 10

V.      PLAINTIFFS STATE A VIABLE MONELL CLAIM . . . . . . . . . 15

VI.     SUMMARY & CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 16

*Affidavit of T. Matthew Phillips, Esq.* . . . . . . . . . . . . . . . . . . . 17

\*      \*      \*

TABLE *of* AUTHORITIES

<u>Case Law:</u>                                                  <u>Page No.</u>:

*Adickes v. S. H. Kress & Co.,* 398 U. S. 144 (1970) . . . . . . . . . . . .   15

*Board of Comm'rs of Bryan Cty. v. Brown,*

    520 U.S. 397, 404 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

*Colorado River Water Conservation Dist. v. U.S.,*

    424 U.S. 800, 817, (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

*District of Columbia Court of Appeals v. Feldman,*

    460 U. S. 462 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

*Ervin v. Judicial Council of California,* [No. C 08-0299 PJH,

    (N.D. Cal. Apr. 24, 2008)] . . . . . . . . . . . . . . . . . . . . . . . . . . . .    8

*Exxon Mobil Corp. v. Saudi Basic Industries Corp.*,

    544 U.S. 280 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim.*

*Franceschi v. Schwartz,* [57 F.3d 828, 831 (9th Cir. 1995) . . . . . . . .    9

*Great Western Mining & Mineral Co. v. Fox Rothschild LLP,*

    615 F.3d 159, 166 (3d Cir. 2010) . . . . . . . . . . . . . . . . . . . . . .   13

*Hess v. Port Authority Trans-Hudson Corporation,*

    513 U.S. 30, 31 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim.*

*Hoblock v. Albany Cnty.,* 422 F.3d 77, (2d Cir. 2005) . . . . . . . . . .   13, 14

*Malhan v. State Dept.*, (2019), No. 18-3373,

    Third Circuit, (New Jersey) . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

*McCormick v. Braverman*, 451 F.3d 382, (6th Cir. 2006) . . . . . . . .   13

*McKithen v. Brown,* 481 F.3d 89, 97 (2d Cir. 2007) . . . . . . . . . . .   12

*Lance v. Dennis*, 546 U.S. 459, 464 (2006) . . . . . . . . . . . . . . . . .   13, 14

*McClellan v. Carland*, 217 U. S. 268 (1910) . . . . . . . . . . . . . . . . .   15

*Meyer vs. Nebraska*, 262 U.S. 390 (1923) . . . . . . . . . . . . . . . . . . .    2, 15

*Moccio v. New York State Office of Court Admin.,*

    95 F. 3d 195, (CA2 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Rooker v. Fidelity Trust Co.*, 263 U. S. 413 (1923) . . . . . . . . . . . 10

*Stump v. Sparkman*, 435 U.S. 349 (1978) . . . . . . . . . . . . . . . . . . . 3

*Torres v. Judicial Council of California,* [No. 17-cv-0028

    JM (JLB), 2017 (S.D. Cal. Apr. 6, 2017)] . . . . . . . . . . . . . . . 8

*VanderKodde v. Mary Jane M. Elliott, P.C.,*

    951 F.3d 397 402 (6th Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . 14

*Wolfe v. Strankman*, 392 F.3d 358 (9th Cir. 2004) . . . . . . . . . . . . 8

\*    \*    \*

## OPPOSITION *to* MOTION *to* DISMISS

### I.      Intro.

Opposition:  Plaintiffs oppose the *Motion to Dismiss*, [Document #16-1; (Jan. 16, 2024)].  Plaintiffs wish to appear, via video, on Feb. 26, 2024.

### II.      Judicial Immunity Does Not Apply.

This Action Not Directed at C.J. Guerrero:  Plaintiffs are not trying to hold C.J. Guerrero liable.  The *Motion to Dismiss* alleges, "[*t*]*he instant action is a thinly veiled attempt by disgruntled state court litigants to hold Chief Justice Guerrero liable*," [MTD, #16-1, (p. 2, line 10)].  But this is incorrect. Plaintiffs are *not* trying to hold C.J. Guerrero liable for personally undertaking or neglecting any "judicial acts"; *rather*, Plaintiffs are fit parents who challenge statewide child-custody "policies" set by Judicial Council.

Unconstitutional De Facto Policies:  As the FAC alleges, at par. 31—
"Defendants maintain a policy of ***not training judges*** that parenting is a fundamental right, [*Meyer vs. Nebraska*, 262 U.S. 390 (1923)], and this has tragic and deleterious consequences; it results in ***continuous and ongoing violations*** of federally protected civil rights, which are so ***prevalent***, so ***commonplace***, and so ***regularized***, as to become ***de facto judicial policy statewide***."
[*First Amended Complaint*, ("FAC"), ¶ 31; (bold italics added)]

'In Her Honor's Official Capacity':  As set forth at par. 3 of the FAC, C.J. Guerrero is sued, "*in Her Honor's **Official Capacity as Council Chair for the Judicial Council of California*,*" [*see* FAC, ¶ 3; (bold italics added)]. Plaintiffs are not suing C.J. Guerrero for any acts she may have personally undertaken or nelgected.  Rather, Plaintiffs challenge unconstitutional state "policies," which allow judges statewide to divest custodial right, *en masse*, in a manner inconsistent with U.S. Supreme Court precedent.

C.J. Guerrero Sued as 'Council Chair':  Plaintiffs bring suit against C.J. Guerrero, *respectfully*, in her capacity as a "figurehead."  Plaintiffs named C.J. Guerrero because she is the "Council Chair," (figurehead), of Judicial Council, which is responsible for judicial "policy" in California. But Plaintiffs challenge no "judicial acts" by the Chief Justice; *therefore*, immunity *does not* apply, [*Stump v. Sparkman*, 435 U.S. 349 (1978)].

Plaintiffs are Happy to Amend:  Plaintiff are informed that—when persons sue the Judicial Council—the aggrieved must name as defendant, the Council Chair, a seat occupied by the *Chief Justice of California Supreme Court*.  If Plaintiffs misapprehends the law, they are happy to amend—to name the correct person(s) in charge of judicial policy.

Judicial Immunity Doctrine—Inapplicable:  The doctrine of judicial immunity *does not* apply to this case.  Plaintiffs sue the Judicial Council for its "judicial policies," which operate outside of well-established, U.S. Supreme Court child-custody doctrines, [*see Request for Judicial Notice of U.S. Supreme Court Points & Authorities* filed herewith].

Judicial Kidnappings:  Plaintiffs here challenge the statewide, continuous and ongoing, unconstitutional "policies" of judicial policymakers, which Plaintiffs contend is the cause-in-fact of rampant judicial kidnappings of Plaintiffs' children—and multitudes of children statewide.

Statewide Problem:  Like cattle, parents and children are separated at county courthouses statewide.  Although the "right to parent" (and the "right to be parented") are fundamental rights, the State divests these rights absent due process—and it happens all day long—in a most industrialized fashion. These violations occur because state-court judges never learn U.S. Supreme Court precedent on the right to parent—or that custodial rights may not be divested absent a showing of actual harm to a minor, [*see Request for Judicial Notice of U.S. Supreme Court Points & Authorities* filed herewith].

### III.    Eleventh Amendment Immunity Does Not Apply.

<u>The 'State Treasury Criterion'</u>:  Defendants' claims of Eleventh Amendment immunity *do not* apply.  As per U.S. Supreme Court precedent—

> "[m]ost Federal Courts of Appeals have identified the
> ***'state treasury' criterion***—whether a judgment against
> the entity ***must be satisfied*** out of a State's treasury—
> as the ***most important consideration*** in determining
> whether a state-created entity qualifies for Eleventh
> Amendment immunity."
> [*See* <u>Hess v. Port Authority Trans-Hudson Corporation</u>,
> 513 U.S. 30, 31 (1994); (bold italics added)].

<u>U.S. Supreme Court Precedent</u>:  Back in 1994, Justice Ruth Bader Ginsburg, in *Hess*, held that defendant *Port Authority* was, "not entitled to Eleventh Amendment immunity from suit in federal court," [*id*., at 31].

<u>State Treasury Criterion</u>:  In deciding *Hess*, the U.S. Supreme Court relied on the "state treasury criterion"—which asks "whether a judgment against the entity must be satisfied out of a State's treasury," [*id*., at 31]: (*i.e.*, "*Must the state treasury pay-out on a prospective judgment?*").

<u>Most Important Consideration</u>:  The U.S. Supreme Court recognizes the "***state treasury criterion***" as the "***most important consideration***" in determining whether a state-created entity qualifies for Eleventh Amendment immunity," [*see* <u>Hess v. Port Authority Trans-Hudson Corporation</u>, 513 U.S. 30, 31 (1994); (bold italics added)].

<u>Judicial Council—Not an 'Arm-of-the-State'</u>:  In *Hess*, Justice Ruth Bader Ginsburg ruled that *Port Authority* is *not* an "arm of the state" for purposes of the Eleventh Amendment.  J. Ginsburg reasoned that a judgment against *Port Authority* mustn't be paid by either New York's or New Jersey's state treasuries.  The same sound reasoning should here apply.

<u>Hess vs. Port Authority—Reasoning</u>:  As J. Ginsburg explains—"[w]here, as here, the States are neither legally nor practically obligated to **pay the entity's debts**, **the Eleventh Amendment's core concern is not implicated**," [*see* <u>Hess v. Port Authority Trans-Hudson Corporation</u>, 513 U.S. 30, 31 (1994); (bold italics added)].

<u>Hess vs. Port Authority—Analysis</u>:  Under the "state treasury test," J. Ginsburg concluded that defendant *Port Authority* was *not* entitled to Eleventh Amendment immunity—because it was deemed to be "**financially self-sufficient: it generates its own revenues and pays its own debts**," [*see* <u>Hess v. Port Authority Trans-Hudson Corporation</u>, 513 U.S. 30, 31 (1994); (bold italics added)].  The same is true for Judicial Council—it is financially self-sufficient: it generates its own revenue and pays its own debts.

<u>Judicial Council is Financially Self-Sufficient</u>:  In the FAC, at par. 60, Plaintiffs alleges, "**Judicial Council is financially self-sufficient**," [*see* FAC, ¶ 60; (bold italics added)].  This Court, *respectfully*, must accept, as true, the allegation that Judicial Council is "**financially self-sufficient**"; and, *therefore*, presuming its truth, Eleventh Amendment immunity *does not* here apply, [*see Hess*, (*id.*)].

<u>Generates Its Own Revenues / Pays Its Own Debts</u>:  The FAC, par. 60, also alleges, "**Judicial Council … generates its own revenues** [*and*] **pays its own debts**," [*see* FAC, ¶ 60; (bold italics added)].  This Court, *respectfully*, must accept, as true, the allegation that "Judicial Council … **generates its own revenues** [and] **pays its own debts**"; *therefore*, Eleventh Amendment immunity *does not* apply, [*see Hess*, (*id.*); (bold italics added)].

<u>Judicial Council Pays BBK Legal Bills</u>:  Opposing counsel freely indicates, in writing, that Judicial Council pays his firm's (BBK's) legal bills. This tends to suggest that Judicial Council "**pays its own debts**"; *therefore*, Eleventh Amendment immunity *does not* apply, [*see Hess*, (*id.*)].

Source of the Funding?:  In all fairness, opposing counsel will be quick to add that, while Judicial Council pays the legal bills of *Best, Best & Krieger*, such monies (supposedly) come from the State.  But Plaintiffs' counsel politely requested to see such documents—that corroborate payment from the State—but Defendants object to document production.  But Plaintiffs believe that "limited discovery" is warranted—*i.e.*, on the extent to which Judicial Council is financially self-sufficient (independent of the State).

Limited Discovery is Here Warranted:  Plaintiffs wish to take limited discovery on the following issues—

(a)     is Judicial Council "financially self-sufficient?";

(b)     does Judicial Council "generate its own revenue?";

(c)     does Judicial Council "pay its own debts?";

(d)     is there any insurance coverage that may pay-out
         on a prospective judgment?; and,

(e)     who will pay-out on a prospective judgment?—
         Judicial Council?—State Treasury?—Ins. Co.?

Where is the State Attorney General?:  Plaintiffs note the conspicuous absence of Rob Bonta's office in this litigation.  Curiously, the State Attorney General is *not* defending the (supposed) State entity.  Frankly, in state-agency litigation, one expects to see the *California Attorney General* defending.  But not here.  Here, we see a "private" firm—defending what appears to be a "private" entity.  Here, by hiring a "private" law firm, Judicial Council effectively removes itself from state-based checks and balances.

'Private' Law Firm:  The use of a "private" law firm—instead of the State's Attorney General—suggests the State Treasury is *not* paying to defend this lawsuit.  Again, opposing counsel admits, in writing, that Judicial Council pays BBK legal bills, which tends to show that Judicial Council is "financially independent" within the meaning of *Hess*, [*id.*, (*see supra*)].

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>Dun & Bradstreet Numbers</u>:  Plaintiff attaches, as Exhibit No. "1," a *Dun & Bradstreet* report that indicates *Judicial Council of California*, as a parent corporation, owns and operates approx. 585 subsidiary county courts—with approx. 585 separate *Dun & Bradstreet* numbers, ("DUNS"), [*see* Exhibit No. "1"; (*Dun & Bradstreet Reports*)].

<u>Dun & Bradstreet Company</u>:  *Dun & Bradstreet* is a global company that analyzes business credit scores.  *Dun & Bradstreet* sells products to its clients to improve profits, marketing, and risk management.  These approx. 585 DUNS numbers are related to Judicial Council—in connection with its subsidiary county courts—which, it would appear, independently purchase goods and services, contract for debt, *etc.*

<u>DUNS Numbers Show 'Financial Independence'</u>:  The fact of the *Dun & Bradstreet* numbers, ("DUNS"), tends to suggest that Judicial Council is "financially self-sufficient"—because, apparently, Judicial Council, (through its local subsidiaries), makes credit purchases and contracts indebtedness— apparently, independent of the State Treasury.

<u>Presumption of Truth</u>:  Again, the Court is required to presume the truth at the pleading stage.  Again, the FAC, (at ¶ 60), alleges that Judicial Council is, "***financially self-sufficient*** … [and] ***it has a Dun & Bradstreet number***," [FAC, (¶ 60); (bold italics added)].  These facts, *when presumed true*, establish that Judicial Council is "financially self-sufficient" from the State Treasury.  (<u>Note</u>:  If, in their reply, Defendants dispute these facts, then limited discovery is thus warranted.)

<u>Eleventh Amendment Does Not Apply</u>:  The *State Treasury Criterion* asks whether a judgment against the entity ***must*** be satisfied out of a state treasury; here, it appears the answer would be "no"—because there's no requirement that payment "must" come from the state treasury; *therefore*, under *Hess*, [*id.*], Eleventh Amendment immunity *does not* apply.

<u>Hess is Paramount to Ninth Circuit Decisions</u>:  Plaintiffs rely on *Hess v. Port Authority*, which is a **U.S. Supreme Court** case—from **1994**. Defendants cite many Ninth Circuit cases—but curiously, none mention *Hess*.  Plaintiffs here reiterate that *Hess* is paramount to Ninth Circuit authorities because it's a U.S. Supreme Court case.  Plaintiffs here analyze Defendants' *inferior* citations—

<u>*Wolfe v. Strankman*</u>, [392 F.3d 358, 364 (9th Cir. **2004**)].  Yes, this Ninth Circuit decision concludes that Judicial Council is an immune state-agency; notably, in *Wolfe*, the Calif. Att'y Gen. represented the purported state entity (not a "private" law firm).  Most remarkably, *Wolfe* never mentions (i) the **1994** U.S. Supreme Court decision in *Hess*, nor does it mention (ii) the "state treasury criterion," or (iii) the "financial independence" test, (*i.e.*, does the entity generate its own revenue?—pay its own debts?).

<u>*Torres v. Judicial Council of California*</u>, [No. 17-cv-0028 JM (JLB), 2017 WL 1281914, (S.D. Cal. Apr. 6, **2017**)].  Yes, this district court decision concludes that Judicial Council is an immune state-agency; notably, all the attorneys involved are gov't attorney.  Most remarkably, <u>*Torres*</u> never mentions (i) the **1994** U.S. Supreme Court decision in *Hess*, nor does it mention (ii) the "state treasury criterion," or (iii) the "financial independence" test, (*i.e.*, does the entity generate its own revenue?—pay its own debts?).

<u>*Ervin v. Judicial Council of California*</u>, [No. C 08-0299 PJH, 2008 WL 1885726, (N.D. Cal. Apr. 24, **2008**)].  Yes, this district court decision concludes that Judicial Council is an immune state-agency; *however*, this case never mentions (i) the **1994** U.S. Supreme Court decision in *Hess*, nor does it mention (ii) the "state treasury criterion," or (iii) the "financial independence" test.

1    *Franceschi v. Schwartz*, [57 F.3d 828, 831 (9th Cir. 1995)].  Yes, this

2    district court decision concludes that Judicial Council is immune;

3    *however*, this case never mentions (i) the **1994** U.S. Supreme Court

4    decision in *Hess*, nor does it mention (ii) the "state treasury criterion,"

5    or (iii) the "financial independence" test.

6    Defendants Never Mention Hess:  Notably, Defendants' *Motion to

7    Dismiss*, ("MTD"), never mentions the decision in *Hess*.  But Plaintiffs believe

8    the *Hess* decision is too important not to mention—because it's controlling.

9    Judicial Council—Analogized to Port Authority:  The *Judicial Council*

10   is no different than the *Port Authority* in *Hess*; (i) both entities are "state-

11   created," (ii) both are "financially self-sufficient," and (iii) neither are entitled

12   to Eleventh Amendment immunity, [*see Hess*, *id.*].

13   Both are State-Created Agencies:  The *Judicial Council* was created by

14   California, and the *Port Authority* was created by New York and New Jersey;

15   both are fairly characterized as "state-created" agencies.

16   Sole Difference—Judicial Council / Port Authority:  Defendants will

17   argue that the "*Judicial Council entity*" is somehow different—compared to

18   the "*Port Authority entity*"; but the only real difference is that *Port Authority*

19   was created by two states—New York and New Jersey, while, in contrast,

20   *Judicial Council* was created by one; (but this distinction is of no moment).

21   Substantially Similar:  Taken together, the defendant Port Authority

22   in *Hess*—and Defendant Judicial Council herein—are substantially similar.

23   Sure, the opponents may argue that the federal gov't helped to create the

24   Port Authority; but still, this *does not* affect the main consideration upon

25   which J. Ginsburg relied in her well-reasoned decision in *Hess*, *i.e.*, whether

26   a prospective pay-out would come from a financially self-sufficient entity—or

27   from a state treasury, [*see Hess*, (*id.*)].

28

1    <u>Federal Gov't Involvement</u>:  The fact that the federal gov't participated

2    in the creation of the *Port Authority* does not affect the "state treasury

3    criterion"—which is concerned with how a given entity must fund prospective

4    pay-outs—*not* how that given entity was birthed.

5

6    ## IV.    Rooker-Feldman Does Not Apply.

7    <u>Rooker-Feldman Does Not Apply</u>:  Predictably, Defendants raise the

8    overused *Rooker-Feldman* defense; *however*, *Rooker-Feldman* does not apply.

9    Plaintiffs seek redress because their constitutional rights were violated—

10   they are *not* seeking judicial review of final state court judgments.

11   <u>"Virtually Unflagging" Duty</u>:  *Rooker-Feldman* conflicts with the

12   familiar maxim that federal courts have a "virtually unflagging" duty to

13   exercise jurisdiction conferred by Congress, [*see*, *e.g.*, <u>Malhan v. State Dept.</u>,

14   (2019), No. 18-3373, Third Circuit, (New Jersey),  citing <u>Colorado River Water</u>

15   <u>Conservation Dist. v. U.S.</u>, 424 U.S. 800, 817, (1976)].

16   <u>Rooker-Feldman Explained</u>:  Notably, the U.S. Supreme Court has only

17   ever applied the *Rooker-Feldman* doctrine twice, first in <u>Rooker v. Fidelity</u>

18   <u>Trust Co.</u>, [263 U. S. 413 (1923)], then, 60 years later, in <u>District of Columbia</u>

19   <u>Court of Appeals v. Feldman</u>, [460 U. S. 462 (1983)]. "Variously interpreted in

20   the lower courts, the doctrine has sometimes been construed to extend far

21   beyond the contours of the Rooker and Feldman cases, overriding Congress'

22   conferral of federal-court jurisdiction concurrent with jurisdiction exercised

23   by state courts, and superseding the ordinary application of preclusion law

24   pursuant to 28 U. S. C. §1738. [*See*, <u>Exxon Mobil Corp. v. Saudi Basic</u>

25   <u>Industries Corp.</u>, 544 U.S. 280 (2005), citing <u>Moccio v. New York State Office</u>

26   <u>of Court Admin.</u>, 95 F. 3d 195, 199–200 (CA2 1996)].

27   <u>Rooker-Feldman—Limited Scope</u>:  Yes, federal district courts may not

28   exercise jurisdiction over final state-court judgments, [*see* <u>Exxon Mobil Corp.</u>

1  *v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291, (2005)].  But the individual

2  *Rooker* and *Feldman* cases are unique; here, Plaintiffs are challenging

3  statewide judicial "policy" which led to unconstitutional judicial kidnappings.

4    "Limited Circumstances": As J. Ginsburg explains, the "limited

5  circumstances" described in *Exxon* have arisen only twice in the Supreme

6  Court—in *Rooker* and *Feldman*.  Plaintiffs argue that federal courts too

7  liberally apply the doctrine to bewildered parents—who come to federal court

8  praying for relief from family court civil rights deprivations.

9    Understanding Exxon:  Back in 2005, the Supreme Court decided

10  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, [544 U.S. 280 (2005)].  In

11  *Exxon*, the Supreme Court reversed the expansive interpretation of *Rooker-*

12  *Feldman* and J. Ginsburg confined it to "limited circumstances"—

13    [1] "cases brought in federal court by state-court losers";

14    [2] "complaining of injuries caused by final state-court judgments";

15    [3] "where the state-court judgment was rendered before the

16      federal action commenced"; and,

17    [4] "inviting federal court review and rejection of those final

18      state-court judgments."

19  [*See Exxon*, (*supra*), 544 U.S. 280, at 284, (2005)]

20    Prong No. 1—Cases Brought in Federal Court by State-Court Losers:

21  Turning the court's attention to prong number 1, (*supra*), Plaintiffs are not

22  "state-court losers."  Their cases are continuous and ongoing.  And, besides,

23  there's not exactly "winners" or "losers" in family court, which is designed

24  only to divvy-up family assets and custodial timeshares.  Generally speaking,

25  there are no prevailing parties in family court; hence, Plaintiffs do not see

26  themselves as "state-court losers" within the meaning of *Exxon*, [*id*.].

27    Plaintiffs are Not Appealing:  Plaintiffs' claims under Sec. 1983 do not

28  function as *de facto* appeals of final state-court judgments.  Rather, Plaintiffs

1    challenge Defendants' continuous and ongoing, unconstitutional "policies,"

2    which are the proximate cause of their constitutional injuries.

3    <u>Prong No. 2—Injuries Caused by Final State-Court Judgments</u>:

4    Turning the court's attention to prong number 2, (*supra*), Plaintiffs are *not*

5    complaining of "injuries caused by final state-court judgments," within the

6    meaning of <u>*Exxon*</u>, [*id.*]; rather, they complain of civil rights violations caused

7    by Defendant's unconstitutional judicial policies which ignore Supreme Court

8    case law, [*see Request for Judicial Notice of U.S. Supreme Court Points &*

9    *Authorities* filed herewith].

10   <u>Plaintiffs Not Attacking State-Court Judgments</u>:  The doctrine bars

11   federal cases where plaintiffs attack the state judgment itself, seeking to

12   overturn it, [*see*, *e.g.*, <u>*McKithen v. Brown*</u>, 481 F.3d 89, 97 (2d Cir. 2007)].

13   But here, Plaintiffs are not attacking "final judgments"; rather, they are

14   attacking unconstitutional, statewide judicial policies, which deprived them

15   of their fundamental rights as "fit" parents—without ever having been

16   declared "unfit" as per U.S. Supreme Court precedent.

17   <u>Prong No. 3—Injuries Caused by Final State-Court Judgments</u>:

18   Turning the court's attention to prong number 3, (*supra*), while family courts

19   issue custody orders and divorce decrees, Plaintiffs here challenge no civil,

20   "final state-court judgments" within the meaning of <u>*Exxon*</u>, [*id.*].

21   <u>Prong No. 4—Inviting Review and Rejection of State-Court Judgments</u>:

22   Turning the court's attention to prong number 4, (above), Plaintiffs point-out

23   they are *not* "inviting federal court review and rejection of [a] final state-

24   court judgment"; rather, Plaintiffs want money damages for Defendants'

25   unconstitutional policies, which cause civil rights violations; Plaintiffs also

26   want personnel training to avoid future violations of other parents' rights.

27   <u>Plaintiffs' Claims Not 'Inextricably Intertwined'</u>:  Federal claims must

28   be "inextricably intertwined" with the final state-court judgment for *Rooker-*

1    *Feldman* to apply, [*see, e.g., Great Western Mining & Mineral Co. v. Fox*

2    *Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010)].  But here, Plaintiffs'

3    claims are not "inextricably intertwined" with any final state-court

4    judgments.  Defendants' unconstitutional "policies" are the source of

5    Plaintiffs' injuries, not any final state-court judgments.

6        Unconstitutional Policies:  Plaintiffs challenge Defendants' statewide

7    policies which systematically cause routine deprivations of the fundamental

8    "right to parent" absent due process, [*see* FAC, ¶¶ 49–62].

9        Judicial Policies:  The custody orders in Plaintiffs' domestic proceedings

10   are simply an outgrowth of entrenched deficiencies in judicial family court

11   training.  As in *Exxon*, Plaintiffs do not directly contest the validity of any

12   final state-court judgments, but rather, they challenge Defendants' policies

13   that cause constitutional injury to multitudinous families statewide.

14       Plaintiffs Have an Independent Claim:  "If a federal plaintiff 'present[s]

15   some independent claim, albeit one that denies a legal conclusion that a

16   state court has reached in a case to which he was a party . . . then there is

17   jurisdiction and state law determines whether the defendant prevails under

18   principles of preclusion,' " [*see, Exxon Mobil Corp. v. Saudi Basic Indus.*

19   *Corp.*, [544 U.S. 280, at 293 (2005)].

20       Under *McCormick v. Braverman*, [451 F.3d 382, 393 (6th Cir. 2006)]

21   and *Lance v. Dennis*, [546 U.S. 459, 464 (2006)], final state-court judgments,

22   essentially, must be the proximate cause of the alleged injury—in order for

23   *Rooker-Feldman* to apply.  But here, the proximate cause of Plaintiffs' harm

24   is Defendants' judicial policies.  The custody orders, mostly temporary, are

25   merely evidence of Defendants' unconstitutional policies—which

26   systematically ignore U.S. Supreme Court child-custody precedent.

27       The Hoblock Case:  In *Hoblock*, the suit would be barred by *Rooker-*

28   *Feldman* "only if it complains of injury from the state-court judgment and

*Plaintiffs' Opposition to Motion to Dismiss, p. 12 of 16*

seeks review and rejection of that judgment," but not if it raises "some independent claim."  Hoblock goes on—

> "How do we determine whether a federal suit raises an independent, non-barred claim?  At first glance, one might think that a federal claim is independent of claims raised in state court if the federal claim is premised on a ***theory not passed upon by the state court***.  Indeed, the voters make essentially this argument, asserting that Rooker-Feldman does not apply because the voters raise a Fourteenth Amendment argument and thus "are not seeking review of the state court's decision[,] which was strictly limited to state law. . . ." [*Hoblock v. Albany Cnty.*, 422 F.3d 77, 86–88 (2d Cir. 2005); (bold italics added)].

Independent Constitutional Claims:  *Rooker-Feldman* does not stop a plaintiff from presenting an "independent claim," even if it denies a legal premise underlying a state court conclusion.  Plaintiffs raise independent constitutional claims—***not passed upon by the state court***.  If a plaintiff "present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . ., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion," [*Hoblock v. Albany County Board of Elections*, 422 F.3d 77, 86 (2d Cir. 2005)].  "Rooker-Feldman, we explained, is a narrow doctrine," [*Lance v. Dennis*, 546 U.S. 459 (2006), citing *Exxon*, at 284].

Limited Scope—Rooker-Feldman:  "The doctrine has a limited scope. It does not, for example, bar "a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court," [*VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020), citing *Exxon*, at 293].  "When there is parallel state and federal litigation, Rooker-Feldman is not triggered simply by the entry of judgment in state court.  This Court has

1  repeatedly held that 'the pendency of an action in the state court is no bar

2  to proceedings concerning the same matter in the Federal court having

3  jurisdiction.' " [*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, [544 U.S. 280,

4  at 293 (2005) citing *McClellan v. Carland*, 217 U. S. 268, 282 (1910)].

5

6  ### V.    Plaintiffs State a Viable Monell Claim.

7  <u>Monell Requirements</u>:  "[A]n act performed pursuant to a 'custom' that

8  has not been formally approved by an appropriate decisionmaker may fairly

9  subject a municipality to liability on the theory that the relevant practice is

10  so widespread as to have the force of law," [*Board of Comm'rs of Bryan Cty. v.*

11  *Brown*, 520 U.S. 397, 404 (1997)].  And, as the FAC alleges, at par. 31—

12  "Defendants maintain a policy of ***not training judges*** that parenting

13  is a fundamental right, [*Meyer vs. Nebraska*, 262 U.S. 390 (1923)],

14  and this has tragic and deleterious consequences; it results in

15  ***continuous and ongoing violations*** of federally protected civil

16  rights, which are so ***prevalent***, so ***commonplace***, and so

17  ***regularized***, as to become ***de facto judicial policy statewide***."

18  [*First Amended Complaint*, ("FAC"), ¶ 31; (bold italics added)]

19  <u>Widespread Constitutional Violations—Force of Law</u>:  In California

20  family courts, the judicial practice of ignoring U.S. Supreme Court child-

21  custody precdent is "so widespread as to have the force of law," [*see Board of*

22  *Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 404 (1997), citing *Adickes v.*

23  *S. H. Kress & Co.*, 398 U. S. 144, 167-168 (1970)].

24  <u>Ignoring the Constitution</u>:  Most alarming, in California courts there is

25  widespread judicial disregard for the U.S. Constitution.  Statewide judicial

26  policy ignores U.S. Supreme Court child-custody precedent, [*see Request for*

27  *Judicial Notice of U.S. Supreme Court Points & Authorities* filed herewith].

28  / / / /

**VI.    Summary and Conclusion.**

Summary:  ***First***, judicial immunity is inapplicable because Plaintiffs challenge no "judicial acts" by Hon. C.J. Guerrero. ***Second***, Eleventh Amendment immunity is inapplicable based on the "state treasury criterion"; there is no immunity where prospective judgments would be paid-out by the entity—instead of the state treasury—based on the notion that such entity is "financially self-sufficient." ***Third***, Rooker-Feldman is inapplicable because Plaintiffs are not challenging "final state-court judgments." ***Fourth***, Plaintiffs have a viable *Monell* claim because they challenge statewide judicial policies that ignore U.S. Supreme Court child-custody precedent, [*see Request for Judicial Notice of U.S. Supreme Court Points & Authorities* filed herewith].

Conclusion:  Plaintiffs respectfully request that this Court DENY Defendants' *Motion to Dismiss*, ("MTD"), [Document #16-1; (Jan. 16, 2024)].

Dated: **Jan. 30, 2024**         *Respectfully Submitted*,



*T. Matthew Phillips*
_____
T. Matthew Phillips, Esq.
Calif. State Bar No. 165833
Telephone: (323) 314-6996
TMatthewPhillips@aol.com
*Plaintiffs' Counsel*


*             *             *

<u>AFFIDAVIT *of* T. MATTHEW PHILLIPS, ESQ.</u>

My name is T. MATTHEW PHILLIPS, ESQ.  I am Plaintiffs' counsel.  All the within allegations are true and correct of my own personal knowledge.  If called upon to testify, I could and would give competent and truthful evidence.

1.      Attached as Exhibit No. "1" is a true and correct pdf copy of *Dun & Bradstreet* reports that reference Judicial Council of California.

*I hereby declare under penalty of perjury under the laws of the United States, the foregoing is both true and correct.*

Dated:  **Jan. 30, 2024**          *Respectfully Submitted,*

_T. Matthew Phillips_____

T. Matthew Phillips, Esq.
Calif. State Bar No. 165833
Telephone: (323) 314-6996
TMatthewPhillips@aol.com
*Plaintiffs' Counsel*

\*      \*      \*

# Exhibit No. 1

(B) **Executive Office Of The State Of California** 101092760 Fresno, CA

(S) **The Judicial Council Of California** 360709414 San Francisco, CA

(B) **The Judicial Council Of California** 602460891 Fairfield, CA

(B) **The Judicial Council Of California** 790664734 Santa Clara, CA

(B) **The Judicial Council Of California** 362272023 Burney, CA

(B) **The Judicial Council Of California** 602460784 Eureka, CA

(B) **The Judicial Council Of California** 555407626 Palm Springs, CA

(B) **The Judicial Council Of California** 555408905 Visalia, CA

(B) **The Judicial Council Of California** 555463389 Santa Monica, CA

(B) **The Judicial Council Of California** 134728059 Joshua Tree, CA

(B) **The Judicial Council Of California** 363564048 Redwood City, CA

(B) **The Judicial Council Of California** 364522284 Los Angeles, CA

(B) **The Judicial Council Of California** 018909080 Chula Vista, CA

(B) **The Judicial Council Of California** 057072357 San Jose, CA

(B) **The Judicial Council Of California** 150887110 Alturas, CA

(B) **The Judicial Council Of California** 555462589 San Fernando, CA

(B) **The Judicial Council Of California** 016851998 Los Angeles, CA

(B) **The Judicial Council Of California** 364517870 Trona, CA

(B) **The Judicial Council Of California** 100492755 Los Angeles, CA

(B) **The Judicial Council Of California** 036409449 Santa Clarita, CA

(B) **The Judicial Council Of California** 602461311 Bridgeport, CA

(B) **The Judicial Council Of California** 555460344 Porterville, CA

(B) **The Judicial Council Of California** 601242902 Chula Vista, CA

(B) **The Judicial Council Of California** 602461014 Willows, CA

(B) **The Judicial Council Of California** 040717899 Inglewood, CA

(B) **The Judicial Council Of California** 009116942 San Francisco, CA

(B) **The Judicial Council Of California** 617215157 Orland, CA

(B) **The Judicial Council Of California** 799152918 Martinez, CA

(B) **The Judicial Council Of California** 829173371 Sanger, CA

(B) **The Judicial Council Of California** 135373251 Marysville, CA

(B) **The Judicial Council Of California** 602461048 Jackson, CA

(B) **The Judicial Council Of California** 602572216 San Francisco, CA

(B) **The Judicial Council Of California** 555432814 Burney, CA

(B) **The Judicial Council Of California** 112248526 Oxnard, CA

(B) **The Judicial Council Of California** 933386203 Santa Ana, CA

- (B) **The Judicial Council Of California** 928671429 San Martin, CA
- (B) **The Judicial Council Of California** 621998053 San Andreas, CA
- (B) **The Judicial Council Of California** 602461063 Mariposa, CA
- (B) **The Judicial Council Of California** 106041267 Pomona, CA
- (B) **The Judicial Council Of California** 080719819 Santa Rosa, CA
- (B) **The Judicial Council Of California** 079856148 Santa Barbara, CA
- (B) **The Judicial Council Of California** 808054808 Shafter, CA
- (B) **The Judicial Council Of California** 601811037 Pleasanton, CA
- (B) **The Judicial Council Of California** 028479686 Los Angeles, CA
- (B) **The Judicial Council Of California** 602460974 Markleeville, CA
- (B) **The Judicial Council Of California** 928340827 Los Banos, CA
- (B) **The Judicial Council Of California** 113487685 San Jose, CA
- (B) **The Judicial Council Of California** 602752420 Forestville, CA
- (B) **The Judicial Council Of California** 001898498 Ventura, CA
- (B) **The Judicial Council Of California** 029916789 Burbank, CA
- (B) **The Judicial Council Of California** 948688841 Barstow, CA
- (B) **The Judicial Council Of California** 018638638 San Diego, CA
- (B) **The Judicial Council Of California** 555462969 Long Beach, CA
- (B) **The Judicial Council Of California** 056180934 San Bernardino, CA
- (B) **The Judicial Council Of California** 127767858 Palo Alto, CA
- (B) **The Judicial Council Of California** 555460898 Los Angeles, CA
- (B) **The Judicial Council Of California** 602630998 Lemoore, CA
- (B) **The Judicial Council Of California** 602752339 Hanford, CA
- (B) **The Judicial Council Of California** 364522151 Los Angeles, CA
- (B) **The Judicial Council Of California** 101095164 Ventura, CA
- (B) **The Judicial Council Of California** 615051141 Santa Maria, CA
- (B) **The Judicial Council Of California** 602461055 Susanville, CA
- (B) **The Judicial Council Of California** 601811516 Hayward, CA
- (B) **The Judicial Council Of California** 960055077 South San Francisco, CA
- (B) **The Judicial Council Of California** 555404771 Riverside, CA
- (B) **The Judicial Council Of California** 022427772 Oakland, CA
- (B) **The Judicial Council Of California** 043823361 Brawley, CA
- (B) **The Judicial Council Of California** 606876881 Auburn, CA
- (B) **The Judicial Council Of California** 602461246 Truckee, CA
- (B) **The Judicial Council Of California** 364525204 South Gate, CA

- Ⓑ **The Judicial Council Of California** 939882544 Alhambra, CA
- Ⓑ **The Judicial Council Of California** 601242407 Monterey, CA
- Ⓑ **The Judicial Council Of California** 932335623 Redding, CA
- Ⓑ **The Judicial Council Of California** 601242522 El Cajon, CA
- Ⓑ **The Judicial Council Of California** 160240383 Santa Ana, CA
- Ⓑ **The Judicial Council Of California** 555460492 Santa Ana, CA
- Ⓑ **The Judicial Council Of California** 606881758 San Francisco, CA
- Ⓑ **The Judicial Council Of California** 104205294 Solvang, CA
- Ⓑ **The Judicial Council Of California** 963968128 Fremont, CA
- Ⓑ **The Judicial Council Of California** 110906018 San Bernardino, CA
- Ⓑ **The Judicial Council Of California** 364521369 Long Beach, CA
- Ⓑ **The Judicial Council Of California** 037629883 Santa Monica, CA
- Ⓑ **The Judicial Council Of California** 029720963 Norwalk, CA
- Ⓑ **The Judicial Council Of California** 962135851 Los Angeles, CA
- Ⓑ **The Judicial Council Of California** 364522193 Los Angeles, CA
- Ⓑ **The Judicial Council Of California** 030477549 San Francisco, CA
- Ⓑ **The Judicial Council Of California** 555408954 Visalia, CA
- Ⓑ **The Judicial Council Of California** 601244395 Watsonville, CA
- Ⓑ **The Judicial Council Of California** 119598949 Clearlake, CA
- Ⓑ **The Judicial Council Of California** 078408193 Yreka, CA
- Ⓑ **The Judicial Council Of California** 012887472 Santa Barbara, CA
- Ⓑ **The Judicial Council Of California** 555462456 Pasadena, CA
- Ⓑ **The Judicial Council Of California** 364524884 Santa Monica, CA
- Ⓑ **The Judicial Council Of California** 058695763 Berkeley, CA
- Ⓑ **The Judicial Council Of California** 601243447 San Francisco, CA
- Ⓑ **The Judicial Council Of California** 364524660 El Monte, CA
- Ⓑ **The Judicial Council Of California** 364517920 Solvang, CA
- Ⓑ **The Judicial Council Of California** 956707574 Walnut Creek, CA
- Ⓑ **The Judicial Council Of California** 555461995 Joshua Tree, CA
- Ⓑ **The Judicial Council Of California** 602752479 Roseville, CA
- Ⓑ **The Judicial Council Of California** 134866487 Inglewood, CA
- Ⓑ **The Judicial Council Of California** 364519496 Los Angeles, CA
- Ⓑ **The Judicial Council Of California** 958022691 Downey, CA
- Ⓑ **The Judicial Council Of California** 128698987 Perris, CA
- Ⓑ **The Judicial Council Of California** 038519745 Lodi, CA

- (B) **The Judicial Council Of California** 555461763 Victorville, CA
- (B) **The Judicial Council Of California** 602460792 Merced, CA
- (B) **The Judicial Council Of California** 030697408 Santa Ana, CA
- (B) **The Judicial Council Of California** 119589062 Lakeport, CA
- (B) **The Judicial Council Of California** 964899074 Sacramento, CA
- (B) **The Judicial Council Of California** 363814385 Stockton, CA
- (B) **The Judicial Council Of California** 555461904 Barstow, CA
- (B) **The Judicial Council Of California** 097814607 Rancho Cucamonga, CA
- (B) **The Judicial Council Of California** 046654061 Oakland, CA
- (B) **The Judicial Council Of California** 601810328 Alameda, CA
- (B) **The Judicial Council Of California** 555404847 Indio, CA
- (B) **The Judicial Council Of California** 555460575 Los Angeles, CA
- (B) **The Judicial Council Of California** 959132093 Twin Peaks, CA
- (B) **The Judicial Council Of California** 601243496 San Francisco, CA
- (B) **The Judicial Council Of California** 603736174 Marysville, CA
- (B) **The Judicial Council Of California** 364518910 Compton, CA
- (B) **The Judicial Council Of California** 364525246 Whittier, CA
- (B) **The Judicial Council Of California** 602752453 Weaverville, CA
- (B) **The Judicial Council Of California** 038062308 San Francisco, CA
- (B) **The Judicial Council Of California** 601808462 Shafter, CA
- (B) **The Judicial Council Of California** 602752289 Hanford, CA
- (B) **The Judicial Council Of California** 364522003 Los Angeles, CA
- (B) **The Judicial Council Of California** 555460724 Westminster, CA
- (B) **The Judicial Council Of California** 956707905 Richmond, CA
- (B) **The Judicial Council Of California** 621224034 San Francisco, CA
- (B) **The Judicial Council Of California** 117775135 Chatsworth, CA
- (B) **The Judicial Council Of California** 601243702 Lodi, CA
- (B) **The Judicial Council Of California** 124875456 Taft, CA
- (B) **The Judicial Council Of California** 106733368 Newport Beach, CA
- (B) **The Judicial Council Of California** 933605438 Compton, CA
- (B) **The Judicial Council Of California** 555462084 Fontana, CA
- (B) **The Judicial Council Of California** 088040856 San Leandro, CA
- (B) **The Judicial Council Of California** 939882585 Corona, CA
- (B) **The Judicial Council Of California** 602179871 Placerville, CA
- (B) **The Judicial Council Of California** 601243744 Manteca, CA

- (B) **The Judicial Council Of California** 781984133 Riverdale, CA
- (B) **The Judicial Council Of California** 956709588 Santa Barbara, CA
- (B) **The Judicial Council Of California** 602752396 Ukiah, CA
- (B) **The Judicial Council Of California** 135373517 Fort Bragg, CA
- (B) **The Judicial Council Of California** 602630857 El Centro, CA
- (B) **The Judicial Council Of California** 858809366 Redlands, CA
- (B) **The Judicial Council Of California** 555408160 Perris, CA
- (B) **The Judicial Council Of California** 010428352 Riverside, CA
- (B) **The Judicial Council Of California** 103381997 Bakersfield, CA
- (B) **The Judicial Council Of California** 829171508 Firebaugh, CA
- (B) **The Judicial Council Of California** 602630964 Corning, CA
- (B) **The Judicial Council Of California** 095167933 Anaheim, CA
- (B) **The Judicial Council Of California** 959916250 Beverly Hills, CA
- (B) **The Judicial Council Of California** 555460633 Newport Beach, CA
- (B) **The Judicial Council Of California** 555431899 Chico, CA
- (B) **The Judicial Council Of California** 932335615 Santa Monica, CA
- (B) **The Judicial Council Of California** 876928677 Trona, CA
- (B) **The Judicial Council Of California** 113512789 Auburn, CA
- (B) **The Judicial Council Of California** 119520331 Santa Rosa, CA
- (B) **The Judicial Council Of California** 103047937 Stockton, CA
- (B) **The Judicial Council Of California** 968820787 Banning, CA
- (B) **The Judicial Council Of California** 958024242 Los Gatos, CA
- (B) **The Judicial Council Of California** 603733627 Escondido, CA
- (B) **The Judicial Council Of California** 059614649 Los Angeles, CA
- (B) **The Judicial Council Of California** 966936171 San Francisco, CA
- (B) **The Judicial Council Of California** 602461287 Yreka, CA
- (B) **The Judicial Council Of California** 555432889 Anderson, CA
- (B) **The Judicial Council Of California** 602461253 Hollister, CA
- (B) **The Judicial Council Of California** 948689484 Barstow, CA
- (B) **The Judicial Council Of California** 064773133 Riverside, CA
- (B) **The Judicial Council Of California** 937949618 Culver City, CA
- (B) **The Judicial Council Of California** 364521526 Los Angeles, CA
- (B) **The Judicial Council Of California** 555407907 Hemet, CA
- (B) **The Judicial Council Of California** 781686209 Los Angeles, CA
- (B) **The Judicial Council Of California** 069515870 Sacramento, CA

- Ⓑ **The Judicial Council Of California** 113881275 Laguna Niguel, CA
- Ⓑ **The Judicial Council Of California** 010270639 Sacramento, CA
- Ⓑ **The Judicial Council Of California** 555461854 Twin Peaks, CA
- Ⓑ **The Judicial Council Of California** 829171920 Fresno, CA
- Ⓑ **The Judicial Council Of California** 602630899 Avenal, CA
- Ⓑ **The Judicial Council Of California** 603663923 Broderick, CA
- Ⓑ **The Judicial Council Of California** 601242787 Vista, CA
- Ⓑ **The Judicial Council Of California** 555461425 Los Angeles, CA
- Ⓑ **The Judicial Council Of California** 602461238 Nevada City, CA
- Ⓑ **The Judicial Council Of California** 942642489 Los Angeles, CA
- Ⓑ **The Judicial Council Of California** 014830261 Sacramento, CA
- Ⓑ **The Judicial Council Of California** 555460955 Modesto, CA
- Ⓑ **The Judicial Council Of California** 928295401 Madera, CA
- Ⓑ **The Judicial Council Of California** 829173330 Reedley, CA
- Ⓑ **The Judicial Council Of California** 067781761 Yreka, CA
- Ⓑ **The Judicial Council Of California** 601712037 San Luis Obispo, CA
- Ⓑ **The Judicial Council Of California** 363668377 Walnut Creek, CA
- Ⓑ **The Judicial Council Of California** 603663915 Woodland, CA
- Ⓑ **The Judicial Council Of California** 621528652 Sonora, CA
- Ⓑ **The Judicial Council Of California** 937942654 Glendale, CA
- Ⓑ **The Judicial Council Of California** 555461961 Oakland, CA
- Ⓑ **The Judicial Council Of California** 040703733 West Covina, CA
- Ⓑ **The Judicial Council Of California** 176346021 Simi Valley, CA
- Ⓑ **The Judicial Council Of California** 364518779 West Covina, CA
- Ⓑ **The Judicial Council Of California** 555408723 Visalia, CA
- Ⓑ **The Judicial Council Of California** 167947493 Needles, CA
- Ⓑ **The Judicial Council Of California** 618034425 Oroville, CA
- Ⓑ **The Judicial Council Of California** 928421379 Lakeport, CA
- Ⓑ **The Judicial Council Of California** 602460818 Yuba City, CA
- Ⓑ **The Judicial Council Of California** 002330871 Independence, CA
- Ⓑ **The Judicial Council Of California** 102548240 Barstow, CA
- Ⓑ **The Judicial Council Of California** 555408517 Temecula, CA
- Ⓑ **The Judicial Council Of California** 362273054 Marina, CA
- Ⓑ **The Judicial Council Of California** 601810849 Fremont, CA
- Ⓑ **The Judicial Council Of California** 602461279 Yreka, CA

- Ⓑ **The Judicial Council Of California** 099971637 Joshua Tree, CA
- Ⓑ **The Judicial Council Of California** 102489585 Stockton, CA
- Ⓑ **The Judicial Council Of California** 110352734 Lancaster, CA
- Ⓑ **The Judicial Council Of California** 114460897 Colusa, CA
- Ⓑ **The Judicial Council Of California** 101787401 Auburn, CA
- Ⓑ **The Judicial Council Of California** 364518118 Lancaster, CA
- Ⓑ **The Judicial Council Of California** 785175477 San Francisco, CA
- Ⓑ **The Judicial Council Of California** 362267478 Fontana, CA
- Ⓑ **The Judicial Council Of California** 602752271 King City, CA
- Ⓑ **The Judicial Council Of California** 602461220 Ukiah, CA
- Ⓑ **The Judicial Council Of California** 939435954 West Covina, CA
- Ⓑ **The Judicial Council Of California** 078268029 San Luis Obispo, CA
- Ⓑ **The Judicial Council Of California** 602180010 Crescent City, CA
- Ⓑ **The Judicial Council Of California** 621261536 Sacramento, CA
- Ⓑ **The Judicial Council Of California** 022124072 San Fernando, CA
- Ⓑ **The Judicial Council Of California** 363816505 Santa Cruz, CA
- Ⓑ **The Judicial Council Of California** 927988717 Shingle Springs, CA
- Ⓑ **The Judicial Council Of California** 956710032 Santa Cruz, CA
- Ⓑ **The Judicial Council Of California** 829171318 Clovis, CA
- Ⓑ **The Judicial Council Of California** 125069067 Los Angeles, CA
- Ⓑ **The Judicial Council Of California** 101135957 Los Angeles, CA
- Ⓑ **The Judicial Council Of California** 039865279 Fullerton, CA
- Ⓑ **The Judicial Council Of California** 928421015 Corcoran, CA
- Ⓑ **The Judicial Council Of California** 363573247 Bakersfield, CA
- Ⓑ **The Judicial Council Of California** 103332693 Lodi, CA
- Ⓑ **The Judicial Council Of California** 125970975 Oakland, CA
- Ⓑ **The Judicial Council Of California** 602180390 San Luis Obispo, CA
- Ⓑ **The Judicial Council Of California** 018709579 Los Angeles, CA
- Ⓑ **The Judicial Council Of California** 119799182 Weed, CA
- Ⓑ **The Judicial Council Of California** 037623704 Delano, CA
- Ⓑ **The Judicial Council Of California** 960829166 Elk Grove, CA
- Ⓑ **The Judicial Council Of California** 787935100 Fresno, CA
- Ⓑ **The Judicial Council Of California** 941807708 Pasadena, CA
- Ⓑ **The Judicial Council Of California** 622032605 Clovis, CA
- Ⓑ **The Judicial Council Of California** 960829208 Walnut Grove, CA

- Ⓑ **The Judicial Council Of California** 046747742 Victorville, CA
- Ⓑ **The Judicial Council Of California** 363682345 Santa Rosa, CA
- Ⓑ **The Judicial Council Of California** 555432616 Ventura, CA
- Ⓑ **The Judicial Council Of California** 621997956 Pittsburg, CA
- Ⓑ **The Judicial Council Of California** 154411987 Ventura, CA
- Ⓑ **The Judicial Council Of California** 603663972 Sonora, CA
- Ⓑ **The Judicial Council Of California** 037412884 San Francisco, CA
- Ⓑ **The Judicial Council Of California** 076861587 Leggett, CA
- Ⓑ **The Judicial Council Of California** 159726751 Simi Valley, CA
- Ⓑ **The Judicial Council Of California** 137831082 San Luis Obispo, CA
- Ⓑ **The Judicial Council Of California** 928340785 Point Arena, CA
- Ⓑ **The Judicial Council Of California** 928671437 Lamont, CA
- Ⓑ **The Judicial Council Of California** 362272866 Fresno, CA
- Ⓑ **The Judicial Council Of California** 602332256 Tulelake, CA
- Ⓑ **The Judicial Council Of California** 781983671 Calabasas, CA
- Ⓑ **The Judicial Council Of California** 609626429 San Diego, CA
- Ⓑ **The Judicial Council Of California** 555462530 Los Angeles, CA
- Ⓑ **The Judicial Council Of California** 002328131 Bishop, CA
- Ⓑ **The Judicial Council Of California** 364518449 Burbank, CA
- Ⓑ **The Judicial Council Of California** 933605479 Chula Vista, CA
- Ⓑ **The Judicial Council Of California** 929922714 Ventura, CA
- Ⓑ **The Judicial Council Of California** 958022642 Huntington Park, CA
- Ⓑ **The Judicial Council Of California** 103703315 Los Angeles, CA
- Ⓑ **The Judicial Council Of California** 104264648 El Monte, CA
- Ⓑ **The Judicial Council Of California** 028276512 King City, CA
- Ⓑ **The Judicial Council Of California** 876922183 Big Bear Lake, CA
- Ⓑ **The Judicial Council Of California** 005149527 Pasadena, CA
- Ⓑ **The Judicial Council Of California** 363659491 San Francisco, CA
- Ⓑ **The Judicial Council Of California** 364518027 Alhambra, CA
- Ⓑ **The Judicial Council Of California** 602461022 Clearlake, CA
- Ⓑ **The Judicial Council Of California** 938359650 El Cajon, CA
- Ⓑ **The Judicial Council Of California** 959814427 Redondo Beach, CA
- Ⓑ **The Judicial Council Of California** 103084856 Los Angeles, CA
- Ⓑ **The Judicial Council Of California** 942646126 Palm Springs, CA
- Ⓑ **The Judicial Council Of California** 364517847 Needles, CA

- (B) **The Judicial Council Of California** 024888967 San Francisco, CA
- (B) **The Judicial Council Of California** 602179442 Markleeville, CA
- (B) **The Judicial Council Of California** 601242365 King City, CA
- (B) **The Judicial Council Of California** 364525014 Torrance, CA
- (B) **The Judicial Council Of California** 119792245 Yreka, CA
- (B) **The Judicial Council Of California** 124971982 San Francisco, CA
- (B) **The Judicial Council Of California** 621998046 Weaverville, CA
- (B) **The Judicial Council Of California** 051012035 Downey, CA
- (B) **The Judicial Council Of California** 601242340 Monterey, CA
- (B) **The Judicial Council Of California** 613899079 Ridgecrest, CA
- (B) **The Judicial Council Of California** 602180218 Nevada City, CA
- (B) **The Judicial Council Of California** 602631525 San Diego, CA
- (B) **The Judicial Council Of California** 602332868 San Bernardino, CA
- (B) **The Judicial Council Of California** 942645953 San Bernardino, CA
- (B) **The Judicial Council Of California** 555460385 Visalia, CA
- (B) **The Judicial Council Of California** 602461303 Alturas, CA
- (B) **The Judicial Council Of California** 118996870 San Rafael, CA
- (B) **The Judicial Council Of California** 933605487 Vista, CA
- (B) **The Judicial Council Of California** 928590934 Fresno, CA
- (B) **The Judicial Council Of California** 602631004 Encino, CA
- (B) **The Judicial Council Of California** 929454205 Fowler, CA
- (B) **The Judicial Council Of California** 122374643 Redwood City, CA
- (B) **The Judicial Council Of California** 363659251 San Francisco, CA
- (B) **The Judicial Council Of California** 362267817 San Diego, CA
- (B) **The Judicial Council Of California** 555462639 Van Nuys, CA
- (B) **The Judicial Council Of California** 135371792 Yuba City, CA
- (B) **The Judicial Council Of California** 045807945 Martinez, CA
- (B) **The Judicial Council Of California** 088182246 San Leandro, CA
- (B) **The Judicial Council Of California** 363680059 Ventura, CA
- (B) **The Judicial Council Of California** 962285276 Perris, CA
- (B) **The Judicial Council Of California** 786846170 Madera, CA
- (B) **The Judicial Council Of California** 555431709 Chico, CA
- (B) **The Judicial Council Of California** 603663949 Woodland, CA
- (B) **The Judicial Council Of California** 555430248 Weaverville, CA
- (B) **The Judicial Council Of California** 602630873 El Centro, CA

- Ⓑ **The Judicial Council Of California** 103807236 Richmond, CA
- Ⓑ **The Judicial Council Of California** 941395527 Pasadena, CA
- Ⓑ **The Judicial Council Of California** 555461524 Glendale, CA
- Ⓑ **The Judicial Council Of California** 363814880 Stockton, CA
- Ⓑ **The Judicial Council Of California** 602180416 Redding, CA
- Ⓑ **The Judicial Council Of California** 363562828 Santa Barbara, CA
- Ⓑ **The Judicial Council Of California** 808052570 Mojave, CA
- Ⓑ **The Judicial Council Of California** 609626544 Sacramento, CA
- Ⓑ **The Judicial Council Of California** 122446516 Los Angeles, CA
- Ⓑ **The Judicial Council Of California** 138332742 Norwalk, CA
- Ⓑ **The Judicial Council Of California** 555462860 Sylmar, CA
- Ⓑ **The Judicial Council Of California** 364525121 Huntington Park, CA
- Ⓑ **The Judicial Council Of California** 956710065 Watsonville, CA
- Ⓑ **The Judicial Council Of California** 364522250 San Pedro, CA
- Ⓑ **The Judicial Council Of California** 363564246 Redwood City, CA
- Ⓑ **The Judicial Council Of California** 364524546 Pasadena, CA
- Ⓑ **The Judicial Council Of California** 363568775 Sacramento, CA
- Ⓑ **The Judicial Council Of California** 602572059 Yuba City, CA
- Ⓑ **The Judicial Council Of California** 617857495 Sacramento, CA
- Ⓑ **The Judicial Council Of California** 002224363 Beverly Hills, CA
- Ⓑ **The Judicial Council Of California** 555461888 San Bernardino, CA
- Ⓑ **The Judicial Council Of California** 831950555 Fresno, CA
- Ⓑ **The Judicial Council Of California** 602460800 Napa, CA
- Ⓑ **The Judicial Council Of California** 602752321 Madera, CA
- Ⓑ **The Judicial Council Of California** 555461805 Big Bear Lake, CA
- Ⓑ **The Judicial Council Of California** 938358611 Escondido, CA
- Ⓑ **The Judicial Council Of California** 602752446 Weaverville, CA
- Ⓑ **The Judicial Council Of California** 363813759 Salinas, CA
- Ⓑ **The Judicial Council Of California** 933133365 Long Beach, CA
- Ⓑ **The Judicial Council Of California** 962372124 Fresno, CA
- Ⓑ **The Judicial Council Of California** 602630931 El Centro, CA
- Ⓑ **The Judicial Council Of California** 622032670 Vallejo, CA
- Ⓑ **The Judicial Council Of California** 959172289 Redondo Beach, CA
- Ⓑ **The Judicial Council Of California** 928671452 Quincy, CA
- Ⓑ **The Judicial Council Of California** 555432665 Redding, CA

- Ⓑ **The Judicial Council Of California** 555405133 Sacramento, CA
- Ⓑ **The Judicial Council Of California** 601242571 El Cajon, CA
- Ⓑ **The Judicial Council Of California** 113111533 Twin Peaks, CA
- Ⓑ **The Judicial Council Of California** 602752388 Mariposa, CA
- Ⓑ **The Judicial Council Of California** 101788672 Auburn, CA
- Ⓑ **The Judicial Council Of California** 602460842 Oroville, CA
- Ⓑ **The Judicial Council Of California** 603663725 Vista, CA
- Ⓑ **The Judicial Council Of California** 127113368 San Rafael, CA
- Ⓑ **The Judicial Council Of California** 364521302 Inglewood, CA
- Ⓑ **The Judicial Council Of California** 125975677 Oakland, CA
- Ⓑ **The Judicial Council Of California** 026486170 Chino, CA
- Ⓑ **The Judicial Council Of California** 067656507 San Francisco, CA
- Ⓑ **The Judicial Council Of California** 062822114 Monrovia, CA
- Ⓑ **The Judicial Council Of California** 942641721 Moreno Valley, CA
- Ⓑ **The Judicial Council Of California** 602179962 Eureka, CA
- Ⓑ **The Judicial Council Of California** 601809965 Oakland, CA
- Ⓑ **The Judicial Council Of California** 829171367 Coalinga, CA
- Ⓑ **The Judicial Council Of California** 363813122 San Rafael, CA
- Ⓑ **The Judicial Council Of California** 602752503 Mount Shasta, CA
- Ⓑ **The Judicial Council Of California** 555409002 Dinuba, CA
- Ⓑ **The Judicial Council Of California** 781349675 Los Angeles, CA
- Ⓑ **The Judicial Council Of California** 019677773 Woodland, CA
- Ⓑ **The Judicial Council Of California** 613880277 Lamont, CA
- Ⓑ **The Judicial Council Of California** 958023012 South Gate, CA
- Ⓑ **The Judicial Council Of California** 602180374 Susanville, CA
- Ⓑ **The Judicial Council Of California** 601244320 Lompoc, CA
- Ⓑ **The Judicial Council Of California** 006635721 Santa Clara, CA
- Ⓑ **The Judicial Council Of California** 555460658 Los Angeles, CA
- Ⓑ **The Judicial Council Of California** 937942563 Burbank, CA
- Ⓑ **The Judicial Council Of California** 602630881 Winterhaven, CA
- Ⓑ **The Judicial Council Of California** 555461391 Modesto, CA
- Ⓑ **The Judicial Council Of California** 928295013 Susanville, CA
- Ⓑ **The Judicial Council Of California** 602460859 Auburn, CA
- Ⓑ **The Judicial Council Of California** 555460682 Newport Beach, CA
- Ⓑ **The Judicial Council Of California** 933605446 Bellflower, CA

- Ⓑ **The Judicial Council Of California** 071431832 Visalia, CA
- Ⓑ **The Judicial Council Of California** 603663956 Davis, CA
- Ⓑ **The Judicial Council Of California** 089814821 San Jose, CA
- Ⓑ **The Judicial Council Of California** 790665038 Tulelake, CA
- Ⓑ **The Judicial Council Of California** 117774187 Chatsworth, CA
- Ⓑ **The Judicial Council Of California** 102555146 Riverside, CA
- Ⓑ **The Judicial Council Of California** 621997998 Walnut Creek, CA
- Ⓑ **The Judicial Council Of California** 555430883 Vallejo, CA
- Ⓑ **Judiciary Csel Of The St Of Ca** 602752461 Pittsburg, CA
- Ⓑ **The Judicial Council Of California** 956808984 Lancaster, CA
- Ⓑ **The Judicial Council Of California** 023501808 Fresno, CA
- Ⓑ **The Judicial Council Of California** 958023822 Redwood City, CA
- Ⓑ **The Judicial Council Of California** 101561335 Porterville, CA
- Ⓑ **The Judicial Council Of California** 622032688 Barstow, CA
- Ⓑ **The Judicial Council Of California** 555460567 Fullerton, CA
- Ⓑ **The Judicial Council Of California** 928590645 Oroville, CA
- Ⓑ **The Judicial Council Of California** 555462241 Rancho Cucamonga, CA
- Ⓑ **The Judicial Council Of California** 364522235 San Fernando, CA
- Ⓑ **The Judicial Council Of California** 609434311 Fresno, CA
- Ⓑ **The Judicial Council Of California** 364524405 Malibu, CA
- Ⓑ **The Judicial Council Of California** 079856140 Santa Barbara, CA
- Ⓑ **The Judicial Council Of California** 020306375 Studio City, CA
- Ⓑ **The Judicial Council Of California** 927988956 Coalinga, CA
- Ⓑ **The Judicial Council Of California** 034160577 Los Angeles, CA
- Ⓑ **The Judicial Council Of California** 059611074 Newport Beach, CA
- Ⓑ **The Judicial Council Of California** 933605461 San Diego, CA
- Ⓑ **The Judicial Council Of California** 555431063 Vallejo, CA
- Ⓑ **The Judicial Council Of California** 626847123 Hayward, CA
- Ⓑ **The Judicial Council Of California** 046848633 Santa Rosa, CA
- Ⓑ **The Judicial Council Of California** 602180382 Auburn, CA
- Ⓑ **The Judicial Council Of California** 956705990 Hayward, CA
- Ⓑ **The Judicial Council Of California** 555407824 Palm Desert, CA
- Ⓑ **The Judicial Council Of California** 101135551 Happy Camp, CA
- Ⓑ **The Judicial Council Of California** 968820589 Ramona, CA
- Ⓑ **The Judicial Council Of California** 029503302 Sacramento, CA

- (B) **The Judicial Council Of California** 804863876 Oroville, CA
- (B) **The Judicial Council Of California** 602752412 Alturas, CA
- (B) **The Judicial Council Of California** 928295666 Mariposa, CA
- (B) **The Judicial Council Of California** 555431824 Chico, CA
- (B) **The Judicial Council Of California** 602631202 Fairfield, CA
- (B) **The Judicial Council Of California** 602461345 Corning, CA
- (B) **The Judicial Council Of California** 939440483 Whittier, CA
- (B) **The Judicial Council Of California** 135374101 Quincy, CA
- (B) **The Judicial Council Of California** 601711948 San Pedro, CA
- (B) **The Judicial Council Of California** 363568957 Sacramento, CA
- (B) **The Judicial Council Of California** 942641762 Moreno Valley, CA
- (B) **The Judicial Council Of California** 939882478 Woodland, CA
- (B) **The Judicial Council Of California** 932335565 Alameda, CA
- (B) **The Judicial Council Of California** 079856156 Santa Barbara, CA
- (B) **The Judicial Council Of California** 602461006 Colusa, CA
- (B) **The Judicial Council Of California** 602630956 Corcoran, CA
- (B) **The Judicial Council Of California** 124879870 Ridgecrest, CA
- (B) **The Judicial Council Of California** 602631509 Riverside, CA
- (B) **The Judicial Council Of California** 624875659 Delano, CA
- (B) **The Judicial Council Of California** 150896707 Alturas, CA
- (B) **The Judicial Council Of California** 555430339 Tahoe City, CA
- (B) **The Judicial Council Of California** 956709562 Redwood City, CA
- (B) **The Judicial Council Of California** 018908520 Tracy, CA
- (B) **The Judicial Council Of California** 928590876 Kingsburg, CA
- (B) **The Judicial Council Of California** 103705450 Compton, CA
- (B) **The Judicial Council Of California** 611501292 Los Angeles, CA
- (B) **The Judicial Council Of California** 126513170 Oakland, CA
- (B) **The Judicial Council Of California** 555461359 Downey, CA
- (B) **The Judicial Council Of California** 555460963 Ceres, CA
- (B) **The Judicial Council Of California** 363574898 Bakersfield, CA
- (B) **The Judicial Council Of California** 956705503 Pleasanton, CA
- (B) **The Judicial Council Of California** 956706006 Pleasanton, CA
- (B) **The Judicial Council Of California** 364518217 Beverly Hills, CA
- (B) **The Judicial Council Of California** 956705644 Alameda, CA
- (B) **The Judicial Council Of California** 615051265 Lompoc, CA

- Ⓑ **The Judicial Council Of California** 079029075 San Diego, CA
- Ⓑ **The Judicial Council Of California** 621998095 Redwood City, CA
- Ⓑ **The Judicial Council Of California** 026460514 Sacramento, CA
- Ⓑ **The Judicial Council Of California** 125980024 Oakland, CA
- Ⓑ **The Judicial Council Of California** 555461466 Lancaster, CA
- Ⓑ **The Judicial Council Of California** 100460422 Visalia, CA
- Ⓑ **The Judicial Council Of California** 080152020 Lake Isabella, CA
- Ⓑ **The Judicial Council Of California** 364524181 Van Nuys, CA
- Ⓑ **The Judicial Council Of California** 176035897 Los Gatos, CA
- Ⓑ **The Judicial Council Of California** 046871609 San Bernardino, CA
- Ⓑ **The Judicial Council Of California** 942641929 Big Bear Lake, CA
- Ⓑ **The Judicial Council Of California** 555407550 Palm Springs, CA
- Ⓑ **The Judicial Council Of California** 555463256 Torrance, CA
- Ⓑ **The Judicial Council Of California** 014832327 Yuba City, CA
- Ⓑ **The Judicial Council Of California** 945609741 Indio, CA
- Ⓑ **The Judicial Council Of California** 097992601 San Francisco, CA
- Ⓑ **The Judicial Council Of California** 009459358 Oakland, CA
- Ⓑ **The Judicial Council Of California** 113671056 San Diego, CA
- Ⓑ **The Judicial Council Of California** 876927182 Needles, CA
- Ⓑ **The Judicial Council Of California** 933386195 Fullerton, CA
- Ⓑ **The Judicial Council Of California** 937949527 Beverly Hills, CA
- Ⓑ **The Judicial Council Of California** 012138264 Los Angeles, CA
- Ⓑ **The Judicial Council Of California** 008626629 El Monte, CA
- Ⓑ **The Judicial Council Of California** 602179533 Salinas, CA
- Ⓑ **The Judicial Council Of California** 602752404 Merced, CA
- Ⓑ **The Judicial Council Of California** 876926804 Needles, CA
- Ⓑ **The Judicial Council Of California** 602181125 San Jose, CA
- Ⓑ **The Judicial Council Of California** 621136753 Susanville, CA
- Ⓑ **The Judicial Council Of California** 364524629 Pomona, CA
- Ⓑ **The Judicial Council Of California** 602179574 Jackson, CA
- Ⓑ **The Judicial Council Of California** 609626536 San Jose, CA
- Ⓑ **The Judicial Council Of California** 939444360 Pomona, CA
- Ⓑ **The Judicial Council Of California** 124874681 Lamont, CA
- Ⓑ **The Judicial Council Of California** 947580296 San Fernando, CA
- Ⓑ **The Judicial Council Of California** 601810591 Berkeley, CA

- (B) **The Judicial Council Of California** 034185103 West Covina, CA
- (B) **The Judicial Council Of California** 555461110 Modesto, CA
- (B) **The Judicial Council Of California** 601243819 Tracy, CA
- (B) **The Judicial Council Of California** 140049656 Riverside, CA
- (B) **The Judicial Council Of California** 602179558 San Andreas, CA
- (B) **The Judicial Council Of California** 962135653 Inglewood, CA
- (B) **The Judicial Council Of California** 555461094 Inglewood, CA
- (B) **The Judicial Council Of California** 602179921 Willows, CA
- (B) **The Judicial Council Of California** 138428300 San Luis Obispo, CA
- (B) **The Judicial Council Of California** 037414534 Salinas, CA
- (B) **The Judicial Council Of California** 555461029 Pomona, CA
- (B) **The Judicial Council Of California** 110331480 Palmdale, CA
- (B) **The Judicial Council Of California** 962135489 Hemet, CA
- (B) **The Judicial Council Of California** 023226280 Santa Ana, CA
- (B) **The Judicial Council Of California** 134754147 Bellflower, CA
- (B) **The Judicial Council Of California** 005490334 Hacienda Heights, CA
- (B) **The Judicial Council Of California** 602631053 Willows, CA
- (B) **The Judicial Council Of California** 961603755 Santa Ana, CA
- (B) **The Judicial Council Of California** 124848834 Ukiah, CA
- (B) **The Judicial Council Of California** 608180964 Chico, CA
- (B) **The Judicial Council Of California** 800095304 Riverside, CA
- (B) **The Judicial Council Of California** 928592419 Lake Isabella, CA
- (B) **The Judicial Council Of California** 840571124 Eureka, CA
- (B) **The Judicial Council Of California** 602461360 Weaverville, CA
- (B) **The Judicial Council Of California** 142125017 Downieville, CA
- (B) **The Judicial Council Of California** 013596577 Rancho Cucamonga, CA
- (B) **The Judicial Council Of California** 928421205 Hanford, CA
- (B) **The Judicial Council Of California** 024157468 Salinas, CA
- (B) **The Judicial Council Of California** 014110303 San Diego, CA
- (B) **The Judicial Council Of California** 555430164 Weaverville, CA
- (B) **The Judicial Council Of California** 602630865 Brawley, CA
- (B) **The Judicial Council Of California** 601244346 Santa Maria, CA
- (B) **The Judicial Council Of California** 059640479 Santa Maria, CA
- (B) **The Judicial Council Of California** 362265928 Santa Clara, CA
- (B) **The Judicial Council Of California** 022503275 Paradise, CA

- Ⓑ **The Judicial Council Of California** 154411979 Sacramento, CA
- Ⓑ **The Judicial Council Of California** 364519116 Culver City, CA
- Ⓑ **The Judicial Council Of California** 124877072 Mojave, CA
- Ⓑ **The Judicial Council Of California** 555461615 Burbank, CA
- Ⓑ **The Judicial Council Of California** 601814189 Avalon, CA
- Ⓑ **The Judicial Council Of California** 038766435 Santa Barbara, CA
- Ⓑ **The Judicial Council Of California** 942642182 Laguna Niguel, CA
- Ⓑ **The Judicial Council Of California** 601810112 Hayward, CA
- Ⓑ **The Judicial Council Of California** 011425017 Sacramento, CA
- Ⓑ **The Judicial Council Of California** 602461329 Weaverville, CA
- Ⓑ **The Judicial Council Of California** 031630573 Morgan Hill, CA
- Ⓑ **The Judicial Council Of California** 602460990 Crescent City, CA
- Ⓑ **The Judicial Council Of California** 602179970 Colusa, CA
- Ⓑ **The Judicial Council Of California** 876928420 Trona, CA
- Ⓑ **The Judicial Council Of California** 103331844 Oakland, CA
- Ⓑ **The Judicial Council Of California** 938358462 Westminster, CA
- Ⓑ **The Judicial Council Of California** 602180135 Napa, CA
- Ⓑ **The Judicial Council Of California** 363680406 Ventura, CA
- Ⓑ **The Judicial Council Of California** 968820837 Temecula, CA
- Ⓑ **The Judicial Council Of California** 034390422 Barstow, CA
- Ⓑ **The Judicial Council Of California** 928590702 South Lake Tahoe, CA
- Ⓑ **The Judicial Council Of California** 781347935 Pomona, CA
- Ⓑ **The Judicial Council Of California** 968111240 San Diego, CA
- Ⓑ **The Judicial Council Of California** 020958950 Stockton, CA
- Ⓑ **The Judicial Council Of California** 829171722 Fowler, CA
- Ⓑ **The Judicial Council Of California** 939882296 Torrance, CA
- Ⓑ **The Judicial Council Of California** 602631517 Corona, CA
- Ⓑ **The Judicial Council Of California** 035901756 El Centro, CA
- Ⓑ **The Judicial Council Of California** 102312308 Sacramento, CA
- Ⓑ **The Judicial Council Of California** 555409960 Santa Ana, CA
- Ⓑ **The Judicial Council Of California** 363667908 Martinez, CA
- Ⓑ **The Judicial Council Of California** 119797194 Weed, CA
- Ⓑ **The Judicial Council Of California** 602572190 Castroville, CA
- Ⓑ **The Judicial Council Of California** 781642632 San Francisco, CA
- Ⓑ **The Judicial Council Of California** 928591049 Orland, CA

- **B** **The Judicial Council Of California** 942642042 Big Bear Lake, CA
- **B** **The Judicial Council Of California** 078637825 Sacramento, CA
- **B** **The Judicial Council Of California** 150884927 Lakeport, CA
- **B** **The Judicial Council Of California** 781551536 Bakersfield, CA
- **B** **The Judicial Council Of California** 555513167 Willows, CA
- **B** **The Judicial Council Of California** 079759259 Vallejo, CA
- **B** **The Judicial Council Of California** 602460982 San Andreas, CA
- **B** **The Judicial Council Of California** 602461030 Chowchilla, CA
- **B** **The Judicial Council Of California** 364521641 Los Angeles, CA
- **B** **The Judicial Council Of California** 364517789 Big Bear Lake, CA
- **B** **The Judicial Council Of California** 943049593 Laguna Hills, CA
- **B** **The Judicial Council Of California** 959814609 Concord, CA
- **B** **The Judicial Council Of California** 148661247 Los Angeles, CA
- **B** **The Judicial Council Of California** 129824488 Merced, CA
- **B** **The Judicial Council Of California** 363812801 San Rafael, CA
- **B** **The Judicial Council Of California** 128972036 Rancho Cucamonga, CA
- **B** **The Judicial Council Of California** 104215244 Solvang, CA
- **B** **The Judicial Council Of California** 037612178 Laguna Beach, CA
- **B** **The Judicial Council Of California** 103332446 Van Nuys, CA
- **B** **The Judicial Council Of California** 028797350 San Luis Obispo, CA
- **B** **The Judicial Council Of California** 847428005 Roseville, CA
- **B** **The Judicial Council Of California** 969556604 Van Nuys, CA
- **B** **The Judicial Council Of California** 078457227 Visalia, CA
- **B** **The Judicial Council Of California** 010482955 Norwalk, CA
- **B** **The Judicial Council Of California** 555462183 Rancho Cucamonga, CA
- **B** **The Judicial Council Of California** 555430826 Fairfield, CA
- **B** **The Judicial Council Of California** 555463082 Compton, CA

- **B** **State Of California** 117646367 Sacramento, CA

- **B** **State Of California** 120245761 Los Angeles, CA

- **B** **State Of California** 076154631 Sacramento, CA

- **S** **California Department Of General Services** 961606167 West Sacramento, CA
  - **B** **California Department Of General Services** 013062448 Fresno, CA
  - **B** **California Department Of General Services** 168741023 Sherman Oaks, CA
  - **B** **California Department Of General Services** 026354683 Sacramento, CA

## CERTIFICATE-OF-SERVICE

1

2    I am an individual over the age of eighteen and not a

3  party to the within action.  My business address is 4894 W.

4  Lone Mtn. Rd., No. 132, Las Vegas, Nev. 89130.  My phone

5  number is (323) 314-6996.

6    On **Jan. 30, 2024**, I served the following:

7    **Plaintiffs' Opposition to Motion to Dismiss;**

8  on an interested party in the above-entitled action by

9  __X__ via e-mail transmission, (U.S. e-filing system)

10  _____ personal service on the person below listed,

11  _____ depositing it in the U.S. Mail, postage prepaid,

12    and addressed to the person below listed,

13

14        **MATTHEW L. GREEN, Bar No. 227904**
        **BEST BEST & KRIEGER LLP**
15        **655 West Broadway, 15th Floor**
        **San Diego, California 92101**
16        **Telephone: (619) 525-1300**
        **Facsimile: (619) 233-6118**
17        **matthew.green@bbklaw.com**

18

19

20    I declare under penalty of perjury under Nevada law,

21  the foregoing is true and correct.

22  Dated: **Jan. 30, 2024**

23

24

25        /s/ T. M*atthew* P*hillips*    .
        Declarant

26

27

28

*Proof of Service*

# Motion to Dismiss

(Doc. #16); (01/16/24)

1  MATTHEW L. GREEN, Bar No. 227904
   matthew.green@bbklaw.com
2  BEST BEST & KRIEGER LLP
   655 West Broadway, 15th Floor
3  San Diego, California 92101
   Telephone: (619) 525-1300
4  Facsimile: (619) 233-6118

5  Attorneys for Defendant
   HON. PATRICIA GUERRERO, Chief Justice
6  of California and Chair of the Judicial Council
   of California

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                  WESTERN DIVISION

11

12  JASON D'SOUZA; et al.,               Case No. 2:23-cv-08230-SVW-E
                                         Judge: Hon. Stephen V. Wilson
13            Plaintiffs,
                                         MEMORANDUM OF POINTS AND
14       v.                              AUTHORITIES IN SUPPORT OF
                                         MOTION TO DISMISS FIRST
15  HON. PATRICIA GUERRERO, In           AMENDED COMPLAINT
    Her Honor's Official Capacity as
16  Council Chair for the Judicial Council   Date:      February 26, 2024
    of California,                       Time:      1:30 p.m.
17                                       Courtroom: First Street Courthouse
              Defendant.                             350 W. First Street
18                                                   Courtroom 10A, 10th Floor
                                                     Los Angeles, CA 90012
19

20

21

22

23

24

25

26

27

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

25508.00152\41947738.2            - 1 -        MEM. OF P.&A. IN SUPP. OF MOT. TO
                                               DISMISS FIRST AM. COMPL.
                                               2:23-CV-08230-SVW-E

1    Defendant the Honorable Patricia Guerrero, Chief Justice of California, in her

2 official capacity as the Chair of the Judicial Council of California, respectfully

3 submits the following memorandum of points and authorities in support of her

4 motion to dismiss the First Amended Complaint ("FAC") filed by Plaintiffs Jason

5 D'Souza, Kristina Eisenacher, Rob Emert, Jennifer Garnica, Kristen Joseph, Rhonda

6 Reyna, Patricia Boone, Mark Fidelman, David King, and Alisa Rothman

7 (collectively, "Plaintiffs") pursuant to Federal Rules of Civil Procedure 12(b)(1) and

8 12(b)(6).

9 **I.   <u>INTRODUCTION</u>**

10    The instant action is a thinly veiled attempt by disgruntled state court litigants

11 to hold Chief Justice Guerrero liable for trial court judges' purportedly erroneous

12 child custody orders on the tenuous theory that the Judicial Council of California

13 ("Judicial Council") failed to properly train family court judges in California. The

14 FAC avers that Plaintiffs are "fit" parents who were awarded "no actual parenting

15 time" in child custody proceedings throughout California. (Dkt. No. 8 ¶¶ 4-13.)

16 According to the FAC, "judges statewide issue physical custody orders that grant no

17 'actual parenting time' to 'fit' parents …" in violation of the parents' First and

18 Fourteenth Amendment rights. (*Id*. ¶ 30; *see also id.* ¶¶ 18-30.) The FAC alleges that

19 the Judicial Council has a policy of failing to train judges "that parenting is a

20 fundamental right," and "that courts may not issue physical custody orders that grant

21 no 'actual parenting time[]' absent findings of 'unfitness.'" (*Id.* ¶ 56; *see also id.* ¶¶

22 15, 57-58.) The FAC asserts that "[the] inadequate judicial training policies are a

23 proximate cause of the constitutional harms that Plaintiffs suffer." (*Id.* ¶ 59.)

24    The FAC sets forth a single claim against Chief Justice Guerrero under

25 42 U.S.C. § 1983 based on *Monell v. Department of Social Services*, 436 U.S. 658

26 (1978). (*Id.* ¶ 53.) The FAC seeks an injunction compelling the Judicial Council to

27 provide training to state court judges and monetary damages "for each day [Plaintiffs]

28 and their children were wrongfully dispossessed of their fundamental rights." (*Id.* ¶¶

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

1    16-17; *see also id.* ¶¶ 61-62, 65(d)-(e).)

2        Plaintiffs' action fails as a matter of law on multiple grounds. First, Chief

3    Justice Guerrero acting in her official capacity is a state official and not a "person"

4    within the meaning of 42 U.S.C. § 1983, and *Monell* liability under section 1983 does

5    not lie against state officials, such as Chief Justice Guerrero. Second, Plaintiffs'

6    damages action against Chief Justice Guerrero is foreclosed by the Eleventh

7    Amendment. Third, no liability under 42 U.S.C. § 1983 lies against Chief Justice

8    Guerrero based on allegedly erroneous orders issued in child custody proceedings.

9    Fourth, insofar as the FAC challenges child custody orders entered against Plaintiffs,

10   the action is foreclosed by the doctrine of judicial immunity. Finally, to the extent

11   the FAC attacks such orders, this action is also barred by the *Rooker-Feldman*

12   doctrine, which prevents federal courts from hearing de facto appeals of state court

13   decisions. The Court should accordingly grant Chief Justice Guerrero's motion to

14   dismiss the FAC with prejudice.

15   ## II.  LEGAL STANDARD

16       Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move to

17   dismiss a complaint for lack of jurisdiction over the subject matter. Because federal

18   courts are courts of limited jurisdiction, "a federal court is presumed to lack

19   jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W.,*

20   *Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). A party who brings

21   a Rule 12(b)(1) challenge may do so by referring to the face of the pleadings or by

22   presenting extrinsic evidence. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

23   In the former, "the challenger asserts that the allegations contained in a complaint are

24   insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v.*

25   *Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

26       A dismissal is proper under Rule 12(b)(6) where there is either a "lack of a

27   cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable

28   legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

MEM. OF P.&A. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
2:23-CV-08230-SVW-E

Courts evaluate whether a complaint states a cognizable legal theory or sufficient facts in light of Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Each allegation in a complaint also must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 8 nevertheless requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).

The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" such that the claim is "plausible on its face." *Twombly*, 550 U.S. at 555, 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

## III. ARGUMENT

### A. *MONELL* SECTION 1983 CLAIMS DO NOT LIE AGAINST CHIEF JUSTICE GUERRERO BECAUSE SHE IS A STATE OFFICIAL

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured....

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

MEM. OF P.&A. IN SUPP. OF MOT. TO DISMISS FIRST AM. COMPL.
2:23-CV-08230-SVW-E

1    It is well-settled that "neither a State nor its officials acting in their official

2    capacities are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491

3    U.S. 58, 71; *see also Jordan v. Plaff*, No. 2:23-cv-02482-DOC (MAR), 2023 WL

4    4295843, at *5 (C.D. Cal. Jun. 30, 2023) (noting that "[n]either the state nor its

5    officials acting in their official capacity are 'persons' within the meaning of 42 U.S.C.

6    § 1983 because official-capacity defendants assume 'the identity of the government

7    that employs them[]'").

8    In contrast to State entities and officials, "[m]unicipalities and other local

9    government units are considered 'persons' under § 1983 and therefore may be liable

10   for causing a constitutional deprivation." *Jordan*, 2023 WL 4295843, at *6 (citing

11   *Monell*, 436 U.S. at 690–91; *Long v. County of Los Angeles*, 442 F.3d 1178, 1185

12   (9th Cir. 2006)). To state a cognizable claim against municipal or other local

13   government officials, a policy, practice, or custom of the entity must be shown to be

14   a moving force behind the violation of constitutional rights. *Monell*, 436 U.S. at 694.

15   "However, the Supreme Court has expressly declined to extend *Monell*'s theory of

16   municipal liability under § 1983 to state entities." *Krainski v. Nevada ex rel. Bd. of

17   Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 968 (9th Cir. 2010) (citing

18   *Will*, 491 U.S. at 71) (affirming dismissal of section 1983 claims against state

19   university and university employees).

20   Here, the FAC attempts to assert a section 1983 action against Chief Justice

21   Guerrero under *Monell* based on the Judicial Council's purported policy of failing to

22   properly train family court judges. (Dkt. No. 8 ¶ 53.) The Ninth Circuit, however, has

23   appropriately recognized that the Judicial Council is "clearly a state agency." *Wolfe

24   v. Strankman*, 392 F.3d 358, 364 (9th Cir. 2004), *overruled on other grounds by

25   Munoz v. Superior Court of Los Angeles County*, --- F.4th ---. 2024 WL 89380, at *2-

26   3 (9th Cir. Jan. 9, 2024) Indeed, "[t]he Judicial Council directs and administers the

27   California courts." *Id.* (citing Cal. Const. art. VI, § 6 (defining the role of the Judicial

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

Council);[1] Cal. Gov. Code §§ 68500 *et seq*. (describing funding and management process for Judicial Council); *see also Taylor v. Kelety*, No. 20-cv-1987-DMS-AGS, 2021 WL 1733386, at *5 (S.D. Cal. May 3, 2021) (recognizing the Judicial Council is a state agency); *Torres v. Judicial Council of California*, No. 17cv0028 JM (JLB), 2017 WL 1281914, at *3 (S.D. Cal. Apr. 6, 2017) (same); *Ervin v. Judicial Council of California*, No. C 08-0299 PJH, 2008 WL 1885726, at *3 (N.D. Cal. Apr. 24, 2008) (holding both the Judicial Council and Chief Justice are not "persons" under section 1983); Cal. Rules of Ct., rule 10.1(a)(1) (providing that "[t]he Judicial Council … is a state entity established by the California Constitution and chaired by the Chief Justice of California"). Given the Judicial Council is a state entity, and Chief Justice Guerrero is the state official who chairs the Judicial Council, no *Monell* liability lies against Chief Justice Guerrero.[2]

## B. PLAINTIFFS' DAMAGES ACTION IS BARRED BY THE ELEVENTH AMENDMENT

The Eleventh Amendment bars suits for damages, injunctive relief, and declaratory relief against "a state, an 'arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995); *Greater Los*

---

[1]     Under the California Constitution, the role of the Judicial Council is as follows: "To improve the administration of justice the council shall survey judicial business and make recommendations to the courts, make recommendations annually to the Governor and Legislature, adopt rules for court administration, practice and procedure, and perform other functions prescribed by statute. The rules adopted shall not be inconsistent with statute" Cal. Const. art. VI, § 6(d).

[2]     Under *Monell*, "'[t]he existence of a policy without more, is insufficient to trigger local government liability under section 1983.'" *Jordan*, 2023 WL 4295843, at *6 (quoting *Oviatt By & Through Waugh v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992)). "A plaintiff must show that the policy, practice, or custom was: '(1) the cause in fact and (2) the proximate cause of the constitutional deprivation.'" *Id*. (quoting *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996)). "Proof of random acts or isolated events is insufficient to establish a custom or practice." *Id*. (citing *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989), *overruled on other grounds by Bull v. City and County of San Francisco*, 595 F.3d 964 (9th Cir. 2010)). "Rather, a plaintiff must prove widespread, systematic constitutional violations which have become the force of law." *Id*. (citing *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997)). Notwithstanding the inability to sue Chief Justice Guerrero under *Monell*, the FAC does not establish the requisite policy, practice, or custom for purposes of asserting a *Monell* claim.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

25508.00152\41947738.2

- 6 -

000090

MEM. OF P.&A. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
2:23-CV-08230-SVW-E

*Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987), *superseded by statute on other grounds*. "A narrow exception exists 'where the relief sought is prospective in nature and is based on an ongoing violation of the plaintiff's federal constitutional or statutory rights.'" *Krainski*, 616 F.3d at 967-68 (internal citations and emphasis omitted); *see Ex parte Young*, 209 U.S. 123, 159-60 (1908) (holding the Eleventh Amendment does not prohibit suits against state officers sued in their official capacity "for prospective relief from an ongoing violation of federal law"); *Wolfe*, 392 F.3d at 365; *but see Munoz*, --- F.4th ---. 2024 WL 89380, at *3 (overruling *Wolfe* "[t]o the extent [it] can be read to hold that the *Ex parte Young* exception allows injunctions against judges acting in their judicial capacity[]").

The Eleventh Amendment's prohibition of actions against state entities also applies to state officials when they are sued in their official capacities. *Stivers v. Pierce*, 71 F.3d 732, 749 (9th Cir. 1995). The Eleventh Amendment's bar remains in effect for state officials because "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents." *Brandon v. Holt*. 469 U.S. 464, 471 (1985); *see also* Cal. Rules of Ct., rule 10.202(b) (establishing Judicial Council's duty to indemnify justices of the Supreme Court under California's Government Claims Act, Cal. Gov. Code §§ 810 *et seq*.).

As noted above, the Judicial Council is a state agency and is thus entitled to Eleventh Amendment immunity. *Wolfe*, 392 F.3d at 364; *see also Sara M. v. Superior Court*, 36 Cal.4th 998, 1013 (Cal. 2005) (noting the Judicial Council is "an agency in the judicial branch of state government"). Plaintiffs' damages action is therefore unequivocally barred by the Eleventh Amendment. *See, e.g., Culinary Studios, Inc. v. Newsom*, 517 F.Supp.3d 1042, 1059 (E.D. Cal. 2021) (finding damages claim against state, state agencies, and state officials barred by Eleventh Amendment).

### C.   NO LIABILITY UNDER SECTION 1983 LIES AGAINST CHIEF JUSTICE GUERRERO FOR ALLEGEDLY ERRONEOUS CHILD CUSTODY ORDERS

While the FAC seeks to impose liability against Chief Justice Guerrero solely

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

1   under *Monell*, and notwithstanding that she is not a "person" within the meaning of

2   section 1983 and enjoys Eleventh Amendment immunity, no other theory of liability

3   under section 1983 lies against her based on purportedly erroneous child custody

4   orders. To state a claim under section 1983, a plaintiff is required to show that the

5   defendant (1) acted under color of state law, and (2) deprived the plaintiff of rights

6   secured by the Constitution or federal law. *Long*, 442 F.3d at 1185. There is no

7   respondeat superior liability under section 1983; a plaintiff must demonstrate that

8   each defendant personally participated in the deprivation of his or her rights. *Iqbal*,

9   556 U.S. at 677; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th

10  Cir.2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir.2009); *Jones*, 297

11  F.3d at 934.

12      Here, the FAC does not and cannot allege that Chief Justice Guerrero had any

13  personal involvement whatsoever in the purportedly erroneous child custody orders

14  entered against Plaintiffs. Rather, in an apparent end run around directly challenging

15  these rulings, Plaintiffs attempt to hold Chief Justice Guerrero liable for such orders

16  by alleging, albeit in a purely conclusory manner, that the Judicial Council failed to

17  properly train judges regarding constitutional parental rights. (Dkt. No. 8 ¶¶ 15, 56-

18  58.) The FAC, however, does not and cannot allege that the Judicial Council is

19  responsible for supervising judges in the performance of their judicial duties. The

20  power to review judicial decisions is reserved for California's appellate courts. *See*

21  Cal. Const., art. VI, §§ 6(d), 10-12. Moreover, only the Commission on Judicial

22  Performance is responsible for investigating complaints of judicial misconduct and

23  judicial incapacity and disciplining judges. *See* Cal. Const., art. VI, § 18.

24  Accordingly, no section 1983 liability lies against Chief Justice Guerrero based on

25  allegedly erroneous child custody orders rendered against Plaintiffs.

### D.   PLAINTIFFS' ACTION IS FORECLOSED BY JUDICIAL IMMUNITY

27  "'It is well settled that judges are generally immune from suit for money

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

MEM. OF P.&A. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
2:23-CV-08230-SVW-E

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

1   damages.'" *Lund v. Cowan*, 5 F.4th 964, 970 (9th Cir. 2021) (quoting *Duvall v.*
2   *County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001)); *see also Ashelman v. Pope*,
3   793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). "This absolute immunity insulates
4   judges from charges of erroneous acts or irregular action, even when it is alleged that
5   such action was driven by malicious or corrupt motives, [citation], or when the
6   exercise of judicial authority is 'flawed by the commission of grave procedural
7   errors.'" *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (quoting *Stump v.*
8   *Sparkman*, 435 U.S. 349, 359 (1978)). "Judicial immunity applies however erroneous
9   the act may have been, and however injurious in its consequences it may have proved
10  to the plaintiff." *Ashelman*, 793 F.2d at 1075 (internal quotation marks omitted).

11       It is well-established that judicial immunity applies to civil rights actions
12  brought under 42 U.S.C. § 1983, *Pierson v. Ray*, 386 U.S. 547, 554-55 (1967); *see*
13  *also Stump*, 435 U.S. at 355-56; *Ashelman*, 793 F.2d at 1075. Moreover, where
14  injunctive relief is sought, section 1983 expressly provides that "in any action
15  brought against a judicial officer for an act or omission taken in such officer's judicial
16  capacity, injunctive relief shall not be granted unless a declaratory decree was
17  violated or declaratory relief was unavailable." Declaratory relief is deemed to be
18  unavailable if the plaintiff demonstrates he or she lacks "the ability … to 'appeal[]
19  the judge's order[]' [Citations]." *Owens v. Cowan*, No. CV 17-03674-FMO (JDE),
20  2018 WL 1002313, *11 (C.D. Cal. Jan. 17, 2018), *adopted by* 2018 WL 1009268
21  (C.D. Cal. Feb. 16, 2018); *see also Weldon v. Kapetan*, No. 1:17-cv-01536-LJO-
22  SKO, 2018 WL 2127060, at *4 (E.D. Cal. May 9, 2018).

23       Here, as detailed above, this action is a thinly veiled effort by Plaintiffs to
24  attack adverse child custody orders. According to Plaintiffs, these orders "grant[e]d
25  no 'actual parenting time' to 'fit' parents …" in violation of Plaintiffs' First and
26  Fourteenth Amendment rights. (Dkt. No. 8 ¶ 30; *see also id.* ¶¶ 18-30.) Insofar as the
27  FAC challenges the underlying custody orders, the FAC is foreclosed by judicial
28  immunity.

## E. THE INSTANT ACTION ALSO RUNS AFOUL OF THE *ROOKER-FELDMAN* DOCTRINE

Finally, "[u]nder the *Rooker-Feldman* doctrine, 'a state-court decision is not reviewable by lower federal courts.'" *Hooper v. Brnovich*, 56 F.4th 619, 624 (9th Cir. 2022) (quoting *Skinner v. Switzer*, 562 U.S. 521, 532 (2011)). The Ninth Circuit recently applied the *Rooker-Feldman* doctrine in *Hooper*. In *Hooper*, the plaintiff had unsuccessfully moved in state court for an order permitting him to conduct DNA and fingerprint analysis on a crime scene. 56 F.4th at 621. The plaintiff thereafter filed a lawsuit under 42 U.S.C. § 1983 in federal court seeking a "declaratory judgment that the [state] statutes providing for forensic testing of DNA and other evidence are unconstitutional as applied to him as well as an injunction ordering defendants to permit him to conduct the forensic testing." *Id.* at 621-22. The Ninth Circuit held that the federal district court "lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine because th[e] action amounted to an improper appeal of the state courts' judgment." *Ibid.*

The Ninth Circuit observed that *Rooker-Feldman* bars lower federal courts from exercising subject matter jurisdiction over an action brought as a direct appeal as well as a "'de facto equivalent' of such appeal." *Id.* at 624 (quoting *Morrison v. Peterson*, 809 F.3d 1059, 1069-70 (9th Cir. 2015)). "To determine whether an action functions as a de facto appeal, [a court should] 'pay close attention to the *relief* sought by the federal-court plaintiff.'" *Ibid.* (quoting *Cooper v. Ramos*, 704 F.3d 772, 777-78 (9th Cir. 2012)) (emphasis in original). A court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine when the federal court plaintiff "complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003).

Where a plaintiff files a claim in federal court alleging an erroneous ruling by a state court, "the jurisdictional inquiry hinges on whether the constitutional claims presented to the district court 'are *inextricably intertwined* with the state court's

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

[ruling].'" *Hooper*, 56 F.4th at 624 (quoting *Cooper*, 704 F.3d at 778)) (emphasis in original). "Claims are inextricably intertwined if 'the relief requested in the federal action would effectively reverse the state court decision or void its ruling.'" *Id.* at 624-25 (quoting *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002)).

Because the plaintiff in *Hooper* sought an order from the federal district court stating that he was entitled to the DNA testing, the Ninth Circuit found that his requested relief "would effectively reverse the state courts' decision that he is not entitled to the test." *Hooper*, 56 F.4th at 625. It was a "pure horizontal appeal of the state court's decision," and essentially amounted to an argument that "the state courts decided his case incorrectly." *Id.*

Similar to *Hooper*, and while Chief Justice Guerrero did not issue such orders, the underlying theory of Plaintiffs' case is that the trial court judges' underlying custody orders entered against them violate their constitutional rights. The FAC also seeks relief from these alleged legal wrongs in the form of monetary damages. (FAC, ¶¶ 17, 62, 65(d).) Plaintiffs' action against Chief Justice Guerrero is therefore barred by the *Rooker-Feldman* doctrine.

## IV.     **CONCLUSION**

For all of the foregoing reasons, the Court should grant Chief Justice Guerrero's motion to dismiss. Because the deficiencies in the FAC are fatal and cannot be cured by further amendment, the action should be dismissed without leave to amend. *Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (denial of leave to amend proper where amendment would be futile).

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

25508.00152\41947738.2

- 11 -

000095

MEM. OF P.&A. IN SUPP. OF MOT. TO
DISMISS FIRST AM. COMPL.
2:23-CV-08230-SVW-E

Dated:     January 16, 2024                BEST BEST & KRIEGER LLP


By: /s/ Matthew L. Green
MATTHEW L. GREEN
Attorneys for Defendant
HON. PATRICIA GUERRERO,
Chief Justice of California and Chair
of the Judicial Council of California

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
655 WEST BROADWAY, 15TH FLOOR
SAN DIEGO, CALIFORNIA 92101

# First Amended Complaint

## (Doc. #8); (10/10/23)

T. Matthew Phillips, Esq.
Calif. State Bar No. 165833
4894 W. Lone Mountain Rd., No. 132
Las Vegas, Nevada 89130
Tel: (323) 314-6996
TMatthewPhillips@aol.com
*Plaintiff's Counsel*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT *of* CALIFORNIA

|  |  |
|---|---|
| 1. **JASON D'SOUZA** | Case No.: **2:23-cv-08230-SVW-E** |
| 2. **KRISTINA EISENACHER** | |
| 3. **ROB EMERT** | FIRST AMENDED |
| 4. **JENNIFER GARNICA** | CLASS ACTION COMPLAINT |
| 5. **KRISTEN JOSEPH** | *for* DAMAGES *and* INJUNCTION, |
| 6. **RHONDA REYNA** | [42 U.S.C. § 1983]. |
| 7. **PATRICIA BOONE** | |
| 8. **MARK FIDELMAN** | |
| 9. **DAVID KING** | |
| 10. **ALISA ROTHMAN** | |
| | |
| *Plaintiffs* | |
| | |
| **vs.** | |
| | |
| **HON. PATRICIA GUERRERO** | |
| ***In Her Honor's Official Capacity*** | |
| ***as Council Chair for the*** | |
| ***Judicial Council of California*** | |
| | |
| ***Defendants*** | |

## COMPLAINT *for* DAMAGES *and* INJUNCTION

### I. Jurisdiction, Parties, and Venue.

(1)   Jurisdiction:  This court has jurisdiction pursuant to 28 U.S.C. 1331. Plaintiffs' claims arise under the First and Fourteenth Amendments.

(2)   Venue:  Relevant events took place in state courts, including Los Angeles County; *therefore*, venue is properly laid in this district court.

(3)   Defendant:  HON. PATRICIA GUERRERO, *California Chief Justice, respectfully*, is sued, *in Her Honor's Official Capacity as Council Chair for the Judicial Council of California*, policy-making body for California courts.

(4)   Plaintiff 1:  JASON D'SOUZA is a fit parent, subject to an Orange County court order, (Aug. 7, 2023), that grants him no actual parenting time.

(5)   Plaintiff 2:  KRISTINA EISENACHER is a fit parent, subject to a San Mateo County court order, (June 13, 2023), that grants her no actual parenting time.

(6)   Plaintiff 3:  ROB EMERT is a fit parent, subject to a San Diego County court order, (May 13, 2023), that grants him no actual parenting time.

(7)   Plaintiff 4:  JENNIFER GARNICA is a fit parent, subject to a Los Angeles County court order, (Nov. 8, 2021), that grants her no actual parenting time.

(8)   Plaintiff 5:  KRISTEN JOSEPH is a fit parent, subject to a Los Angeles County court order, (June 9, 2023), that grants her no actual parenting time.

(9)   Plaintiff 6:  RHONDA REYNA is a fit parent, subject to a San Mateo County court order, (Jan. 27, 2022), that grants her no actual parenting time.

(10)  Plaintiff 7:  PATRICIA BOONE is a fit parent, subject to a Santa Clara County court order, (Jan. 25, 2022), that grants her no actual parenting time.

(11)  Plaintiff 8:  MARK FIDELMAN is a fit parent, subject to a San Diego County court order, (Jan. 25, 2022), that grants him no actual parenting time.

(12)  Plaintiff 9:  DAVID KING is a fit parent, subject to a Riverside County court order, (Aug. 15, 2022), that grants him no actual parenting time.

1   (13)  <u>Plaintiff 10</u>:  ALISA ROTHMAN IS a fit parent, subject to a Sonoma
2   County court order, (Apr. 12, 2023), that grants her no actual parenting time.
3   (14)  Jury Trial:  Plaintiffs demand trial by jury, [VII Amendment].
4
5   ## II.  Statement of the Case.
6   (15)  Nature of the Action:  JUDICIAL COUNCIL is the policy-making body
7   for California courts.  Plaintiffs are "fit" parents, *i.e.*, they've never been
8   found "unfit."  Plaintiffs challenge Defendants' policy of *not* training judges —
9   *first*, that "parenting" is a fundamental right, [*Meyer vs. Nebraska*, 262 U.S.
10  390 (1923)], and *second*, that the Constitution forbids physical custody orders
11  that grant no "actual parenting time" — *unless a parent is found 'unfit'* — *i.e.*,
12  with clear and convincing evidence of actual harm to a minor child, pursuant
13  to a properly noticed fitness proceeding brought by the State.
14  (16)  Injunction:  Plaintiffs seek an injunction requiring Defendants to train
15  its judicial officers, *first*, that "parenting" is a fundamental right, and *second*,
16  that the Constitution forbids physical custody orders that grant no "actual
17  parenting time" — *unless a parent is found 'unfit'* — with actual harm to a
18  minor child, which is the constitutional minimum required to divest a
19  parent's custodial rights.
20  (17)  Damages:  Plaintiffs also seek money damages — for each day they and
21  their children were wrongfully dispossessed of their fundamental rights.
22  (18)  Right to Parent:  The term *liberty* denotes — "not merely freedom from
23  bodily restraint, but also the right of the individual to contract, to engage in
24  any of the common occupations of life, to acquire useful knowledge, to marry,
25  establish a home and ***bring up children***, to worship God according to the
26  dictates of his own conscience, and generally to enjoy those privileges long
27  recognized at common law as essential to the orderly pursuit of happiness by
28  free men," [*Meyer vs. Nebraska*, 262 U.S. 390, 399 (1923); (bold italics added)].

(19)  <u>Plaintiff's Argument</u>:  Under U.S. Supreme Court precedent, courts may not issue physical custody orders that grant no "actual parenting time" to a parent — *unless that parent is found 'unfit'* — with clear and convincing evidence of actual harm to a minor child, [*see Stanley vs. Illinois*, 405 U.S. 645 (1972); *Smith vs. Org. of Foster Families*, 431 U.S. 816 (1977); *Quilloin vs. Walcott*, 434 U.S. 246 (1978); *Parham vs. J.R.*, 442 U.S. 584 (1979); and, *Santosky vs. Kramer*, 455 U.S. 745 (1982)].

(20)  <u>'Actual Parenting Time'—Defined</u>:  The crux of Plaintiffs' argument is that "actual parenting time" happens (if at all) when parents have the actual ability to exercise (a) **care, custody, and control** of their minor children, and to exercise, (b) **private familial speech** with their children.  But here, the State wrongfully dispossessed Plaintiffs of these fundamental rights — *despite the fact that they've never been found 'unfit'* — *i.e.*, no findings of (i) child abuse, (ii) child neglect, (iii) abandonment, or (iv) endangerment.

(21)  <u>Private Familial Speech</u>:  While the 14th Amendment guarantees the People's right to "bring up children," the 1st Amendment guarantees the right to "familial association," including private familial speech.  Where, as here, custody orders forbid "fit" parents from speaking privately with their children, it results in unconstitutional *time, place and manner* restrictions.

(22)  <u>Familial Association</u>:  As *Rotary Int'l*, [*id*.], explains, "First, the Court has held that the Constitution protects against unjustified government interference with an individual's choice to enter into and maintain certain intimate or private relationships.  Second, the Court has upheld the freedom of individuals to associate for the purpose of engaging in protected speech or religious activities," [*Rotary Int'l*, (*id*., at 544)].

(23)  <u>Analysis</u>:  Where, as here, "fit" parents are subject to physical custody orders that grant no "actual parenting time," it violates the noncustodial parent's right to "bring up children" — by precluding their ability to exercise

*care, custody, and control* of their children, [*Troxel vs. Granville*, 530 U.S. 57 (2000)]; so too, it violates the right to "familial association" — by precluding the parent's ability to exercise *private familial speech* with their children, [*Rotary Int'l vs. Rotary Club of Duarte*, 481 U.S. 537 (1987)].

(24)  <u>Infringement</u>:  Where, as here, physical custody orders grant no "actual parenting time" to "fit" parents, it necessarily infringes upon fundamental rights that the 1st and 14th Amendments guarantee.

(25)  <u>Supervised Visitation</u>:  Notably, where courts require supervised visitation, it leaves noncustodial parents with no "actual parenting time." During supervised visits — *the State is in control* — in decidedly prison-like settings — where noncustodial parents have, (a) no actual ability to exercise *care, custody, and control* of their children (which deprives 14th Amendment rights), and (b) no actual ability to exercise *private familial speech* with their children (which deprives 1st Amendment rights).

(26)  <u>Severance of Parent-Child Relationships</u>:  The stark reality is that, when courts issue "supervised visitation" orders, (and "no-contact" orders), the noncustodial parents enjoy zero parental rights.  Where courts deprive a parent's 14th Amendment right to *care, custody, and control* of their children, as well as their 1st Amendment right to *private familial speech* with their children, it effectively severs the parent-child relationship.

(27)  <u>Constructive Termination</u>:  Where physical custody orders grant no "actual parenting time" to "fit" parents, the noncustodial parents suffer *constructive termination* — *i.e.*, of what many believe are the most cherished fundamental rights, (a) the right to "bring up children," [14th Amendment], as well as, (b) the right to "familial association," [1st Amendment].

(28)  <u>Lifetime Consequences</u>:  Where physical custody orders grant no "actual parenting time" to "fit" parents — such orders run contrary to public policy.  Under such restrictive orders, noncustodial parents have no actual

ability to "parent" their children (in any meaningful sense), nor are their children actually "being parented" (in any meaningful sense); and, this comes with devastating consequences — including lifetimes of severe mental and emotional trauma for the noncustodial parents and their children.

(29) <u>Fundamental Rights</u>: Plaintiffs invoke (a) their 14th Amendment right to "bring up children," *i.e.*, ***care, custody and control*** of their children, [*Troxel vs. Granville*, 530 U.S. 57 (2000)] — and (b) their 1st Amendment right to "familial association," *i.e.*, ***private familial speech***, (*e.g.*, to pray together, do homework together, and lead by example on a daily basis), [*Rotary Int'l vs. Rotary Club of Duarte*, 481 U.S. 537, 544 (1987)].

(30) <u>Arbitrary Discretion</u>: Sadly, judges statewide issue physical custody orders that grant no "actual parenting time" to "fit" parents — and for the flimsiest of reasons — based only on arbitrary discretion — *with no findings of 'unfitness.'* But this is unconstitutional. With no findings that a given parent is "unfit," there's no legal or factual basis to issue physical custody orders that grant no "actual parenting time" to that parent.

(31) <u>Policy No. 1—Parenting is a Fundamental Right</u>: Defendants maintain a policy of *not* training judges that parenting is a fundamental right, [*see Meyer vs. Nebraska*, 262 U.S. 390 (1923)], and this has tragic and deleterious consequences; it results in continuous and ongoing violations of federally protected civil rights, which are so prevalent, so commonplace, and so regularized, as to become *de facto* judicial policy statewide.

(32) <u>Policy No. 2—Fit Parents Entitled to 'Actual Parenting Time'</u>: Defendants also fail to train judges that "fit" parents are entitled to "actual parenting time" and that the Constitution forbids physical custody orders that grant no "actual parenting time" — *unless a parent is found 'unfit'* — based on clear and convincing evidence of actual harm to a minor child, *i.e.*, (i) child abuse, (ii) child neglect, (iii) abandonment, or (iv) endangerment.

(33)   <u>SCOTUS Decisions</u>:  The U.S. Supreme Court provides that courts may not issue physical custody orders that grant no "actual parenting time" — *unless a parent is deemed 'unfit'* — with clear and convincing evidence of actual harm to a minor child — pursuant to a properly noticed fitness proceeding prosecuted by the State, (*not* the other parent), [*see, e.g., Stanley vs. Illinois*, 405 U.S. 645 (1972); *Smith vs. Org. of Foster Families*, 431 U.S. 816 (1977); *Quillon vs. Walcott*, 434 U.S. 246 (1978); *Parham vs. J.R.*, 442 U.S. 584 (1979); and, *Santosky vs. Kramer*, 455 U.S. 745 (1982)].

(34)   <u>'Unfitness' Required to Divest 'Actual Parenting Time'</u>:  As per U.S. Supreme Court precedent, where parents are "fit," courts must grant "actual parenting time" — *precisely because there are no findings of 'unfitness'* — *i.e.*, no findings of actual harm to a minor child — meaning no findings of (i) child abuse, (ii) child neglect, (iii) abandonment, or (iv) endangerment.

(35)   <u>Strict Scrutiny Analysis</u>:  Note, in those unhappy instances where parents are found "unfit," courts must undertake *strict scrutiny* analyses — to determine whether the taking of parental rights was narrowly tailored, *i.e.*, "*Is this custodial timeshare the least-restrictive plan possible?*"

(36)   <u>No Strict Scrutiny for Plaintiffs</u>:  Notably, when the State deprived Plaintiffs of "actual parenting time," the court undertook no strict scrutiny analyses.  Plaintiffs' custody orders reveal no judicial effort to narrowly tailor the taking of Plaintiffs' parental rights — and no enquiry into whether the parties' custodial timeshare plans are the least-restrictive possible.

(37)   <u>'Fit' Parents</u>:  When it comes to "fit" parents, there's no legal basis to issue physical custody orders that grant no "actual parenting time" — precisely because neither parent has been found "unfit."

(38)   <u>The *Troxel* Fitness Presumption</u>:  "There is a presumption that fit parents act in their children's best interests," [*<u>Troxel vs. Granville</u>*, 530 U.S. 57, 58 (2000)].

(39) <u>Equal Protection</u>: Where physical custody orders grant no "actual parenting time" — *and there's no showing of 'unfitness'* — such orders are unconstitutional *per se*. Such "unequal custodial timeshares" do not pass constitutional muster. Equal Protection demands *equal* custodial timeshares, *first*, because two "fit" parents are similarly situated, and *second*, because the *Troxel* fitness presumption applies to both parents equally.

(40) <u>Federal Public Policy</u>: Public policy seeks to strengthen and weld the parent-child relationship; *however*, Defendants' judicial policies frustrate federal policy. Most significantly, Defendants' policies grant unto the People ***less*** parental rights than the ***minimum*** constitutional guarantee.

(41) <u>'Best Interests' *vs.* Constitution</u>: In making custodial determinations, state courts rely exclusively on the "best interest" of the child standard; *however*, a child's constitutional "right to be parented" is paramount to a child's "best interests." Why? — because, of course, the Constitution is the *Supreme Law of the Land*. Where courts make custody determinations based only on "best interest" standards, *with no regard for constitutional standards*, it robs the People of minimum constitutional guarantees.

(42) <u>'Best Interest' Resides with 'Fit' Parents</u>: Note also, as a threshold matter, state courts lack subject-matter jurisdiction to decide a child's "best interests." Where two parents are "fit," states lack authority to meddle in private family relationships. As a matter of law, "the custody, care and nurture of the child reside first in the parents," [<u>*Prince vs. Mass.*</u>, 321 U.S. 158, 166 (1944)]. Unless there are findings of unfitness, states may not enter "the private realm of family life," [*id*.].

(43) <u>Humanitarian Crisis</u>: Prison inmates have greater access to their kids than do Plaintiffs. But there's a *basic human need* to bring up one's children; it's a basic necessity, like food or water; and yet, judges statewide daily deprive the People of this basic human necessity. It's a humanitarian crisis.

### III.   Class Allegations.

(44)   <u>Similarly Situated</u>:  Plaintiffs bring this action under FRCP, Rule 23, on behalf of themselves and all others "similarly situated," *i.e.*, all "fit" parents subject to physical custody orders that grant no "actual parenting time" with their children — *despite the fact that they've never been found 'unfit'* — *i.e.*, no findings of actual harm to a minor child, *i.e.*, no findings of (i) child abuse, (ii) child neglect, (iii) abandonment, or (iv) endangerment.

(45)   <u>Common Questions</u>:  Common questions of law and fact affect all class members and predominate over questions that may involve individuals, *e.g.*,

*Question of Fact*:  Is the parent subject to a physical custody order that grants no "actual parenting time?" — *if so*,

*Question of Fact*:  Has the parent ever been found "unfit?" — *if not*, then this parent qualifies as a Class Member.

*Question of Law*:  Which legal standard is paramount?  (A) the child's "best interests?" or, (B) the child's constitutional "right to be parented?"

(46)   <u>Numerosity</u>:  The number of prospective class members is sufficiently large for class treatment.  To bring all individual members before the court would be impractical.  Plaintiffs estimate that, on each day the courts are open for business, approximately 100 California children lose a parent; (exact numbers are unknown, but Plaintiffs hope to learn the true and correct numbers through discovery.)

(47)   <u>Community of Interest</u>:  There are no affirmative defenses that Defendants may assert against some, but not all.  Class action treatment does not impair Defendants' ability to defend class claims.

(48)   <u>Superiority Requirement</u>:  Class action treatment is the superior and most economical method of adjudicating this controversy — on behalf of all parents similarly situated.

1    (49)   <u>Typicality Requirement</u>:  Plaintiffs' legal claims include all claims that

2    any given parent might reasonably assert under like circumstances.

3    (50)   <u>Finite & Ascertainable Class</u>:  Plaintiffs submit the following definition

4    for Class Members—

5         "All fit parents subject to physical custody orders—*issued in the last*

6         *two years*—that grant no 'actual parenting time'—*i.e.*, no actual

7         ability (a) to exercise ***care, custody, and control*** of their children,

8         or, (b) to exercise ***private familial speech*** with their children—

9         *despite the fact that they've never been found 'unfit'*—*i.e.*, no findings

10        of (i) child abuse, (ii) child neglect, (iii) abandonment, or (iv)

11        endangerment."

12   (51)   <u>Fair & Adequate Representation</u>:  Plaintiffs' counsel will zealously

13   prosecute this action on behalf of all Plaintiffs and putative class members.

14   (52)   <u>Substantial Benefits</u>:  Class action certification brings substantial

15   benefits to many parents and children.  Plaintiffs are thus entitled to

16   attorney's fees under Rule 23(h) and 42 U.S.C. § 1988.

17

18                        *      *      *

19

20

21

22

23

24

25

26

27

28

CAUSE *of* ACTION No. 1

(53)   Monell Claim—(42 U.S.C. § 1983):  Plaintiffs' Cause-of-Action No. 1 seeks damages and injunction, as per 42 U.S.C. § 1983.  Plaintiffs bring a *Monell* claim, challenging Defendants' judicial "policies," which result in statewide deprivations of federally protected civil rights, [*see* *Monell v. Dept. of Soc. Svcs.*, 436 U.S. 658 (1978)].

(54)   State Actors:  Defendants are "state actors."  Defendants are "persons" subject to suit under Section 1983.  Defendants are responsible for the unconstitutional judicial "policies" now deployed in California courts.

(55)   Plaintiffs are 'Fit' Parents:  Plaintiffs are "fit" parents.  They have never been found "unfit" — *i.e.*, no findings of (i) child abuse, (ii) child neglect, (iii) abandonment, or (iv) endangerment.

(56)   Color of Law:  JUDICIAL COUNCIL creates California judicial policy.  Acting under *colorable authority*, Defendants' policies fail to train its judges, *first*, that parenting is a fundamental right, and, *second*, that courts may not issue physical custody orders that grant no "actual parenting time," absent findings of "unfitness."  These unconstitutional polices, ubiquitous statewide, work a harsh result for Plaintiffs — by constructively terminating (a) their right to "bring up children," and (b) their right to "familial association."

(57)   Policy No. 1—Parenting is a Fundamental Right:  Defendants maintain a policy of *not* training judges that parenting is a fundamental right, [*see* *Meyer vs. Nebraska*, 262 U.S. 390 (1923)], and this has tragic and deleterious consequences; it results in continuous and ongoing violations of federally protected civil rights, which are so prevalent, so commonplace, and so regularized, as to become *de facto* judicial policy statewide.

(58)   Policy No. 2—Fit Parents Entitled to 'Actual Parenting Time':  Defendants also fail to train judges that "fit" parents are entitled to "actual parenting time" and that the Constitution forbids physical custody orders

that grant no "actual parenting time" — *unless a parent is found 'unfit'* — based on clear and convincing evidence of actual harm to a minor child, *i.e.*, (i) child abuse, (ii) child neglect, (iii) abandonment, or (iv) endangerment.

(59)  <u>Causation</u>:  Defendants' inadequate judicial training policies are a proximate cause of the constitutional harms that Plaintiffs suffer.

(60)  <u>No 11th Amendment Immunity</u>:  Plaintiffs are informed and believe that JUDICIAL COUNCIL is financially self-sufficient; that it generates its own revenues; that it pays its own debts; that it has a *Dun & Bradstreet* number; and, that the State is *not* obligated to pay JUDICIAL COUNCIL debts; *therefore*, the Eleventh Amendment core concern is not implicated.

(61)  <u>Injunctive Relief</u>:  Plaintiffs seek a court order that requires JUDICIAL COUNCIL to train judicial officers, *first*, that parenting is a fundamental right, and, *second*, that courts may not issue physical custody orders that grant no "actual parenting time" — absent findings of "unfitness."

(62)  <u>Money Damages</u>:  Defendants' judicial policies cause Plaintiffs and their children to sustain massive headache and heartache injuries.  Plaintiffs seek money damages, for each day they and their children were subjected to court orders that grant no "actual parenting time."  Defendants' policies were a *substantial factor* in causing the harm.  Plaintiffs seek presumed general damages, as well as special damages, in sums T.B.D. at trial.

(63)  <u>Plaintiffs Entitled to Prevail</u>:  Plaintiffs are entitled to prevail because statewide judicial policies grant unto the People ***less*** parental rights than the ***minimum*** constitutional guarantee.

(64)  <u>Attorney's Fees</u>:  Plaintiffs request an attorney's fees award under Rule 23(h) and 42 U.S.C. § 1988.

\*     \*     \*

<u>PRAYER *for* RELIEF</u>

(65)   WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows—

    (a)    that the Court certify a Plaintiff Class;

    (b)    that Plaintiffs be adjudged the prevailing parties;

    (c)    for an award of judgment on Plaintiffs' cause of action;

    (d)    for presumed general damages, and special damages, in sums T.B.D. in accordance with proof at trial;

    (e)    for an order requiring the JUDICIAL COUNCIL to train its judicial officers, *first*, that parenting is a fundamental right, and, *second*, that courts may not issue physical custody orders that grant no "actual parenting time," absent findings of "unfitness";

    (f)    for costs and expenses incurred in this prosecuting this action;

    (g)    for such other and further relief as the court may deems just and proper.

Dated: **Oct. 10, 2023**    *Respectfully Submitted,*

*T. Matthew Phillips*
_____
T. Matthew Phillips, Esq.
Calif. State Bar No. 165833
Telephone: (323) 314-6996
TMatthewPhillips@aol.com
*Plaintiffs' Counsel*

\*    \*    \*

*First Amended Class Action Complaint for Damages and Injunction*, p. 13 of 14

1

<u>VERIFICATION *of* JASON D'SOUZA</u>

2    My name is JASON D'SOUZA.  I am a Plaintiff herein.  All facts alleged

3  are true and correct of my own personal knowledge; as to those matters

4  alleged on information and belief, I reasonably believe them true.  If called

5  to testify, I could and would give competent and truthful evidence.

6    1.    I am subject to a physical custody order, issued in the last two

7  years, that grants me no "actual parenting time" with my minor child.

8    2.    I have never been found "unfit."  I never committed (i) child

9  abuse, (ii) child neglect, (iii) abandonment, or (iv) endangerment.  As a "fit"

10  parent, I decide my child's best interests, not the state.

11    3.    I believe my child's constitutional "right to be parented" is more

12  important than my child's "best interests," as defined by state court judges.

13  I ask the federal government, *respectfully*, to grant me the minimum parental

14  rights that the Constitution guarantees in California state courts.

15    ***I declare under penalty of perjury, pursuant to the laws of the***

16  ***United States, the foregoing is both true and correct.***

17  Dated:  **Oct. 10, 2023**         Respectfully Submitted,

18

19

20

21  *Jason D'Souza*

JASON D'SOUZA,

22  *Plaintiff*

23

24          *    *    *

25

26

27

28

# Notice of Appeal

(04/17/24)

T. MATTHEW PHILLIPS, ESQ.
Calif. State Bar No. 165833
4894 W. Lone Mountain Rd., No. 132
Las Vegas, Nevada 89130
Tel: (323) 314-6996
TMatthewPhillips@aol.com
*Plaintiffs' Counsel*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT *of* CALIFORNIA

|  |  |
|---|---|
| 1. **JASON D'SOUZA** | Case No.: 2:23-cv-08230-SVW-E |
| 2. **KRISTINA EISENACHER** | PLAINTIFFS' |
| 3. **ROB EMERT** | NOTICE *of* APPEAL. |
| 4. **JENNIFER GARNICA** | |
| 5. **KRISTEN JOSEPH** | |
| 6. **RHONDA REYNA** | |
| 7. **PATRICIA BOONE** | |
| 8. **MARK FIDELMAN** | |
| 9. **DAVID KING** | |
| 10. **ALISA ROTHMAN** | |
| *Plaintiffs* | |
| vs. | *Hon. Judge Stephen V. Wilson* |
| **HON. PATRICIA GUERRERO** *In Her Honor's Official Capacity as Council Chair for the Judicial Council of California* | |
| *Defendants* | |

*Notice of Appeal*, p. 1

000113

NOTICE *of* APPEAL

PLEASE TAKE NOTICE:  Plaintiff, T. MATTHEW PHILLIPS, appeals to the *United States Court of Appeals for the Ninth Circuit*—from the minute order of the U.S. District Court, Central District, Hon. Judge Stephen V. Wilson, entered on **Mar. 20, 2024**, [ECF No. 25; (dated **Mar. 18, 2024**)].

Dated:  **Apr. 17, 2024**                    Respectfully Submitted,


_T. Matthew Phillips_

T. Matthew Phillips, Esq.
Calif. State Bar No. 165833
Email:  TMatthewPhillips@aol.com
Tel:  (323) 314-6996
*Plaintiff's Counsel.*


*            *            *

**CERTIFICATE-OF-SERVICE**

1

2     I am an individual over the age of eighteen and not a

3  party to the within action. My business address is 4894 W.

4  Lone Mtn. Rd., No. 132, Las Vegas, Nev. 89130. My phone

5  number is (323) 314-6996.

6     On **Apr. 17, 2024**, I served the following:

7    **Notice of Appeal;**

8  on an interested party in the above-entitled action by

9  __X__ via e-mail transmission, (U.S. e-filing system)

10  _____ personal service on the person below listed,

11  _____ depositing it in the U.S. Mail, postage prepaid,

12     and addressed to the person below listed,

13

14        **MATTHEW L. GREEN, Bar No. 227904**
          **BEST BEST & KRIEGER LLP**
15        **655 West Broadway, 15th Floor**
          **San Diego, California 92101**
16        **Telephone: (619) 525-1300**
          **Facsimile: (619) 233-6118**
17        **matthew.green@bbklaw.com**

18

19

20     I declare under penalty of perjury under United States

21  law, the foregoing is true and correct.

22  Dated: **Apr. 17, 2024**

23

24

25            /s/ T. M*atthew* P*hillips*    .
             Declarant

26

27

28

# Lower Court Docket Sheet

ACCO,(Ex),APPEAL,CLOSED,DISCOVERY,MANADR

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Western Division – Los Angeles)
### CIVIL DOCKET FOR CASE #: 2:23-cv-08230-SVW-E

| | |
|---|---|
| Jason DSouza et al v. Hon. Patricia Guerrero | Date Filed: 09/29/2023 |
| Assigned to: Judge Stephen V. Wilson | Date Terminated: 05/21/2024 |
| Referred to: Magistrate Judge Charles F. Eick | Jury Demand: Plaintiff |
| Case in other court: 9th CCA, 24-02537 | Nature of Suit: 440 Civil Rights: Other |
| Cause: 42:1983 Civil Rights Act | Jurisdiction: Federal Question |

**Plaintiff**

**Jason DSouza**                  represented by **T Matthew Phillips**
T Matthew Phillips Law Offices
4894 West Lone Mountain Road No 132
Las Vegas, NV 89130
323-314-6996
Email: tmatthewphillips@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kristina Eisenacher**           represented by **T Matthew Phillips**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rob Emert**                     represented by **T Matthew Phillips**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jennifer Garnica**              represented by **T Matthew Phillips**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kristen Joseph**                    represented by **T Matthew Phillips**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rhonda Reyna**                    represented by **T Matthew Phillips**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Patricia Boone**                    represented by **T Matthew Phillips**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mark Fidelman**                    represented by **T Matthew Phillips**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**David King**                    represented by **T Matthew Phillips**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Alisa Rothman**                    represented by **T Matthew Phillips**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

7/15/24, 3:43 PM                                         CM/ECF - California Central District

V.

**Defendant**

**Hon. Patricia Guerrero**                                        represented by   **Matthew Lawrence Green**
*in her Honor's Official Capacity as Council Chair for the*                          Best Best and Krieger LLP
*Judicial Council of California*                                                    655 West Broadway 15th Floor
                                                                                   San Diego, CA 92101
                                                                                   619-525-1300
                                                                                   Fax: 619-233-6118
                                                                                   Email: Matthew.Green@bbklaw.com
                                                                                   *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/29/2023 | 1 | COMPLAINT Receipt No: ACACDC-36139933 - Fee: $402, filed by PLAINTIFF JASON D'SOUZA. (Attorney T Matthew Phillips added to party JASON D'SOUZA(pty:bkmov))(Phillips, T) (Entered: 09/29/2023) |
| 10/03/2023 | 2 | NOTICE OF ASSIGNMENT to District Judge Stephen V. Wilson and Magistrate Judge Charles F. Eick. (lh) (Entered: 10/03/2023) |
| 10/03/2023 | 3 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (lh) (Entered: 10/03/2023) |
| 10/03/2023 | 4 | Notice to Counsel Re Consent to Proceed Before a United States Magistrate Judge. (lh) (Entered: 10/03/2023) |
| 10/03/2023 | 5 | NOTICE OF DEFICIENCIES in Attorney Case Opening. The following error(s) was found: The Civil Cover Sheet (CV-71)is missing or incomplete. All civil actions presented for filing must be accompanied by a completed Civil Cover Sheet. See Local Rule 3-1. Counsel must file a completed Civil Cover Sheet immediately. Failure to do so may be addressed by judicial action, including sanctions. See Local Rule 83-7. No Notice of Interested Parties has been filed. A Notice of Interested Parties must be filed with every partys first appearance. See Local Rule 7.1-1. Counsel must file a Notice of Interested Parties immediately. Failure to do so may be addressed by judicial action, including sanctions. See Local Rule 83-7. (lh) (Entered: 10/03/2023) |
| 10/04/2023 | 6 | CIVIL COVER SHEET filed by Plaintiff Jason DSouza. (Phillips, T) (Entered: 10/04/2023) |
| 10/04/2023 | 7 | *PLAINTIFFS'* Certification and Notice of Interested Parties of Interested Parties filed by PLAINTIFF Jason DSouza, (Phillips, T) (Entered: 10/04/2023) |
| 10/10/2023 | 8 | FIRST AMENDED COMPLAINT against Defendant Jason DSouza amending Complaint (Attorney Civil Case Opening) 1 , filed by PLAINTIFF Jason DSouza(Phillips, T) (Entered: 10/10/2023) |
| 10/10/2023 | 9 | NEW CASE ORDER upon filing of the complaint by Judge Stephen V. Wilson. (pc) (Entered: 10/10/2023) |
| 10/12/2023 | 10 | NOTICE OF LODGING filed *by Plaintiffs* re Notice to Counsel Re: Consent to Proceed before a US Magistrate Judge - |

CM/ECF - California Central District

| | | optional html form 4 (Attachments: # 1 Consent to Magistrate)(Phillips, T) (Entered: 10/12/2023) |
|---|---|---|
| 10/12/2023 | 11 | Request for Clerk to Issue Summons on Initial Order upon Filing of Complaint - form only 9 filed by PLAINTIFF Jason DSouza. (Phillips, T) (Entered: 10/12/2023) |
| 10/13/2023 | 12 | NOTICE OF DEFICIENCIES in Request to Issue Summons RE: Summons Request 11 . The following error(s) was found: The date and signature line must be left blank. Please also include the wording "AS TO FIRST AMENDED COMPLAINT" after "SUMMONS IN A CIVIL ACTION.". The summons cannot be issued until this defect has been corrected. Please correct the defect and re-file your request. (aco) (Entered: 10/13/2023) |
| 10/16/2023 | 13 | Request for Clerk to Issue Summons on Notice of Deficiency in Request to Issue Summons, 12 filed by PLAINTIFF Jason DSouza. (Phillips, T) (Entered: 10/16/2023) |
| 10/17/2023 | 14 | 21 DAY Summons Issued re Amended Complaint/Petition 8 as to Defendant Patricia Guerrero. (aco) (Entered: 10/17/2023) |
| 11/30/2023 | 15 | WAIVER OF SERVICE Returned Executed filed by PLAINTIFFS Jason DSouza. upon All Plaintiffs. Waiver of Service signed by Matthew L. Green, Esq.. (Phillips, T) (Entered: 11/30/2023) |
| 01/16/2024 | 16 | NOTICE OF MOTION AND MOTION to Dismiss First Amended Complaint , NOTICE OF MOTION AND MOTION to Dismiss for Lack of Jurisdiction filed by Defendant Patricia Guerrero. Motion set for hearing on 2/26/2024 at 01:30 PM before Judge Stephen V. Wilson. (Attachments: # 1 Memorandum) (Attorney Matthew Lawrence Green added to party Patricia Guerrero(pty:dft)) (Green, Matthew) (Entered: 01/16/2024) |
| 01/30/2024 | 17 | OPPOSITION in opposition to re: NOTICE OF MOTION AND MOTION to Dismiss First Amended Complaint NOTICE OF MOTION AND MOTION to Dismiss for Lack of Jurisdiction 16 OPPOSITION filed by Plaintiff Jason DSouza. (Phillips, T) (Entered: 01/30/2024) |
| 01/30/2024 | 18 | REQUEST FOR JUDICIAL NOTICE re NOTICE OF MOTION AND MOTION to Dismiss First Amended Complaint NOTICE OF MOTION AND MOTION to Dismiss for Lack of Jurisdiction 16 Request for Judicial Notice filed by Plaintiff Jason DSouza. (Phillips, T) (Entered: 01/30/2024) |
| 02/12/2024 | 19 | REPLY Reply in Support of Motion NOTICE OF MOTION AND MOTION to Dismiss First Amended Complaint NOTICE OF MOTION AND MOTION to Dismiss for Lack of Jurisdiction 16 filed by Defendant Patricia Guerrero. (Green, Matthew) (Entered: 02/12/2024) |
| 02/12/2024 | 20 | First REQUEST for Leave of T. Matthew Phillips to Appear for Remote Appearance (Zoom) filed by Plaintiff Jason DSouza. Request set for hearing on 2/26/2024 at 01:30 PM before Judge Stephen V. Wilson. (Phillips, T) (Entered: 02/12/2024) |
| 02/15/2024 | 21 | IN CHAMBERS ORDER/TEXT ONLY ENTRY by Judge Stephen V. Wilson re: First REQUEST for Leave of T. Matthew Phillips to Appear for Remote Appearance (Zoom) filed by Plaintiff 20 - The request is GRANTED. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (pc) TEXT ONLY ENTRY (Entered: 02/15/2024) |
| 02/16/2024 | 22 | First REQUEST for Leave of Matthew L. Green to Appear for Remote Appearance (Zoom) filed by defendant Patricia Guerrero. Request set for hearing on 2/26/2024 at 01:30 PM before Judge Stephen V. Wilson. (Attachments: # 1 Declaration Declaration of Matthew Green in Support of Request for Remote Appearance) (Green, Matthew) (Entered: 02/16/2024) |

CM/ECF - California Central District

| 02/21/2024 | 23 | SCHEDULING NOTICE-IN CHAMBERS ORDER/TEXT ONLY ENTRY by Judge Stephen V. Wilson re: MOTION to Dismiss First Amended Complaint/MOTION to Dismiss for Lack of Jurisdiction filed by Defendant 16 ; and REQUEST for Leave of Matthew L. Green to Appear for Remote Appearance (Zoom) filed by defendant 22 - The request for remote appearance is GRANTED. The hearing on the motion previously scheduled for 02/26/2024 at 1:30 p.m. is continued to 03/18/2024 at 1:30 p.m. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (pc) TEXT ONLY ENTRY (Entered: 02/21/2024) |
| 03/06/2024 | 24 | REQUEST FOR JUDICIAL NOTICE re NOTICE OF MOTION AND MOTION to Dismiss First Amended Complaint NOTICE OF MOTION AND MOTION to Dismiss for Lack of Jurisdiction 16 filed by Plaintiff Jason DSouza. (Attachments: # 1 Exhibit Elkins Report)(Phillips, T) (Entered: 03/06/2024) |
| 03/18/2024 | 25 | MINUTES OF MOTION to Dismiss First Amended Complaint/MOTION to Dismiss for Lack of Jurisdiction filed by Defendant 16 Hearing held before Judge Stephen V. Wilson. The motion is granted.; granting 16 MOTION to Dismiss First Amended Complaint; granting 16 MOTION to Dismiss for Lack of Jurisdiction. Court Reporter: April Lassiter-Benson. (aco) (Entered: 03/20/2024) |
| 03/26/2024 | 26 | NOTICE OF LODGING filed re Order on Motion to Dismiss,, Order on Motion to Dismiss/Lack of Jurisdiction,, Motion Hearing, 25 (Green, Matthew) (Entered: 03/26/2024) |
| 04/17/2024 | 27 | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by Plaintiffs Jason DSouza. Appeal of Order on Motion to Dismiss,, Order on Motion to Dismiss/Lack of Jurisdiction,, Motion Hearing, 25 . (Appeal Fee - Pending Certificate of Appealability.) (Phillips, T) (Entered: 04/17/2024) |
| 04/18/2024 | 28 | FILING FEE LETTER issued as to Plaintiff Jason DSouza, re Notice of Appeal to 9th Circuit Court of Appeals, 27 . (mat) (Entered: 04/18/2024) |
| 04/22/2024 | 29 | NOTIFICATION from Ninth Circuit Court of Appeals of case number assigned and briefing schedule. Appeal Docket No. 24-2537 assigned to Notice of Appeal to 9th Circuit Court of Appeals, 27 as to plaintiffs Patricia Boone, Jason DSouza, Kristina Eisenacher, Rob Emert, Mark Fidelman, Jennifer Garnica, Kristen Joseph, David King, Rhonda Reyna, Alisa Rothman. (mat) (Entered: 04/23/2024) |
| 05/21/2024 | 30 | MINUTES IN CHAMBERS ORDER DISMISSING ACTION by Judge Stephen V. Wilson. The Court move this case to the inactive calendar, pending the appeal. The parties shall notify the Court, in writing, when the case should be returned to the active calendar. (Case Terminated. Made JS-6.) (aco) (Entered: 05/21/2024) |
| 05/22/2024 | | FILING FEE PAID for Notice of Appeal to Ninth Circuit Court of Appeals. Receipt No. ACACDC-37515805 for $605 filing fee. (Phillips, T) (Entered: 05/22/2024) |

| PACER Service Center |
|---|
| Transaction Receipt |
| 07/15/2024 15:43:37 |

Case: 24-2537, 07/07/2024, DktEntry: 15.1, Page 122 of 122

7/15/24, 3:43 PM

CM/ECF - California Central District

| PACER Login: | TMP76543 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 2:23-cv-08230-SVW-E End date: 7/15/2024 |
| Billable Pages: | 5 | Cost: | 0.50 |